FILED

2003 NOV 14 P 12:04

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN CESLIK, | : | Civil Action No. |
| | : | 3:03 CV 0450(DJS) |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| BARBERINO BROTHERS, INCORPORATED | : | |
| | : | |
| Defendants | : | November 13, 2003 |

## MOTION TO PRECLUDE

Pursuant to Local Fed. R. Civ. Pro. 37(b)(2), the defendant, Barberino Brothers, hereby moves for an Order precluding plaintiff from introducing any expert testimony and reports on the grounds that plaintiff has failed to comply with this Court's scheduling order of 7/24/03 (Annexed hereto as Exhibit "A"), as amended by motion and order endorsed on October 2, 2003 (Annexed hereto as Exhibit "B"). This matter is currently scheduled for a settlement conference on December 11, 2003. It is scheduled to be ready for trial by March 1, 2004.

## FACTS

Steven M. Ceslik commenced this action by filing a complaint at the United States District Court, District of Connecticut on March 11, 2003. He alleges that Barberino Brothers violated the

Federal Age Discrimination in Employment Act of 1967 (29 U.S.C. §61 et sec.), based on their failure to hire him on or about April 13, 2001.

As indicated therein, the scheduling order required plaintiff to serve an expert witness report by September 15, 2003. On September 13, 2003 plaintiff moved for a 45 day extension to file an expert witness report. The court granted plaintiff's motion and ordered production by November 1, 2003.

> Local Fed. R. Civ. Pro. 37(b)(2) provides in relevant part:
>
> ...or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (b) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

Plaintiff has failed to provide expert disclosure. Accordingly, defendant hereby moves to preclude plaintiff from introducing the testimony and opinions of its experts.

Respectfully submitted,

THE DEFENDANTS
BARBERINO BROTHERS, INCORPORATED

By: _____
Anthony B. Corleto, Esq.   (CT 13520)
CORLETO & ASSOCIATES, P.C.
107 Mill Plain Road, Suite 200
Danbury, CT 06811
(203) 790-7540
Juris No. 412229

CERTIFICATION

It is hereby certified that a copy of the foregoing **MOTION TO PRECLUDE** was mailed postage pre-paid, to all counsel of record, pro se parties of record and non appearing parties on November 13, 2003 as follows:

> Leonard A. McDermott, Esq.
> Employee Advocates, LLC
> 35 Porter Avenue, 2B
> PO Box 205
> Naugatuck, CT 06770

_____
Anthony B. Corleto

T:\Lex0114CT\Suit\pld.9.wpd

Case 3:03-cv-00450-MRK    Document 21    Filed 11/14/2003    Page 5 of 15

EXHIBIT A

RECEIVED JUL 2 - 2003

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN CESLIK
  Plaintiff                          :

v.                                   : CIVIL NO.: 3:03cv450(DJS)

BARBERINO BROTHERS, INC.             :
  Defendant

## ORDER

The proposed case management plan dated <u>June 19, 2003</u> is hereby approved and will control the pretrial proceedings in this case until further order of the Court **with the following exceptions**: Discovery, including all discovery relating to expert witnesses will be completed by <u>**December 15, 2003**</u>. Reports from plaintiff's experts will be due by <u>**September 15, 2003**</u>. Depositions of the plaintiff's experts shall be completed by <u>**October 14, 2003.**</u> Reports from defendant's experts shall be completed by <u>**November 14, 2003**</u>. Depositions of defendant's experts shall be completed by <u>**December 15, 2003.**</u> Dispositive motions, if any, will be filed by <u>**January 14, 2004.**</u>

**Motions to Compel <u>must</u> be filed within twenty (20) days of either: (1) the failure of an opposing party to provide information on a timely basis pursuant to the time provided for in the rules or by order of this Court; or (2) the movant's receipt of an opposing party's unsatisfactory response to requests for discovery, e.g., responses indicating objections that the movant contends are unjustified. Motions to Compel filed after such deadlines shall be denied for failure to comply with the case management plan.**

A joint trial memorandum, per the attached order, shall be filed by <u>**February 16, 2004**</u>. This case shall be trial ready <u>**March, 2004**</u>. If the parties cannot agree to the filing of the joint trial memorandum, each party shall file their trial memorandum separately. If a dispositive motion is filed, the memorandum shall be filed within 30 days of any decision of the court on such dispositive motion. The filing of dispositive motions shall not stay discovery.

