UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN CESLIK | : | CIVIL ACTION NO. |
| | | 3:03 CV 0450 (MRK) |
| Plaintiff, | : | |
| | | |
| v. | : | |
| | | |
| BARBERINO BROTHERS, INC. | : | NOVEMBER 25, 2003 |
| | | |
| Defendants | : | |

## OBJECTION TO MOTION TO PRECLUDE

Plaintiff objects to Defendants' Motion to Preclude Plaintiff's expert report dated November 13, 2003. Plaintiff has written to his treating physician who will testify on the issue of emotional distress. Plaintiff is waiting for a report which should have been received by now, and will submit this report as soon as it is available.

Plaintiff asks this Court not to preclude his expert report as a matter of equity and fairness.

## FACTS

Plaintiff commenced this action at the Commission for Human Rights and Opportunities on June 20, 2001. Plaintiff filed a Complaint with this Court on March 11, 2003. Plaintiff claims the Defendants, Barberino Brothers, Inc., discriminated against him by denying him an interview based on his age, in violation of the Age

1

Discrimination in Employment Act of 1967. (29 U.S.C. § 61 et sec.) Defendant has retained its present counsel throughout the administrative process.

Plaintiff asked this Court for an extension of time to file an expert witness report. Plaintiff was granted until November 1, 2003, to produce said report. Plaintiff has continually been treated by Jeffrey Klugman, M.D., for clinical depression.

Defendant is fully aware that Dr. Klugman is treating the Plaintiff and that he would submit a report in accordance with Fed. R. Civ. P. 26(a)(2). Dr. Klugman already submitted a preliminary report during the CHRO hearings. (See Ex. A) Dr. Klugman agreed to write the report and attend the deposition.

Plaintif has contacted Dr. Klugman to find out why he has not received the report to date. Dr. Klugman assured Plaintiff that he will send the report as soon as possible. Plaintiff will submit the report to Defendants as soon as it becomes available.

Plaintiff asks this Court, as a matter of equity and fairness, not to preclude his expert's report. Plaintiff's physician is the best qualified person to offer evidence on emotional distress damages. The Defendants will not be prejudiced by this delay. However, it is becoming clear that both parties will require more time to complete the necessary discovery. Plaintiff respectfully requests this Court not to preclude Plaintiff's expert testimony, but to allow Plaintiff to file a motion to submit his

expert's report as soon as it becomes available. To do otherwise will greatly diminish Plaintiff's ability to recover equitable damages in this matter.

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendants' Motion to Preclude.

THE PLAINTIFF

STEPHEN CESLIK

BY *[signature]*
Leonard A. McDermott (ct 21996)
His Attorney
Employee Advocates, LLC
35 Porter Ave., 2B
P.O. Box 205
Naugatuck, CT 06770
(203) 723-9610

## CERTIFICATION OF SERVICE

This is to certify that the foregoing Plaintiff's Objection to Motion to Preclude was sent this Tuesday, November 25, 2003, via first class mail, postage prepaid, to:

Anthony B. Corleto
Corleto & Associate, P.C.
107 Mill Plain Rd., Suite 200
Danbury, CT 06811-6100

_Leonard A. McDermott_
Leonard A. McDermott

**EXHIBIT A**

**Atlantic Health Services, P.C.**
INTEGRATED BEHAVIORAL CARE — Jeffry Klugman, M.D.
400 Prospect Street • New Haven, CT 06511
(203) 776-6100 • Fax: (203) 773-8198
Voice Mail: (203) 281-1800 x202

September 10, 2002

Re:   Stephen Ceslik

    I evaluated Stephen Ceslik on 6/1/00 when he presented with a chief complaint of anxiety. Symptoms of anxiety had developed along with depression subsequent to his accurately reporting an inappropriate sexual incident at work at Napoli Motors, but then being arrested on the charge that his report was false. I diagnosed him with major depression and prescribed an antidepressant and a tranquilizer. He was fired from his job at Napoli Motors in August 2000, presumably because of his reporting the incident, creating further stress. I did not see him over the winter of 2000-2001, he said later because he felt too depressed and unmotivated to even pursue treatment. He resumed treatment 3/10/01, going back on an antidepressant.

    In April 2001 he applied for a sales job at Barbarino Brothers, which he did not get because of alleged age discrimination, although he believes that it is also possible that people at Napoli "blackballed" him at other car dealerships. He has not been able to find similar work since that time and remains unemployed.

    I have continued to see him at approximately monthly intervals over this period. He has taken several antidepressants in a variety of doses and combinations. He remains ill, however, with mild to moderate symptoms of clinical depression. His depression, in turn, interferes with his ability to seek and obtain other employment.

    It is my belief to a reasonable degree of medical certainty that the ongoing stress of his unemployement, along with the stress of pursuing his discrimination complaint, have significantly interfered with his ability to recover from depression, lengthening and deepening the course of his illness.

*[signature]*