UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

STEPHEN CESLIK,
        -Plaintiff

    -v-                                  No: 3:03 CV 450 (MRK)

BARBARINO BROTHERS,
        -Defendant

### MEMORANDUM AND ORDER

Counsel for the defendant has written a letter to the undersigned requesting an adjournment of the settlement conference now scheduled for December 11, 2003, and a conversion of that session into a "pre-motion conference, based on plaintiff's failure to respond to discovery requests." (See Letter from Corleto to Smith of December 3, 2003) Putting aside the irregular mechanism defendant has selected for communicating with the court,[1]

---

[1] See Smith & Rose, Getting in the Last Word: The Impropriety of "Letter Briefs" in State and Federal Courts, 68 Conn. B.J. 294 (1993). Defendant's letter also appears to be a combination "letter brief" and "letter motion." It is dated December 3, 2003, and was received by the court yesterday or today. Because it was not filed with the Clerk of the Court, it is not date stamped and, thus, there is no ready way for the court to know when it was received. There is no certification when, or even whether, it was sent to plaintiff's counsel. It is also unclear whether defendant expects the court to rule on this without allowing plaintiff the opportunity to respond, or whether defendant wants the court to formulate a special truncated briefing schedule. If this were a properly filed motion, the Local Rules would allow plaintiff 21 days to file opposing papers.

defendant's letter raises a few issues that require comment.

First, the court notes that the procedurally correct way to redress discovery recalcitrance is not a letter to the court, but a motion to compel under Rule 37 of the Federal Rules of Civil Procedure.  While counsel may believe that a letter is an efficient, "time-saving" device for avoiding the necessity of having to file a motion, normally it is not.  Most often, time is actually *wasted* when counsel and judges, in an attempt to "save time," decide to concoct ad hoc civil procedure in the hopes of "cutting to the chase" and "streamlining" the flow of litigation.

> The Federal Rules of Civil Procedure are designed to enable a relatively small judiciary to deal in an orderly way with a virtually limitless number of disputes.  Even when parties sedulously comply with the rules of procedure, courts must struggle to keep abreast of their ever-growing dockets.  By fashioning their own ad hoc procedure parties do themselves and the court a disservice.  In the context of discovery, for example, it is far easier and quicker to make a formal document request pursuant to Rule 34 than it is to construct and articulate an argument why an informal letter should be treated as a Rule 34 request so as to enable it to be enforced under Rule 37.  When parties fashion their own procedure, they unwittingly remove their cases from the orderly flow of the litigative stream and, when a dispute later arises, almost invariably consume more than their fair share of judicial time.

68 Conn. B.J. at 299.

How, for example, can courts award attorney's fees and costs to a party that has chosen to proceed by way of a "letter motion" rather a motion under Rule 37?  How does a court award drastic

sanctions under Rule 37(b) when, because there has never been a Rule 37 motion, there is no underlying Rule 37(a) order? If informal discovery responses are made to informal discovery requests, what form shall they take and, if they are informal, how can they be used to support, or oppose, a later motion for summary judgment? Clearly, it is much easier and more efficient for a party to follow established procedure than it is for counsel and the court to struggle constructing post hoc explanations for procedurally shaky decisions, backfilling unnecessary gaps in the record and hoping that the unfillable holes go unnoticed.

Of course, the situation is somewhat different because here counsel requests a "pre-motion conference," presumably to work out the problems and avoid the burden of filing a Rule 37 motion. This would afford the court an opportunity to wade into the discovery morass at an earlier stage and negotiate the issues on an item-by-item basis, recasting interrogatories here and reformulating document requests there. In theory, this sounds good. But in reality, it is not workable. That is why the judges of this court decided long ago that, before a discovery motion is filed, counsel must have "conferred with opposing counsel and discussed the discovery issues between them in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution." Rule 37(a)2, Local Rules of Civil

3

Procedure for the District of Connecticut ("Local Rules"). This, of course, is the substance and essence of what used to be know as the "Local Rule 9 Conference" before the Local Rules were recently renumbered. A discovery motion cannot even be properly filed in this district unless moving counsel has *attested by affidavit* that the conference has occurred.[2]

Importantly, it is not the function of the court to "preside over" these discovery conferences. The aim of the conference is to keep the court *out of* discovery disputes until counsel have attempted to resolve their own dispute[3]. That is why Local Rule 37(a)2 makes clear that this "pre-motion conference" is to be conducted "without the intervention of the Court." Id. Therefore, the court declines the invitation to conduct a "pre-filing conference."

With respect to defendant's request to postpone the December

---

[2] That affidavit must be more than a half-hearted, pro forma assertion that counsel have met, but cannot work out their problem. That affidavit must be made in objective good faith. And it must specify the issues that were discussed and those which counsel were unable to resolve. Local Rule 37(a)2.

[3] This is just common sense. Courts have their hands full ruling on motions that are properly pending before them. Courts do not have the luxury of being able to decide discovery disputes that have not even matured into motions. Indeed, not only do courts not have the resources to do this, why should a litigant which has ignored the Federal Rules and Local Rules of Civil Procedure be allowed "to go to the head of the line," edging out competitors for the court's time and enjoying a preference over those who have followed the rules?

4

11, 2003 settlement conference, a few comments are in order. In the court's experience few things are more likely to frustrate meaningful settlement negotiations than a party's unjustifiable noncompliance with reasonable discovery. Lawyers need evidence and information to counsel their clients with regard to settlement. If the plaintiff has indeed stonewalled defendant's requests for information, then the plaintiff has by its recalcitrance doomed the upcoming settlement conference. This is not what competent counsel normally do. Typically, plaintiffs' counsel are eager for an opportunity to demonstrate to defendants that their claims merit prompt and fair treatment. Usually, plaintiffs' counsel demonstrate great alacrity at the prospect of settlement. Thus, if defendant's representations about plaintiff's behavior are true-- and the court has no reason to believe otherwise-- plaintiff's counsel has sabotaged what could have been a golden opportunity.

The settlement conference will go forward as scheduled on December 11, 2003. However, counsel for the plaintiff should carefully consider the assertions made by the defendant and, if they are substantially correct, plaintiff's counsel should immediately notify counsel for the defendant that it concurs in the latter's request for an adjournment of the December 11, 2003 settlement conference. An attorney who feels his or her discovery requests have been ignored or unfairly responded to is

understandably unlikely to counsel his or her client to settle. Recalcitrance in discovery does little to put adversary counsel in a settling frame of mind. In the event counsel concur that the settlement conference should be postponed, they will immediately inform the undersigned's chambers.

Dated at Hartford, Connecticut, this 5th day of December 2003.

                                          Thomas P. Smith
                                          United States Magistrate Judge