FILED

2003 DEC 15 P 3: 48

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN CESLIK,                           : Civil Action No.
                                          : 3:03 CV 0450(DJS)
            Plaintiff,                    :
    vs.                                   :
                                          :
BARBERINO BROTHERS, INCORPORATED          :
                                          :
            Defendants                    : December 15, 2003

## MOTION TO COMPEL

Pursuant to Fed.R.Civ.Pro. 37(a)(2)(B), and 37(a)(3), defendant Barberino Brothers by its attorneys, Corleto & Associates, P.C., moves the court for an order compelling plaintiff to answer interrogatories and production requests, and, pursuant to Fed.R.Civ.Pro. 37(a)(4), granting the moving defendant expenses and sanctions associated with this motion.

As will be shown, plaintiff's responses to defendant's interrogatories are replete with objections to inquiries about highly relevant information. Further, plaintiff inexplicably characterizes easily obtainable information as "burdensome" or "oppressive", and argues in conclusory fashion, without basis, that certain requests are "duplicative".

It is respectfully submitted that the objections and the evasive responses serve no legitimate purpose, and are interposed

solely to delay this matter and to unfairly prejudice the defendants. Accordingly, an order compelling compliance, granting sanctions, and resolving issues as against plaintiff for failing to comply should enter.

## I. BACKGROUND

Stephen M. Ceslik commenced this action by filing a complaint at the United Stated District Court, District of Connecticut on March 11, 2003. He alleges that Barberino Brothers violated the federal Age Discrimination in Employment Act of 1967 (29 U.S.C. §671 et. seq.), based on their failure to hire him on or about April 13, 2001. Ceslik asserts that he was "the most qualified applicant". Among other things, he seeks retroactive pay of $1,500 per week in damages.

A scheduling order was entered in this case on July 24, 2003. Pursuant to the scheduling order, plaintiff was required to submit expert reports by September 15, 2003. On September 13, 2003, plaintiff moved for and was granted a forty-five (45) day extension, through November 1, 2003, to produce his expert report. To date, plaintiff has failed to submit the report. Defendant served interrogatories and production request on September 18,

2003. Plaintiff was required to answer the interrogatories/production requests by October 18, 2003. Plaintiff moved for and was granted a thirty day extension through November 18, 2003. Plaintiff failed to answer interrogatories and production request by the November 18, 2003 deadline. Defendant did not receive plaintiff's answers to interrogatories and production request until November 24, 2003. The order further mandated that all discovery, including discovery relating to expert witnesses be completed by December 15, 2003. Pursuant to the Scheduling Order, this case is to be ready for trail by March, 2004.

## **LEGAL ARGUMENT**

**A.   Plaintiff's Objections to Interrogatories**

   **1.   *Interrogatories 4b and 4c.***

   Interrogatory No. 4b seeks information regarding plaintiff's computation of compensatory damages, and states in pertinent part:

> Identify each person, other than defendant, from whom the plaintiff has received compensation or benefits of any nature whatsoever (whether as an employee, consultant, independent contractor or otherwise) from April 13, 2000 to the present, and for each person identified:

      b.   State all compensation received by plaintiff from the person (including, but not limited to wages, salary, commissions, benefits, etc.), and identify all documents relating to the plaintiff's compensation.

Plaintiff objects, arguing that the interrogatories are "irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence, that his production of income tax returns and W-2 forms from 2000, 2001 and 2002 is sufficient, and that plaintiff does not claim damages subsequent to January 29, 2003.

Contrary to plaintiff's argument, information pertaining to plaintiff's compensation for the period one year prior to the alleged failure through the present sought is clearly relevant. Plaintiff claims an actionable "failure to hire" on April 13, 2001. Any compensation received, taxable or otherwise will tend to provide or disprove damages, mitigation efforts, and earning capacity. In light of the objection, plaintiff's production of tax returns for the years 2000 through 2002 is inadequate, as it appears plaintiff may be attempting to hide unreported income.

In fact, plaintiff's answers to interrogatories disclose only four months of employment between April 13, 2000 and January 2003, specifically, from October, 2002 through December, 2002. (See, Annexed Exhibit "A" Plaintiff's Interrogatory, Request No. 4a).

