**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------

| | | |
|---|---|---|
| STEPHEN CESLIK | : | CIVIL ACTION NO. |
| | | 3:03 CV 0450 (DJS) |
| Plaintiff | : | |
| | : | |
| V. | | |
| | : | |
| OLIN CORP. d/b/a OLIN BRASS | | |
| SUMMERS THIN STRIP | : | NOVEMBER 21, 2003 |
| | | |
| Defendants | : | |

-------------------------------------------

### COVER SHEET OF OBJECTIONS TO DEFENDANTS'
### INTERROGATORIES AND REQUESTS FOR PRODUCTION

Plaintiff, Stephen Ceslik, pursuant to Practice Book Sections 13-8 & 13-10(b) has filed 7 general objections and has filed 16 individual objections to Defendant's interrogatories and document requests, dated September 18, 2003, as follows:

Interrogatories 1 through 13, and requests for production 1 through 10, as stated in detail below.

### GENERAL OBJECTIONS:

1. Plaintiff objects to the interrogatories and production requests to the extent they seek

    information which is protected from discovery under the attorney-client privilege, the

1

work-product doctrine, and any other applicable privilege under the laws of Connecticut.

2.  Plaintiff objects to the interrogatories and production requests to the extent they seek information which is irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to the interrogatories and production requests to the extent they are overly broad, vague, oppressive, unduly burdensome or that responding to them would subject Plaintiff to undue burden and expense, or would require Plaintiff to perform an unreasonable amount of investigation.

4. Plaintiff objects to the interrogatories and production requests to the extent they are duplicative or call for the production of documents or information already provided to Defendant, which are in Defendant's possession and control, and equally available to Defendant, or which cannot be provided by Plaintiff with substantially greater facility than Defendant.

5. Plaintiff objects to the interrogatories and production requests to the extent they purport to obligate Plaintiff to produce materials in the custody or control of third-parties.  Plaintiff will produce only that which is in its possession and control.

6. Plaintiff objects to the interrogatories and production requests to the extent any

definitions, instructions or demands contained therein attempt to alter plain meaning or

understanding of any item or attempt to impose obligations on Plaintiff that are

inconsistent with and/or in addition to those required under the Practice Book.

7. Plaintiff hereby specifically incorporates each of the foregoing general objections into

each and every response to the interrogatories and production requests.

## **INTERROGATORIES**

Subject to and without waiving the foregoing general and particular objections:

1. (Int. # 4b-4c) Identify each person, other than defendant, from whom the plaintiff has
received compensation or benefits of any nature whatsoever (whether as an employee,
consultant, independent contractor or otherwise) from April 13, 2000 to the present, and
for each person identified:

      b.  State all compensation received by plaintiff from the person (including, but
not limited to wages, salary, commissions, benefits, etc.), and identify all
documents relating to the plaintiff's compensation; and

      c.  State all of the reasons why the plaintiff's employment or other relationship
with the person ended (if applicable) and identify all documents relating to the
plaintiff's job performance in connection with the employment or other
relationship with the person and the termination of the relationship.

**OBJECTION:**  Plaintiff objects to releasing any information after 1/29/03, because

Plaintiff is not claiming any damages after 1/29/03.  Plaintiff objects to the

interrogatories to the extent that they seek information that is irrelevant,

immaterial, or not reasonably calculated to lead to the discovery of admissible

3

evidence.  However, Plaintiff has provided a copy of income tax returns, W2 forms and

unemployment compensation earnings  from 2000, 2001 and 2002.

2. (Int. # 6)  Identify all person from whom you obtained any written or recorded
statements, affidavits or other documents relating to the subject matter of the claims set
forth on your Complaint in this case, and for each person identify the documents you
obtained from such person.

**OBJECTION:**  Plaintiff objects to the interrogatory to the extent that it is overly broad,

duplicative, or calls for the production of documents or information which have already

been provided to Defendant, and cannot be provided by Plaintiff with substantially

greater facility than Defendant.

