FILED

2003 DEC 15 P 3: 48

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN CESLIK,                   :   Civil Action No.
                                  :   3:03 CV 0450(DJS)
            Plaintiff,            :
    vs.                           :
                                  :
BARBERINO BROTHERS, INCORPORATED  :
                                  :
            Defendants            :   December 15, 2003

## REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO PRECLUDE

The defendant, Barberino Brothers ("Barberino"), by its attorneys, Corleto & Associates, P.C. hereby replies to plaintiff's November 25, 2003 objection to defendant's motion to preclude. As outlined herein, the opposition should fail because plaintiff gives no justification for the delay, the defendants will be prejudiced by the delay and plaintiff has had ample time to comply.

Notably lacking from the opposition is any argument that the delay in producing the expert report has been for good cause. Although counsel claims to have contacted Dr. Klugman to determine the reason for the delay, counsel fails to provide any reason. Pursuant to Rule 37(c), "a party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so

disclosed." Because plaintiff fails to plead or demonstrate "substantial justification" for the delay, plaintiff's expert report should be precluded.

Further, contrary to plaintiff's argument, the delay has prejudiced the defendant and has frustrated our ability to prepare for trial and a settlement conference. Pursuant to the July 24, 2003 scheduling order, this case is to be trial ready by March, 2004. Accordingly, defendant has less than 90 days to prepare for trial.

If, as plaintiff claims, this report is crucial to his case, one would have expected it to be timely produced.

Rule 26(a)(2)(c) requires expert report to be produced at least 90 days before the trial date or the date the case is to be ready for trial. To argue that defendant is not prejudiced by this delay in production of "crucial information" is baseless. This kind of delay is precisely why the rules exist.

Plaintiff has ample time to comply. The expert disclosure was originally due on September 15, 2003. Plaintiff moved for was granted a 45 day extension, up to and including November 1, 2003. An additional month has passed, and still, plaintiff has not produced the report. Even at this stage, plaintiff cannot commit

2

to a date certain to produce the report. Any further delay would simply frustrate defendant's reasonable expectations with respect to trial preparation.

For the reasons stated herein and in defendant's motion to preclude, defendant Barberino Brothers asks this Court for an Order precluding plaintiff's expert report.

                                  Respectfully submitted,

                                  THE DEFENDANTS
                                BARBERINO BROTHERS, INCORPORATED

By: _____
    Anthony B. Corleto, Esq.   (CT 13520)
    CORLETO & ASSOCIATES, P.C.
    107 Mill Plain Road, Suite 200
    Danbury, CT 06811
    (203) 790-7540
    Juris No. 412229

CERTIFICATION

It is hereby certified that a copy of the foregoing **REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO PRECLUDE** was mailed postage pre-paid, to all counsel of record, pro se parties of record and non appearing parties on December 15, 2003 as follows:

Leonard A. McDermott, Esq.
Employee Advocates, LLC
35 Porter Avenue, 2B
PO Box 205
Naugatuck, CT 06770

---
Anthony B. Corleto

T:\Lex0114CT\Suit\pld.10.wpd