The parties shall contact chambers the week beginning <u>**September 15, 2003**</u> to schedule a status conference. All discovery shall proceed notwithstanding the conference. If the parties feel a settlement conference would be realistic instead of a status conference, please indicate this.

The parties are hereby notified that failure to comply with this Order shall be grounds for either an immediate dismissal with prejudice or an entry of a default and/or sanctions.

IT IS SO ORDERED this _24th_ day of _July_, 2003.

_____
Dominic J. Squatrito, United States District Judge

n/mischel.26order.-04.18.00

AO 72A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

<u>JOINT TRIAL MEMORANDUM ORDER
OF DOMINIC J. SQUATRITO, U.S.D.J.</u>

The parties shall jointly submit <u>in duplicate</u> and in one continuous document to be signed by all counsel a proposed form of final trial memorandum (in compliance with Local Rule 6 of Civil Procedures and the Standing Order Regarding Trial Memoranda in Civil Cases incorporated in the Local Rules of Civil Procedure and modified hereby). This form shall be submitted for the Court's approval by no later than 30 days after any decision of the Court on dispositive motions that leaves open for trial any issue of material fact, or in the event no such motions have been filed, 30 days after the deadline for completion of all discovery or, by a date ordered by the Court. The time limits established by this Order supplant those set forth in Fed.R. Civ.P. 26(a)(2) and 26(a)(3). The memorandum shall contain the following information.

(1) <u>TRIAL COUNSEL</u>: Counsel shall list the names, addresses and telephone numbers of the attorneys who will try the case. Trial counsel must attend the calendar call or status conference, unless excused by the Court.

(2) <u>JURISDICTION</u>: Counsel shall set forth the basis for federal jurisdiction.

(3) <u>JURY/NON-JURY</u>: Counsel shall state whether the case is to be tried to a jury or to the court.

(4) <u>LENGTH OF TRIAL</u>: Counsel shall set forth a realistic estimate of trial days required based on the length of testimony of each witness on both direct and cross examination. See Item 8, below. Counsel shall provide a schedule compiling the amount of time required for each witness.

(5) <u>FURTHER PROCEEDINGS</u>: Specify, with reasons, the necessity of any further proceedings prior to trial.

(6) <u>NATURE OF CASE</u>: Counsel for both parties shall separately state the nature of each cause of action and of the relief sought.

(7) <u>TRIAL BY MAGISTRATE JUDGE</u>: Counsel shall state definitively whether the parties have agreed to a trial by a Magistrate Judge and if so, indicate whether they have elected to have any appeal heard by the District Court or by the Court of Appeals. See 28 U.S.C. §636(c), Rule 1 of the Local Rules for United States Magistrate Judges (D. Conn.). In the event the parties consent, counsel shall complete and submit the attached form.

(8) <u>LIST OF WITNESSES</u>: Counsel shall set forth the names and addresses of each witness to be called at trial, including a brief summary of the specific testimony anticipated and the length of testimony in tenths of an hour on both direct and cross examination. Witnesses not included in this list--except those used for rebuttal or impeachment-- shall not be permitted to testify at trial, except for good cause shown.

(9) <u>EXHIBITS</u>: Counsel shall numerically list all exhibits--including a brief description of their contents--to be offered at trial on the case-in-chief. Exhibits not listed, except those used in rebuttal or for impeachment, will not be admissible at trial, except for good cause shown. All listed exhibits shall be deemed admissible unless there is an explicit objection to the exhibit. See Item 11, below. Copies of the actual exhibits shall be exchanged between the parties at the time of complying with this Order. Prior to trial, the parties shall mark all exhibits numerically with case number on exhibit tags to be provided by the Clerks's Office upon request. The original set of exhibits for the Deputy Clerk, complete copies of the exhibits (in binders) for Judge Squatrito, his law clerk, one for each juror and one for the witness stand shall be submitted to the Deputy Clerk one (1) day prior to trial.

(10) <u>TRIAL TO COURT/JURY</u>: In all cases, counsel shall confer in an effort to enter into a written stipulation of uncontroverted facts and into an agreed statement of the contested issues of fact and law.

(a) <u>Court</u>: Each party shall submit proposed findings of fact and conclusions of law, citing relevant authority where appropriate and affidavits of direct testimony.

(b) <u>Jury</u>: The stipulation of uncontroverted facts will be read to the jury, and no evidence shall be presented on the uncontested facts.