### 2. Interrogatory No. 6.

Interrogatory No. 6 requests identification of persons who may have information relevant to this case:

> Identify all persons from whom you obtained any written or recorded statements, affidavits or other documents relating to the subject matter of the claims set forth in your Complaint in this case, and for each such person identify the documents you obtained from such person.

Plaintiff objects, arguing that, "it is overly broad, duplicative, or calls for the production of documents or information which has already been provided to defendant, and cannot be provided by plaintiff with substantially greater facility than defendant." Plaintiff's objection fails as a matter of law. Pursuant to FRCP §26(a)(1)(A) and 26(a)(1)(B):

> A party must provide to other parties the name and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information. [A party must also provide] a copy of, or a description by category and location, all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Defendant merely seeks information required by federal rules. Plaintiff fails to identify in any meaningful way, any documents that he claims are responsive, that he believes the defendant

6

possesses and his basis for that belief. Absent a list of all individuals and/or documents relevant to Interrogatory No. 6, there is no assurance that defendant has any or responsive documents or information. Accordingly, plaintiff should be compelled to respond to interrogatory No. 6.

### 3. *Interrogatory No. 7.*

Interrogatory No. 7 requests identification of all jobs plaintiff held for the ten years prior to his application for employment by defendant. Plaintiff again objects, arguing relevancy, overbreadth and burden. Plaintiff's objection is perplexing. Clearly, plaintiff's employment history will tend to prove or disprove his qualification for the subject position.

Further, any objection to Interrogatory No. 6 as "vague" is beyond the pale. The interrogatory specifically lists the information requested. Any claim that the request is oppressive is also meritless, as it simply seeks information that would be contained in a resume or supplied in a job application.

### 4. *Interrogatory No. 8.*

Interrogatory No. 8 requests disclosure relating to performance reviews received by him during the past ten years, including the date of each review, the employer and each person

present for said review, subjects which would again tend to prove or disprove. Moreover, the complaint at ¶10 claims that Ceslik received various awards from his employers. Accordingly, plaintiff should be required to produce information relevant to his job performance at prior employers.

### 5. Interrogatory No. 9.

Interrogatory No. 9 requests disclosure of each salary or benefit increase received by Ceslik during the past ten years. Plaintiff objects, again arguing that the request is "irrelevant", "overly broad, vague and oppressive and unduly burdensome." Clearly, salary and benefit increases go to plaintiff's earning capacity and are directly relevant to any damage claim, and may correlate with job performance evaluations.

### 6. Interrogatory No. 12.

Interrogatory No. 12 seeks perhaps the most relevant data:

> State all facts, and identify all documents, supporting or relating to your allegation in the Complaint that Ceslik was not hired based on his age.

Plaintiff objects, arguing that it calls for information or documents which are in defendant's position. As with plaintiff's objection to Interrogatory No. 6, this objection flies in the face as plaintiff fails to identify in any meaningful way these

8

documents which he believes are responsive and which he believes that defendant possesses. Plaintiff apparently expects the defendant to sort through all documents in its possession to discern which ones plaintiff might use to support his allegation. It is simply impossible for defendant to know all documents plaintiff will rely on. Defendant is entitled to have plaintiff produce and identify documents related to his allegations.

### B.  Plaintiff's Objections to Production Requests

#### 1.  Production Request No. 1.

Production Request No. 1 states in relevant part:

> If you are claiming as part of your damages lost wages, provide copies of, or written authorization to obtain copies of, all income tax returns filed by you for a period of three years prior to the date of the incident in question up to and including the date hereof.

As with Interrogatory 4(b) and 4(c) plaintiff objects, arguing that it is overly broad and that his that his production of tax returns and W-2s for the years 2000 through 2002 is sufficient.

In light of the subject claim, the request can neither be viewed as overly broad or oppressive. It is limited to tax returns from 1996 through the present. Plaintiff arguably seeks to have the request limited, pursuant to Fed.R.Civ.Pro. §26(b)(2)(iii). The court need not engage in any such exercise. It is clear that:

> "The court may limit the number of requests if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

The benefit of this information greatly outweighs any minimal burden plaintiff may incur in executing an authorization. Plaintiff's production of tax returns for the years 2000 through 2002 is inadequate in light of the circumstances of this case, specifically, plaintiff's disclosure that between April 13, 2000 and January 2003, he was employed for only four months, between October, 2002 and December, 2002. The disclosure provides virtually no basis to discern plaintiff's earning capacity.