3.  (Int. # 7) Identify all jobs plaintiff had for the ten years prior to his employment by
defendant and for each such job state:

     a.  The time period in which plaintiff held such position;

     b.  The name and address of his employer;

     c.  The name and current address of his supervisor;

     d.  Outline his duties and responsibilities in said position; and

     e.  His salary history at said position.

**OBJECTION:**  Plaintiff objects to interrogatory requests numbers 7 a through e, to the

extent they are irrelevant, immaterial, or not reasonable calculated to lead to the

discovery of admissible evidence.  Furthermore, they are overly broad, vague,

4

oppressive, and unduly burdensome.

4. (Int. # 8) Regarding all performance reviews plaintiff received while employed during the past ten years, please state:

    a.   The date of each such performance review;

    b.   Identify the employer and each person present for said review; and

    c.   Detail the contents of each said performance review

**OBJECTION:** See objection to Interrogatory No. 7.

5. (Int. # 9) Identify each salary or benefit increase received by plaintiff during the past ten years including:

    a.   The date of said increase;

    b.   The person and employer who notified plaintiff of said increase; and

    c.   The nature of said increase (whether cost of living increase or merit increase or other).

**OBJECTION:** See objection to Interrogatory No. 7.

6. (Int. # 11) If the answer to the foregoing interrogatory is yes or affirmative, please state the following:

    a.   When the foregoing statement was made;

    b.   Where was the foregoing statement made;

    c.   Identify all who were present when the statement was made;

    d.   With respect to your learning about the statement, please state:

    i.     Who communicated the information to you;

    ii.    When that information was communicated to you;

    iii.   How that information was communicated to you.

**OBJECTION:** Not applicable.

7. (Int. # 12) State all facts, and identify all documents, supporting or relating to your allegation in the Complaint that Ceslik was not hired based on his age.

**OBJECTION:** Plaintiff objects to this interrogatory to the extent that is calls for

information or the production of documents which are in Defendants possession, and

are equally available to Defendant, or which cannot be provided by Plaintiff with

substantially greater facility than Defendant.

**DOCUMENT REQUESTS**

Subject to and without waiving the foregoing general and particular objections:

1. (Request # 1) If you are claiming as part of your damages lost wages, provide copies of, all written authorization to obtain copies of, all income tax returns filed by you for a period of three years prior to the date of the incident in question, up to and including the date hereof.

**OBJECTION:** Plaintiff objects to this request to the extent that it is overly broad and

oppressive. However, Plaintiff is producing a copy of income tax returns and W2 forms

for the years of 2000, 2001 and 2002. Plaintiff is also producing his unemployment

records.

2. (Request # 3) Please produce all documents relating to your employment with the defendant, including, but not limited to, all performance reviews, any contract of

6

employment and notices of termination.

**OBJECTION:** Not applicable. Plaintiff was not hired by the Defendant.

3. (Request #4) Please produce all documents relating to your employment with any

person other than the defendant from April 13, 2000 to the present.

**OBJECTION:**  Plaintiff objects to this request to the extent that it is duplicative,

purports to obligate Plaintiff to produce materials in the custody or control of third

parties, and would require Plaintiff to perform an unreasonable amount of investigation.

Plaintiff will produce what is in his possession and control.  All information past 1/29/03

is irrelevant, immaterial and not reasonably calculated to lead to the discovery of

admissible evidence.

4. (Request # 5) Please produce all documents relating to any compensation or benefits of
any nature whatsoever that you received from any person other than the defendant from
April 13, 2000 to the present.

**OBJECTION:**  See response to request No. 4.

5. (Request # 6) Please produce all documents relating to the damages allegedly suffered
by you in connection with the claims asserted in the Complaint in this case.

**OBJECTION:** Plaintiff objects to this request to the extent that it is duplicative or calls

for the production of documents or information already provided to Defendant.

However, Plaintiff has submitted a copy of his 2000 W-2 Form, showing prior

income from Napoli Motors, and income and unemployment compensation thereafter.

7

Plaintiff is providing unpaid medical expensses and will continue to provide any others that he can locate. Plaintiff will also submit a medical report and records as soon as they become available.

6. (Request # 7) Please produce all documents relating to your efforts to seek employment with any person from April 13, 2000 to the present.