(1) <u>Proposed Voir Dire Questions</u>: Counsel shall attach a list of questions to be submitted to the jury panel.

(2) <u>Proposed Jury Instructions</u>: Counsel shall attach requests for jury instructions. The failure to submit jury instructions for any claim or remedy by the plaintiff or defense by the defendant shall be deemed a waiver of the claim or remedy. Counsel are <u>not</u> required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc.

(11) <u>ANTICIPATED EVIDENTIARY PROBLEMS</u>: No motion in limine shall be filed. Each party shall attach memoranda of fact and law concerning evidentiary problems that cannot be resolved by agreement of the parties after good faith effort. All such evidentiary problems identified in the joint trial memorandum shall be considered motions in limine. Any objections not disclosed in the joint trial memorandum shall be deemed waived unless excused by the Court for good cause shown. To the extent any evidentiary issues are raised in the joint trial memorandum, the proponent of the evidence shall have ten days from the filing of this joint trial memorandum in which to file a response to evidentiary issue(s) raised by the opposing party. No reply memorandum shall be filed absent leave of the Court.

_____          _____
Counsel for Plaintiff(s)                  Date Signed


_____          _____
Counsel for Defendant(s)                  Date Signed

h:\cv\ btdocket\trialmemorandum rev'd 3 28 02

AO 85 (Rev. 8/97) Notice, Consent, and Order of Reference – Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

———————————— District of ————————————

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | NOTICE, CONSENT, AND ORDER OF REFERENCE – EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE<br><br>Case Number: |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. 636(c), and Fed.R.Civ.P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Signatures | Party Represented | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that this case be referred to _____ United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c), Fed.R.Civ.P. 73 and the foregoing consent of the parties.

| | |
|---|---|
| _____<br>Date | _____<br>United States District Judge |

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN CESLIK<br>Plaintiff | : |
| v. | : CIVIL NO.: 3:03cv450(DJS) |
| BARBERINO BROTHERS, INC.<br>Defendant | : |

### ORDER OF REFERENCE TO
### A UNITED STATES MAGISTRATE JUDGE

In the interest of justice, the above identified case is hereby referred to Thomas P. Smith, United States Magistrate Judge for the purpose of a settlement conference only.

Apart from the referral for this limited purpose, all other aspects of this case, including scheduling and suspension of discovery, shall be the direct responsibility of the undersigned. This settlement conference shall not interfere with the filing of the joint trial memorandum.

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut this 24th day of July, 2003.

Dominic J. Squatrito
United States District Judge

AO 72A
(Rev. 8/82)

3:03-cv-00450

Anthony B. Corleto, Esq.                                        bag
Corleto & Associates
107 Mill Plain Rd.
Suite 200
Danbury, CT  06811-6100

------------------------------

------------------------------

**EXHIBIT B**

RECEIVED OCT 0 ~ 2003

16

*[Handwritten margin notes, partially legible:]* Granted, absent objection. Plaintiff's expert report due March 1, 2003; deposition of plaintiff's expert completed by December 1, 2003; deposition of defendants' expert shall be completed by January 1, 2004. So Ordered. /s/ [signature] October 2, 2003

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| STEPHEN CESLIK | : CIVIL ACTION NO. |
| | : 3:03CV450 MRK |
| Plaintiff | : |
| V. | : |
| BARBERINO BROTHERS, INC. | : SEPTEMBER 13, 2003 |
| Defendants | : |

---

FILED 2003 PM 03  2 4  US DISTRICT COURT NEW HAVEN, CONN.

## MOTION FOR EXTENSION OF TIME ON CONSENT

Plaintiff in the above-captioned case respectfully requests a 45-day extension to file its expert witness report. Plaintiff has contacted the proposed expert, but due to scheduling conflicts, a report has not yet been prepared. Plaintiff requests that the case management plan by modified as follows:

1. Plaintiff's expert report – Due November 1, 2003

2. Deposition of Plaintiff's expert – completed by December 1, 2003

3. Deposition of Defendants' expert – completed by January 1, 2003

Plaintiff has contacted Defendants' attorney and his associate for consent, and believes that consent is granted. Defendants' attorney has not called back to object to this request for an extension.

1

3:03-cv-00450

Anthony B. Corleto, Esq.                                    fsd
Corleto & Associates
107 Mill Plain Rd.
Suite 200
Danbury, CT  06811-6100

--------------------------------

--------------------------------