It appears simply that plaintiff is willfully failing to disclose information necessary to the resolution of this case.

### 2.    *Production Requests No. 4 and No. 7.*

Production Request No. 4 seeks documents relating to employment with any person other than the defendant, from April 13, 2000 to the present. Plaintiff objects arguing that this request is duplicative, obligates plaintiff to produce materials in the custody of third parties, requires him to perform an "unreasonable

10

amount of investigation", and that any information subsequent to January 29, 2003 is irrelevant.

Again, Ceslik provides no basis for his claim. In fact, Ceslik has consistently failed to identify any of the documents that he claims would be responsive to the various interrogatories and requests, but which he believes the defendant should have through some other means. The conclusory statement that said request is duplicative is therefore insufficient. Further, plaintiff's contention that the requests obligates him to produce materials in the custody or control of third parties is wide off the mark. Ceslik's employment files are clearly discoverable and available by authorization. Defendant cannot obtain the documents without Ceslik's authorization. It is clearly more difficult for a defendant to obtain plaintiff's employment information than it would be for plaintiff. Any slight burden on plaintiff is more than outweighed by the relevance of this information.

Plaintiff also objects to Request No. 7, which seeks documents relating to his efforts to seek employment with any person from April 13, 2000 to the present, arguing that it is duplicative and seeks information already provided in response to Interrogatory No. 3. As will be discussed below, plaintiff failed to adequately

respond to Interrogatory No. 3. Accordingly, plaintiff's objection is without merit.

### 3. Production Request No. 5.

Request No. 5 seeks documents relating to compensation or benefits received by plaintiff from any person other than the defendant from April 13, 2000 to the present. As with Request No. 4 (documents relating to employment with other persons) plaintiff objects on the grounds that the request is duplicative, calls for information in the position of third parties, and requires him to perform an investigation. Again, plaintiff provides no basis to conclude that the request is duplicative. In fact, the request is the logical compliment of Interrogatory No. 4, which seeks identification of documents. For the reasons outlined in response to the objection regarding Interrogatory No. 4, this objection shall also be overruled.

### 4. Production Request No. 6.

Production Request No. 6 seeks documents relating to damages as claimed in this case. As with prior document requests, plaintiff argues that it is duplicative, without identifying the material that is purportedly duplicated or available. Plaintiff also argues that production of a W-2 form from Napoli Motors and

proof of unemployment compensation for the year 2000 should suffice.

Neither the income tax return nor the W-2 shows the number of months that plaintiff was employed. Accordingly, there is no basis upon which to ascertain plaintiff's capacity. Moreover, that Ceslik was paid a certain amount at Napoli Motors for a period of time is not necessarily representative of his actual earning capacity. Additional information from previous employers will provide a more complete picture.

### 5. Production Request No. 9.

Request No. 9 seeks documents relating to plaintiff's attorney's fees, as this action specifically seeks recovery or attorney's fees. Plaintiff's objections based on privilege and/or work-product should not be sustained. If plaintiff demands reimbursement of attorney's costs and fees, the information sought is relevant. If there is a legitimate concern that privileged information would be communicated, counsel may re-dact any information and provide a privilege log consistent with Rule 26(b).

Plaintiff further offers that he will submit medical reports, records and expenses as soon "as they become available". Considering that this case is scheduled to be ready for trial in

less than ninety days, the "offer" is unreasonable. Plaintiff has wholly failed to provide this information, and should be ordered to produce upon penalty of preclusion.

### 5. Production Request No. 10.

Request No. 10 seeks documents relating to his administrative claims in this case. Plaintiff objects, again arguing that it is duplicative or calls for information or documents already provided.

Aside from the impropriety of this kind of objection, as outlined above, plaintiff incorrectly assumes that defendant has access to the entire CHRO file. In fact, defendant would only have those documents which plaintiff served on defendants. Plaintiff may have provided documents to CHRO which were not served on defendants, as part of CHRO's investigation, and those portions of the CHRO file would be inaccessible to defendant. Accordingly, plaintiff should be required to identify and produce the documents requested herein.