**OBJECTION:** Plaintiff objects to this request to the extent that it is duplicative and seeks information already provided to Defendant in Interrogatory No. 3.

7. (Request # 8) Please produce all documents relating to the statements allegedly made by or on behalf of the defendant, which are referred to in you Complaint.

**OBJECTION:** Plaintiff objects to this request to the extent that it is duplicative or calls for information or documents already provided to Defendant, and seeks information already contained in an administrative record which is equally available to Defendant, or which cannot be provided by Plaintiff with substantially greater facility than Defendant.

8. (Request # 9) Please produce all documents relating to the costs and attorney's fees and costs claimed by you in this case (including, but not limited to, time records of your counsel and any retainer agreement between you and your counsel.

**OBJECTION:** Plaintiff objects to this request to the extent that it seeks information which is protected from discovery under the attorney-client privilege, and/or the work-product doctrine. Furthermore, this request is premature as attorney's fees and

8

costs have not been completed.

9. (Request # 10) Please produce all documents relating to any administrative proceedings pursued by you in connection with any of the claims asserted in the Complaint of this case.

**OBJECTION:** Plaintiff objects to this request to the extent that it is duplicative or calls

for information or documents already provided to Defendant, and seeks information

already contained in an administrative record which is equally available to Defendant,

or which cannot be provided by Plaintiff with substantially greater facility than

Defendant.


                                    THE PLAINTIFF

                                    STEPHEN CESLIK


                            BY _____
                                    Leonard A. McDermott
                                    His Attorney
                                    Employee Advocates, LLC
                                    35 Porter Ave., 2B
                                    P.O. Box 205
                                    Naugatuck, CT  06770
                                    (203) 723-9610

9

## CERTIFICATION OF SERVICE

This is to certify that the foregoing Cover Sheet of Objections to Defendants'

Interrogatories and Requests for Production was sent this Friday, November 21, 2003,

via U.S. mail, postage prepaid, to:

Anthony B. Corleto
Corleto & Associate, P.C.
107 Mill Plain Rd., Suite 200
Danbury, CT  06811-6100

BY  _____
        Leonard A. McDermott
        Employee Advocates, LLC
        35 Porter Ave., 2B, P.O. Box 205
        Naugatuck, CT  06770
        Phone:  (203) 723-9610

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

------------------------------------------------

STEPHEN CESLIK                    :        CIVIL ACTION NO.
                                                    3:03 CV 0450 (DJS)
    Plaintiff                      :

v.                                            :

BARBERINO BROTHERS, INC.   :        NOVEMBER 21, 2003

    Defendants                  :

------------------------------------------------

### PLAINTIFF'S RESPONSE TO DEFENDANTS'
### FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants

Barberino Brothers, Inc. ("Defendants") submits the following interrogatories to be

answered within thirty (30) days of service.  Plaintiff responds to said Interrogatories,

to the best of his knowledge and belief, as follows:

### A. INSTRUCTIONS AND DEFINITIONS

    A.       "You", "your" and "yourself" refer to the party or parties to whom the following interrogatories and requests for production are addressed, and their agents, representatives, officers, directors and employees.

    B.       "Person" means a natural person or persons, groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity, (e.g., as a committee, board of directors, etc.), firm, proprietorship, corporation, association, partnership, government, government agency, or any other type of organization or entity.

1

C.    "Document" or "documents" means any written, typed, printed, recorded or graphic matter, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all correspondence, records, tables, charts, plans, specifications, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), electronic maul, telegrams, telexes, messages (including, but not limited to reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including but not limited to, inter and intra office communications), questionnaires, contracts, memoranda or agreements, assignments, licenses, ledgers, books of account, receipts, acknowledgements, data processing cards, computer negatives, phonograph records, tape recordings, wire recordings, other mechanical recordings, transcripts or logs of any such recording, all other data compilations from which information can be obtained or translated if necessary, and any other tangible thing of similar nature.