### C. Plaintiff's Evasive/Incomplete Answer to Interrogatories

#### 1. Interrogatory No. 3.

Interrogatory No. 3 asks plaintiff to:

Identify each person contacted by the plaintiff from April 13, 2000 to the present regarding employment (whether as an employee, consultant, independent contractor or otherwise), and with respect to each such person:

14

a. State the efforts undertaken by the plaintiff to secure employment, and the position sought (including the compensation or other benefits sought), and identify all documents relating to such efforts;

b. State whether an offer of employment was made to the plaintiff, and if so, state when the offer was made, identify the person who made the offer, state the complete terms of the offer, and identify all documents relating to the offer;

c. State whether the plaintiff accepted or declined an offer of employment, and if plaintiff declined to accept an offer, state all of the reasons why the plaintiff declined to accept the offer of employment;

d. If the contact was with an employment agency, identify each person connected through the agency, and for each such person identified, provide the information requested in sub parts a, b and c of the interrogatory.

Plaintiff's response to 3a simply identifies the name of an employer with whom plaintiff allegedly sought employment. (See, Annexed Exhibit "B", Plaintiff's Responses to Defendant's Interrogatories). His response lacks any other detail sought and omits any documents related to his efforts to seek employment. Similarly, plaintiff fails to produce documents relevant to an employment offer as requested in Interrogatory No. 3b, and provides <u>no</u> information about his current employment with Miller Nissan-Ford which he reportedly commenced in late January, 2003.

15

### 2.  *Interrogatory No. 5.*

Interrogatory No. 5 seeks:

5.  For each item of damages which plaintiff seeks to recover from defendants as a result of the claims alleged in the Complaint in this case:

> a.  Describe in detail the type or nature of the damages sought by plaintiff, and identify all documents relating to the item of damages sought;
>
> b.  State the specific dollar amount of the damages sought by plaintiff, and the specific method by which that dollar amount was calculated;
>
> c.  Identify all persons having knowledge of the item of damages sought.

Plaintiff's incomplete and evasive response to interrogatory No. 5 identifies "social security credits and benefits" but provides no specific amount of damages associated therewith. Further, he frames a lost wage claim around earnings from Napoli Motors, without regard to current earnings at Miller Nissan-Ford, making a conclusory argument that he previously demonstrated earnings of $1,500 per week at Napoli. Plaintiff is clearly playing "hide the ball".

### 3. Plaintiff's Evasive/Incomplete Answer to Interrogatory No. 13

Interrogatory No. 13 seeks:

13. [State] all facts, identify all documents, supporting or relating to your allegation in the Complaint that you have suffered emotional distress including:

   i. the name and date of initial treatment for emotional distress;

   ii. identify the name and location of every treatment provider related to your claim of severe emotional distress;

   iii. the date and treatment for each provider identified in the proceeding interrogatory;

   iv. the last date of treatment for the allegation of severe emotional distress;

   v. identify all reports, diagnoses, and recommendations for future treatment with regard to the allegation of severe emotional distress including the date and name of treatment provider offering such opinion.

Plaintiff responds that he has "requested this information from Dr. Klugman and it will be included in his records and reports as soon as it is available." Plaintiff's response is simply unacceptable. This case is scheduled to be ready for trial in less than 90 days. Plaintiff secured a 45 day extension to produce this report, and it was due on November 1, 2003. Plaintiff still cannot commit to a date to produce the report. Plaintiff should be

17

precluded from introducing this evidence and an order should enter resolving matters associated with Dr. Klugman's report, as against the plaintiff.

## CONCLUSION

For the reasons outlined herein, it is respectfully requested that this court issue an order directing plaintiff to produce the information sought herein by a date certain, under penalty of preclusion and dismissal, and to order that the plaintiff pay the defendant attorney's fees and costs associated with motion.

    Respectfully submitted,

    THE DEFENDANTS
    BARBERINO BROTHERS, INCORPORATED

By: _____
    Anthony B. Corleto, Esq.  (CT 13520)
    CORLETO & ASSOCIATES, P.C.
    107 Mill Plain Road, Suite 200
    Danbury, CT 06811
    (203)790-7540
    Juris No. 412229