D.    "Identify" means when used in reference to:

1.    a document, to state separately (i) its description (e.g. letter, reports, memorandum, etc.). (ii) its date, (iii) its subject matter, (iv) the identity of each author or signer, (v) its present location and the identity of its custodian;

2.    an oral or written communication, to state separately (i) its date and place where it occurred, (ii) its subject matter, (iv) the identity of each author or signer, (v) its present location and the identity of its custodian;

3.    a natural person or persons, to state separately (i) the full name of each such person, (ii) his or her present, or last known, business address and his or her present or last known, residential address, and (iii) the employer of the person at the time to which the interrogatory answer is directed and the person's title or position at that time;

4.    an organization or entity other than a natural person (e.g., a company, corporation, firm, association, or partnership, to state separately (i) the full name and type of organization or entity, (ii)

2

the date and state of organization or incorporation, (iii) the address of each of its principal places of business, and (iv) the nature of the business conducted.

E.  Each request to identify or produce a document or documents shall be deemed to call for the identification or production of the original document or documents to the extent that they are in or subject to, directly or indirectly, the control of the party to whom these interrogatories and requests for production the party to whom these interrogatories and requests for production are addressed.  In addition, each request shall be considered as including a request for separate identification or production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).  The production of any document for inspection and copying shall be deemed to satisfy and interrogatory requesting the identification of such document.

F.  Whenever appropriate, the singular form of a word shall be interpreted as plural, and vice versa; the masculine form shall be interpreted to include the feminine form, and vice versa; the word "and" shall be deemed to include the disjunctive "or", and vice versa.

G.  These interrogatories and requests for production shall be deemed continuing so as to require supplemental responses if the party to whom these interrogatories and requests are addressed obtains further responsive information and/or documents between the time answers and served and the time of any trial in this case.

H.  With respect to any information or document which is withheld in whole or in part on the ground of privilege, state with regard thereto:

1.  The general subject matter of the information or the document;

2.  The type of document for which the privilege is claimed, (e.g. letter, memorandum, etc.);

3.  The date of the document or information;

3

4.   The author of the document or the communicator of the
     information, including the specific capacity in which such person
     acted in doing same;

5.   Identify each person who received the original or a copy thereof of
     the document or to whom the information or the contents of the
     documents was communicated, including, the specific capacity in
     which such person received the document or information;

6.   The nature and specific basis for the claim of privilege, including
     why such basis applied to the document or information in question.

I.       A request for information or documents "relating to" any given
         subject shall be deemed to include all information or documents that
         constitute, contain, evidence, embody, reflect, identify, state, refer to,
         deal with or in any way pertain to the subject.

## B. **INTERROGATORIES**

1. Please state the following:

   a.   Your full name and any other names by which you have been
        known;

   b.   Your date of birth;

   c.   Your place of birth;

   d.   Your current home address;

   e.   Your current business address;

   f.   Every home address and business address you have used since
        April 13, 2000.

**ANSWER:**

   a.   Stephen M. Ceslik

   b.   February 15, 1943

c. Bridgeport, CT

d. 478 Milford Point Rd., Milford, CT  06460

e. None

f. 478 Milford Point Rd., Milford, CT  06460

2. Identify each person whom the plaintiff contends has knowledge of facts relating to the claims alleged in the Complaint in this case, and for each person identified, state briefly the substance of the facts believed to be known to such a person.

**ANSWER:**

- Ed Mealey:  assume same as his sworn testimony on 5/7/02

- Mike Bosta:  assume same as his sworn testimony on 5/7/02

- Tom Russo:  same as his sworn affidavit of 10/1/01

- Ronald Steger:  same as his sworn affidavit of 10/4/01

- Barberino:  same as his sworn answers

- Maggie Murray:  same as her sworn affidavit

3. Identify each person contacted by the plaintiff from April 13, 2000 to the present regarding employment (whether as an employee, consultant, independent contractor, or otherwise, and with respect to each such person:

a. State the efforts undertaken by the plaintiff to secure employment, and the position sought (including the compensation or other benefits sought), and identify all documents relating to such efforts;

b. State whether an offer of employment was made to the plaintiff, and if so, state when the offer was made, identify the person who made the offer,

5

state the complete terms of the offer, and identify all documents relating to the offer;

c.  State whether the plaintiff accepted or declined an offer of employment, and if plaintiff declined to accept an offer, state all of the reasons why the plaintiff declined to accept the offer of employment;

d.  If the contact was with an employment agency, identify each person connected through the agency, and for each such person identified, provide the information requested in sub parts a, b and c of the interrogatory.

**ANSWER:**

a.  4/13/00:  Barberino/Mike Bosta/Sales/documents previously disclosed;

September/October, 2002:  West River Auto Sales, Inc./Howard Baccash/Sales/1099 for 2002;

Late January, 2003:  Miller Nissan/Ford/Trevor Holmes/Sales

b.  10/02: Accepted offer of employment from Howard Baccash - 25% commission, $250.00 flat fee, verbal agreement.

c.  Accepted offer of employment from Howard Baccash

d.  Not applicable

4. Identify each person, other than defendant, from whom the plaintiff has received compensation or benefits of any nature whatsoever (whether as an employee, consultant, independent contractor or otherwise) from April 13, 2000 to the present, and for each person identified:

a.  State the nature of the plaintiff's relationship with the person (e.g., whether an employee, consultant, independent contractor, etc.), the starting date and ending date (if any) of the plaintiff's relationship with the person, the job(s), or position(s) held by the plaintiff, and the identity of the plaintiff's supervisor(s);

b. State all compensation received by plaintiff from the person (including, but not limited to wages, salary, commissions, benefits, etc.), and identify all documents relating to the plaintiff's compensation; and

c. State all of the reasons why the plaintiff's employment or other relationship with the person ended (if applicable) and identify all documents relating to the plaintiff's job performance in connection with the employment or other relationship with the person and the termination of the relationship.

**ANSWER:**

a.  late September, 2002/early October, 2002 to late January, 2003:

> -position: used car salesman:
> -owner/supervisor: Howard Baccash
> -earnings:  around $500.00/wk.; total of $5,561.00 (company checks)
> -owner sent a 1099 form
> -Plaintiff left because came across a better opportunity

b.  <u>Objection</u>:  Objection to releasing any information after 1/29/03, because

Plaintiff is not claiming any damages after 1/29/03.  Plaintiff objects to the

interrogatories to the extent that they seek information that is irrelevant,

immaterial, or not reasonably calculated to lead to the discovery of admissible

evidence.  However, Plaintiff has provided a copy of income tax returns, W2

forms and unemployment compensation earnings from 2000, 2001 and 2002.

c.  <u>Objection</u> – see answer to Interrogatory No. 4b

5.  For each item of damages which the plaintiff seeks to recover from defendants as a result of the claims alleged in the Complaint in this case:

a. Describe in detail the type or nature of the damages sought by plaintiff, and identify all documents relating to the item of damages sought;

7

b.  State the specific dollar amount of the damages sought by the plaintiff, and the specific method by which the dollar amount was calculated;

c.  Identify all persons having knowledge of the item of damages sought.

**ANSWER:**

a.  Lost wages (4/13/01 – 1/29/03); lost benefits; attorney's fees; medical bills; emotional distress; and exacerbation of medical condition

b.  1)  Lost wages (gross):  $1,500.00/wk. (prior demonstration of earnings with Napoli Motors during the year of 2000)

    - $1,500.00 x 88 weeks = $132,000.00
    - Less $4,966.00 unemployment received in 2002
    - Less $5,561.00 working at West River Auto Sales, Inc., Milford, CT
    - Net loss = $121,473.00 plus interest

    2)  Loss of social security credit and benefits – to be determined

    3)  Attorney's fees:

    - Attorney Leonard A. McDermott
    - Attorney Johnson for consulting, advice, and copying services before Attorney McDermott was hired ($4,350.00)

    4)  Medical bills:

    - Jeffrey Klugman, M.D. - approximately $420.00 out-of-pocket
    - Prescriptions – approximately $800.00 out-of-pocket

    5)  Emotional distress – to be determined

    6)  Aggravation of medical conditions – to be determined

c.  Napoli Motors; West River Auto Sales; Jeffrey Klugman, M.D.

8

6. Identify all person from whom you obtained any written or recorded statements, affidavits or other documents relating to the subject matter of the claims set forth on your Complaint in this case, and for each person identify the documents you obtained from such person.

**ANSWER:**

Objection:  Plaintiff objects to the interrogatory to the extent that it is overly broad,

duplicative, or calls for the production of documents or information which have

already been provided to Defendant, and cannot be provided by Plaintiff with

substantially greater facility than Defendant.

7. Identify all jobs plaintiff had for the ten years prior to his employment by defendant and for each such job state:

    a.   The time period in which plaintiff held such position;

    b.   The name and address of his employer;

    c.   The name and current address of his supervisor;

    d.   Outline his duties and responsibilities in said position; and

    e.   His salary history at said position.

**ANSWER:**

Objection:  Plaintiff objects to interrogatory requests numbers 7 a through e, to the

extent they are irrelevant, immaterial, or not reasonable calculated to lead to the

discovery of admissible evidence.  Furthermore, they are overly broad, vague,

oppressive, and unduly burdensome.

8. Regarding all performance reviews plaintiff received while employed during the past ten years, please state:

    a.   The date of each such performance review;

    b.   Identify the employer and each person present for said review; and

    c.   Detail the contents of each said performance review

**ANSWER:**

Objection: See objection to Interrogatory No. 7.

9. Identify each salary or benefit increase received by plaintiff during the past ten years including:

    a.   The date of said increase;

    b.   The person and employer who notified plaintiff of said increase; and

    c.   The nature of said increase (whether cost of living increase or merit increase or other).

**ANSWER:**

Objection: See objection to Interrogatory No. 7.

10. Is it your claim that Mike Bosta said that Barberino "doesn't like to hire old fucks?"

**ANSWER:**

No.

11. If the answer to the foregoing interrogatory is yes or affirmative, please state the following:

    a.   When the foregoing statement was made;

b.   Where was the foregoing statement made;

c.   Identify all who were present when the statement was made;

d.   With respect to your learning about the statement, please state:

     i.      Who communicated the information to you;
     ii.     When that information was communicated to you;
     iii.    How that information was communicated to you.

**ANSWER:**

Objection:  Not applicable.

12. State all facts, and identify all documents, supporting or relating to your allegation in the Complaint that Ceslik was not hired based on his age.

**ANSWER:**

Objection:  Plaintiff objects to this interrogatory to the extent that is calls for

information or the production of documents which are in Defendants possession, and

are equally available to Defendant, or which cannot be provided by Plaintiff with

substantially greater facility than Defendant.

13.  State all facts, identify all documents, supporting or relating to your allegation in the Complaint that you have suffered emotional distress including:

a.   The name and date of initial treatment for emotional distress;

b.   Identify the name and location of every treatment provider related to your claim of severe emotional distress;

c.   The date and treatment for each provider identified in the proceeding interrogatory;

d.   The last date of treatment for the allegation of severe emotional distress;

    e.  Identify all reports, diagnosis, and recommendations for future treatment with regard to the allegation of severe emotional distress, including the date and name of treatment provider offering such opinion.

**ANSWER:**

This information has been requested from Jeffrey Klugman, M.D., and will be

included in his records and report as soon as it is available.

## **VERIFICATION**

STATE OF CONNECTICUT)

                     : ss:  __Naugatuck__ , CT _November 21_ , 2003

COUNTY OF _ New Haven _ )

      I, STEPHEN CESLIK, have read the foregoing answers to interrogatories and believe them to be true and correct answers based on my own personal knowledge.

_____

Stephen Ceslik

Subscribed and sworn before me this _____ day of _____, 2003.

_____

Notary Public/Commissioner of
The Superior Court

## **CERTIFICATION OF SERVICE**

This is to certify that the foregoing Plaintiff's Response to Defendants' First Set of

Interrogatories was sent this Friday, November 21, 2003, via U.S. mail, postage

prepaid, to:

Anthony B. Corleto
Corleto & Associate, P.C.
107 Mill Plain Rd., Suite 200
Danbury, CT  06811-6100

_____
Leonard A. McDermott