UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN CESLIK, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:03CV450 (MRK) |
| | : | |
| VS. | : | |
| | : | |
| BARBARINO BROTHERS, INC. | : | |
| Defendant | : | December 27, 2003 |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL

Pursuant to Fed. R. Civ. Pro. 37 (a) (2) (A) and (B) and L. Civ. R. 37(a) 2, Plaintiff Objects to Defendant's Motion to Compel Interrogatories and Production Requests, Dated December 15, 2003, on the grounds that the Defendant failed to follow the required procedures before filing a Motion to Compel. Plaintiff respectfully requests this Court to deny Defendant's Motion to Compel and to order the Defendant to follow Fed. R. Civ. P. 37 (a) (2) (A) and (B) and L. Civ. R. 37(a) 2. Plaintiff was not given the opportunity to participate in a pre-motion conference, as required by Local Rule 37 (a) 2. Plaintiff has now incurred additional legal expenses by Defendant's failure to follow said procedure and respectfully requests this Court to order the Defendant to pay

1

Plaintiff's attorney's fees and costs associated with Objecting to Defendant's premature Motion to Compel.

## I.    BACKGROUND

Plaintiff Stephen Ceslik filed this action on March 11, 2003 after receiving a right to sue letter from the Equal Employment Opportunity Commission. Defendant's counsel has represented the Defendant throughout the administrative hearings and is well acquainted with the record in this matter. Plaintiff states a claim for one count of age discrimination against the Defendant.

Defendant served Interrogatories and Production Requests dated September 18, 2003. Plaintiff asked for, and was granted, a thirty-day extension to reply and has since responded to Defendant's Interrogatories and Requests for Production. Plaintiff objected to Interrogatories 4, (b) and (c), 6, 7, 8, 9 11, and 12. Plaintiff also objected to Document Requests 1, 3, 5, 6, 7, 8, 9, and 10.

The Plaintiff served Defendant with his First Set of Interrogatories and Requests for Production on November 25, 2003.

On December 24, 2003, Defendant Objected to Interrogatories 2 and 9, and Production Requests 1 and 3.

Defendant has filed a Motion to Preclude Plaintiff's expert witness, his treating physician, due to the problems that Plaintiff has encountered in obtaining an expert testimony report, as required by Fed. R. Civ. P. 26(a) 2. Plaintiff has been assured by his doctor that a report is forthcoming, and Plaintiff's counsel has also written and spoken to the doctor. The Motion to Preclude and Objection are pending before this Court.

The parties were scheduled for a settlement conference before United States Magistrate Judge Thomas P. Smith on December 11, 2003, but both parties realized the futility of trying to settle this matter without completing discovery. The parties were scheduled to complete discovery by December 15, 2003. However this date has passed and further discovery needs to occur before this matter can either proceed to a meaningful settlement conference or go on to trial. Trial is presently scheduled for March 2004.

## II.    LAW AND ARGUMENT

**Defendant Failed to Follow Federal and Local Procedure**

The Defendant failed to follow to Fed. R. Civ. Pro. 37 (a) (2) (A) and (B) and L. Civ. R. 37(a) 2, before filing its Motion to Compel.

Fed. R. Civ. P. 37(a) 2 states:

> (A)    If a party fails to make a disclosure required by Rule 26 (a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

Local Rule 37 (a) 2 states:
> No Motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making the motion shall file with the Court, as part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court.

Defendant's counsel has not made a good faith effort to resolve the outstanding issues in Plaintiff's Objections to

4

17, 2003. Defendant's counsel told Plaintiff's counsel that she had filed a Motion to Compel.

Additionally, the Defendant's have not submitted an affidavit certifying that their counsel has made a good faith effort to resolve the outstanding issues without the intervention of this Court, as required by Local Rule 37 (a) 2. Such an affidavit would list the issues discussed and successfully resolved and also list which issues were outstanding. No affidavit was filed because no such conference occurred, other than to discuss two issues regarding the Objections to the Interrogatories.

This is the second time that the Defendant has tried to circumvent the Federal and Local Rules in an effort to compel discovery. The first time was by letter to United States Magistrate Judge Thomas P. Smith, dated December 3, 2003. (Please see attached Memorandum and Order dated December 5, 2003). The Defendant appeared to be requesting a pre-filing conference to discuss discovery issues. Judge Smith carefully explained the procedure to resolving discovery disputes as required under Local Rule 37. However, Defendant continues to refuse to follow the procedures set up by this Court. This has delayed the resolve of the

6

outstanding discovery issues. This refusal to follow procedure has also caused additional expense and time for the Plaintiff because his counsel is now compelled to object to the Defendant's procedurally deficient and premature motion.

**Defendant's Motion Cannot Be Warranted Under Local Rule 37**

The Defendant did not make a good faith effort to resolve the outstanding discovery issues before filing a Motion to Compel. Furthermore, Defendant has not provided an affidavit certifying that a promotion conference had occurred and what was discussed at the conference, as required by Local Rule 37 (a) 2. Plaintiff has, in effect, been denied the opportunity to discuss the reasons for his Objections to the Interrogatories and Production Requests. This Court should not have been involved in this matter until the parties have reached an impasse.

Moreover, Local Rule 37 (a) 4 states:

Where a party has sought or opposed discovery which has resulted in the filing of a motion, and that party's position is not warranted under existing law...sanctions will be imposed in accordance with applicable law. If a sanction consists of or includes a reasonable attorney's fee, the amount of such attorney's fee shall be calculated by using the normal hourly rate of the attorney for the party in whose favor a sanction is imposed, unless the party against whom the sanction is imposed can demonstrate that such amount is unreasonable in light of all the circumstances.

7

The Federal and Local Rules require the Defendant to have made a good faith effort to obtain the disclosure or discovery without court action. This did not occur. Clearly, Defendant has not followed the Federal or Local Rules of Procedure, and by not doing so, has placed an additional burden on this Court and upon the Plaintiff. Accordingly, Plaintiff requests this Court to deny the Defendant's Motion to Compel and Request for sanctions against the Plaintiff. Plaintiff respectfully requests that this Court order the Defendant to pay Plaintiff's attorney's fees for the time spent in objecting to Defendant's untimely Motion to Compel.

### III.   CONCLUSION

For all of the above reasons, Plaintiff respectfully requests this

Court to deny Defendant's Motion to Compel Discovery, until a

premotion conference is held by the parties to discuss discovery.

Plaintiff asks this Court to sanction the Defendant by requiring the

Defendant to pay attorney's fees for the time involved in objecting

to a procedurally deficient Motion to Compel.

THE PLAINTIFF

BY _Leonard A McDermott_

Leonard A. McDermott (ct21996)
Employee Advocates, LLC
35 Porter Avenue, PO Box 205
Naugatuck, CT 06770
203-723-9610

### CERTIFICATION

I hereby certify that a true copy of the foregoing Objection to
Defendant's Motion to Compel was mailed on December 29, 2003,
postage prepaid, to the counsel below:

Anthony B. Corleto
Corleto & Associates, P. C.
107 Mill Plain Road, Suite 200
Danbury, CT 06811-6100


_Leonard A McDermott_

Leonard A. McDermott

9

# EXHIBIT  A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------

STEPHEN CESLIK             :    CIVIL ACTION NO.
                                  3:03 CV 0450 (MRK)
      Plaintiff,         :

V.                         :

BARBERINO BROTHERS, INC.  :
                                  NOVEMBER 21, 2003
      Defendants.       :

-------------------------------------------

## COVER SHEET OF OBJECTIONS TO DEFENDANTS' INTERROGATORIES AND REQUESTS FOR PRODUCTION

Plaintiff, Stephen Ceslik, pursuant to Practice Book Sections 13-8 & 13-10(b) has filed 7 general objections and has filed 16 individual objections to Defendant's interrogatories and document requests, dated September 18, 2003, as follows: Interrogatories 1 through 13, and requests for production 1 through 10, as stated in detail below.

## GENERAL OBJECTIONS:

1. Plaintiff objects to the interrogatories and production requests to the extent they seek information which is protected from discovery under the attorney-client privilege, the work-product doctrine, and any other applicable privilege under the laws of

1

Connecticut.

2. Plaintiff objects to the interrogatories and production requests to the extent they seek information which is irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to the interrogatories and production requests to the extent they are overly broad, vague, oppressive, unduly burdensome or that responding to them would subject Plaintiff to undue burden and expense, or would require Plaintiff to perform an unreasonable amount of investigation.

4. Plaintiff objects to the interrogatories and production requests to the extent they are duplicative or call for the production of documents or information already provided to Defendant, which are in Defendant's possession and control, and equally available to Defendant, or which cannot be provided by Plaintiff with substantially greater facility than Defendant.

5. Plaintiff objects to the interrogatories and production requests to the extent they purport to obligate Plaintiff to produce materials in the custody or control of third-parties. Plaintiff will produce only that which is in its possession and control.

6. Plaintiff objects to the interrogatories and production requests to the extent any definitions, instructions or demands contained therein attempt to alter plain meaning or

2

understanding of any item or attempt to impose obligations on Plaintiff that are

inconsistent with and/or in addition to those required under the Practice Book.

7. Plaintiff hereby specifically incorporates each of the foregoing general objections into

each and every response to the interrogatories and production requests.

## INTERROGATORIES

Subject to and without waiving the foregoing general and particular objections:

1. (Int. # 4b-4c) Identify each person, other than defendant, from whom the plaintiff has
received compensation or benefits of any nature whatsoever (whether as an employee,
consultant, independent contractor or otherwise) from April 13, 2000 to the present, and
for each person identified:

    b.  State all compensation received by plaintiff from the person (including, but
not limited to wages, salary, commissions, benefits, etc.), and identify all
documents relating to the plaintiff's compensation; and

    c.  State all of the reasons why the plaintiff's employment or other relationship
with the person ended (if applicable) and identify all documents relating to the
plaintiff's job performance in connection with the employment or other
relationship with the person and the termination of the relationship.

**OBJECTION:**  Plaintiff objects to releasing any information after 1/29/03, because

Plaintiff is not claiming any damages after 1/29/03.  Plaintiff objects to the

interrogatories to the extent that they seek information that is irrelevant,

immaterial, or not reasonably calculated to lead to the discovery of admissible

evidence.  However, Plaintiff has provided a copy of income tax returns, W2 forms and

3

unemployment compensation earnings from 2000, 2001 and 2002.

2. (Int. # 6) Identify all person from whom you obtained any written or recorded statements, affidavits or other documents relating to the subject matter of the claims set forth on your Complaint in this case, and for each person identify the documents you obtained from such person.

**OBJECTION:** Plaintiff objects to the interrogatory to the extent that it is overly broad, duplicative, or calls for the production of documents or information which have already been provided to Defendant, and cannot be provided by Plaintiff with substantially greater facility than Defendant.

3. (Int. # 7) Identify all jobs plaintiff had for the ten years prior to his employment by defendant and for each such job state:

    a.  The time period in which plaintiff held such position;

    b.  The name and address of his employer;

    c.  The name and current address of his supervisor;

    d.  Outline his duties and responsibilities in said position; and

    e.  His salary history at said position.

**OBJECTION:** Plaintiff objects to interrogatory requests numbers 7 a through e, to the extent they are irrelevant, immaterial, or not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, they are overly broad, vague, oppressive, and unduly burdensome.

4

4. (Int. # 8) Regarding all performance reviews plaintiff received while employed during the past ten years, please state:

    a.   The date of each such performance review;

    b.   Identify the employer and each person present for said review; and

    c.   Detail the contents of each said performance review

**OBJECTION:** See objection to Interrogatory No. 7.

5. (Int. # 9) Identify each salary or benefit increase received by plaintiff during the past ten years including:

    a.   The date of said increase;

    b.   The person and employer who notified plaintiff of said increase; and

    c.   The nature of said increase (whether cost of living increase or merit increase or other).

**OBJECTION:** See objection to Interrogatory No. 7.

6. (Int. # 11) If the answer to the foregoing interrogatory is yes or affirmative, please state the following:

    a.   When the foregoing statement was made;

    b.   Where was the foregoing statement made;

    c.   Identify all who were present when the statement was made;

    d.   With respect to your learning about the statement, please state:

        i.     Who communicated the information to you;

        ii.    When that information was communicated to you;

5

iii.     How that information was communicated to you.

**OBJECTION:** Not applicable.

7. (Int. # 12) State all facts, and identify all documents, supporting or relating to your allegation in the Complaint that Ceslik was not hired based on his age.

**OBJECTION:** Plaintiff objects to this interrogatory to the extent that is calls for

information or the production of documents which are in Defendants possession, and

are equally available to Defendant, or which cannot be provided by Plaintiff with

substantially greater facility than Defendant.

## DOCUMENT REQUESTS

Subject to and without waiving the foregoing general and particular objections:

1. (Request # 1) If you are claiming as part of your damages lost wages, provide copies of, all written authorization to obtain copies of, all income tax returns filed by you for a period of three years prior to the date of the incident in question, up to and including the date hereof.

**OBJECTION:** Plaintiff objects to this request to the extent that it is overly broad and

oppressive.  However, Plaintiff is producing a copy of income tax returns and W2 forms

for the years of 2000, 2001 and 2002.  Plaintiff is also producing his unemployment

records.

2. (Request # 3) Please produce all documents relating to your employment with the defendant, including, but not limited to, all performance reviews, any contract of employment and notices of termination.

6

**OBJECTION**: Not applicable.  Plaintiff was not hired by the Defendant.

3. (Request #4) Please produce all documents relating to your employment with any

person other than the defendant from April 13, 2000 to the present.

**OBJECTION**:  Plaintiff objects to this request to the extent that it is duplicative,

purports to obligate Plaintiff to produce materials in the custody or control of third

parties, and would require Plaintiff to perform an unreasonable amount of investigation.

Plaintiff will produce what is in his possession and control.  All information past 1/29/03

is irrelevant, immaterial and not reasonably calculated to lead to the discovery of

admissible evidence.

4. (Request # 5) Please produce all documents relating to any compensation or benefits of
any nature whatsoever that you received from any person other than the defendant from
April 13, 2000 to the present.

**OBJECTION**:  See response to request No. 4.

5. (Request # 6) Please produce all documents relating to the damages allegedly suffered
by you in connection with the claims asserted in the Complaint in this case.

**OBJECTION**: Plaintiff objects to this request to the extent that it is duplicative or calls

for the production of documents or information already provided to Defendant.

However, Plaintiff has submitted a copy of his 2000 W-2 Form, showing prior

income from Napoli Motors, and income and unemployment compensation thereafter.
Plaintiff is providing unpaid medical expensses and will continue to provide any others

7

that he can locate.  Plaintiff will also submit a medical report and records as soon as they become available.

6. (Request # 7) Please produce all documents relating to your efforts to seek employment with any person from April 13, 2000 to the present.

**OBJECTION:**  Plaintiff objects to this request to the extent that it is duplicative and seeks information already provided to Defendant in Interrogatory No. 3.

7. (Request # 8) Please produce all documents relating to the statements allegedly made by or on behalf of the defendant, which are referred to in you Complaint.

**OBJECTION:**  Plaintiff objects to this request to the extent that it is duplicative or calls for information or documents already provided to Defendant, and seeks information already contained in an administrative record which is equally available to Defendant, or which cannot be provided by Plaintiff with substantially greater facility than Defendant.

8. (Request # 9) Please produce all documents relating to the costs and attorney's fees and costs claimed by you in this case (including, but not limited to, time records of your counsel and any retainer agreement between you and your counsel.

**OBJECTION:**  Plaintiff objects to this request to the extent that it seeks information which is protected from discovery under the attorney-client privilege, and/or the work-product doctrine.  Furthermore, this request is premature as attorney's fees and costs have not been completed.

8

9. (Request # 10) Please produce all documents relating to any administrative proceedings pursued by you in connection with any of the claims asserted in the Complaint of this case.

**OBJECTION:** Plaintiff objects to this request to the extent that it is duplicative or calls for information or documents already provided to Defendant, and seeks information already contained in an administrative record which is equally available to Defendant, or which cannot be provided by Plaintiff with substantially greater facility than Defendant.

THE PLAINTIFF

STEPHEN CESLIK

BY _Leonard A McDermott_
Leonard A. McDermott
His Attorney
Employee Advocates, LLC
35 Porter Ave., 2B
P.O. Box 205
Naugatuck, CT  06770
(203) 723-9610

9

## CERTIFICATION OF SERVICE

This is to certify that the foregoing Cover Sheet of Objections to Defendants'

Interrogatories and Requests for Production was sent this Friday, November 21, 2003,

via U.S. mail, postage prepaid, to:

Anthony B. Corleto
Corleto & Associate, P.C.
107 Mill Plain Rd., Suite 200
Danbury, CT 06811-6100

BY _____
Leonard A. McDermott
Employee Advocates, LLC
35 Porter Ave., 2B, P.O. Box 205
Naugatuck, CT 06770
Phone: (203) 723-9610

10

# EXHIBIT  B

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

STEPHEN CESLIK,
            -Plaintiff

        -v-                                        No: 3:03 CV 450 (MRK)

BARBARINO BROTHERS,
            -Defendant

## MEMORANDUM AND ORDER

Counsel for the defendant has written a letter to the undersigned requesting an adjournment of the settlement conference now scheduled for December 11, 2003, and a conversion of that session into a "pre-motion conference, based on plaintiff's failure to respond to discovery requests." (See Letter from Corleto to Smith of December 3, 2003) Putting aside the irregular mechanism defendant has selected for communicating with the court,[1]

---

[1] See Smith & Rose, Getting in the Last Word: The Impropriety of "Letter Briefs" in State and Federal Courts, 68 Conn. B.J. 294 (1993). Defendant's letter also appears to be a combination "letter brief" and "letter motion." It is dated December 3, 2003, and was received by the court yesterday or today. Because it was not filed with the Clerk of the Court, it is not date stamped and, thus, there is no ready way for the court to know when it was received. There is no certification when, or even whether, it was sent to plaintiff's counsel. It is also unclear whether defendant expects the court to rule on this without allowing plaintiff the opportunity to respond, or whether defendant wants the court to formulate a special truncated briefing schedule. If this were a properly filed motion, the Local Rules would allow plaintiff 21 days to file opposing papers.

defendant's letter raises a few issues that require comment.

First, the court notes that the procedurally correct way to
redress discovery recalcitrance is not a letter to the court, but
a motion to compel under Rule 37 of the Federal Rules of Civil
Procedure.   While counsel may believe that a letter is an
efficient, "time-saving" device for avoiding the necessity of
having to file a motion, normally it is not.  Most often, time is
actually *wasted* when counsel and judges, in an attempt to "save
time," decide to concoct ad hoc civil procedure in the hopes of
"cutting to the chase" and "streamlining" the flow of litigation.

> The Federal Rules of Civil Procedure are designed to
> enable a relatively small judiciary to deal in an orderly
> way with a virtually limitless number of disputes.  Even
> when parties sedulously comply with the rules of
> procedure, courts must struggle to keep abreast of their
> ever-growing dockets.   By fashioning their own ad hoc
> procedure parties do themselves and the court a
> disservice.  In the context of discovery, for example, it
> is far easier and quicker to make a formal document
> request pursuant to Rule 34 than it is to construct and
> articulate an argument why an informal letter should be
> treated as a Rule 34 request so as to enable it to be
> enforced under Rule 37.  When parties fashion their own
> procedure, they unwittingly remove their cases from the
> orderly flow of the litigative stream and, when a dispute
> later arises, almost invariably consume more than their
> fair share of judicial time.

68 Conn. B.J. at 299.

How, for example, can courts award attorney's fees and costs
to a party that has chosen to proceed by way of a "letter motion"
rather a motion under Rule 37?   How does a court award drastic

sanctions under Rule 37(b) when, because there has never been a Rule 37 motion, there is no underlying Rule 37(a) order? If informal discovery responses are made to informal discovery requests, what form shall they take and, if they are informal, how can they be used to support, or oppose, a later motion for summary judgment?  Clearly, it is much easier and more efficient for a party to follow established procedure than it is for counsel and the court to struggle constructing post hoc explanations for procedurally shaky decisions, backfilling unnecessary gaps in the record and hoping that the unfillable holes go unnoticed.

Of course, the situation is somewhat different because here counsel requests a "pre-motion conference," presumably to work out the problems and avoid the burden of filing a Rule 37 motion.  This would afford the court an opportunity to wade into the discovery morass at an earlier stage and negotiate the issues on an item-by-item basis, recasting interrogatories here and reformulating document requests there.  In theory, this sounds good.  But in reality, it is not workable.  That is why the judges of this court decided long ago that, before a discovery motion is filed, counsel must have "conferred with opposing counsel and discussed the discovery issues between them in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution."  Rule 37(a)2, Local Rules of Civil

Procedure for the District of Connecticut ("Local Rules").  This, of course, is the substance and essence of what used to be know as the "Local Rule 9 Conference" before the Local Rules were recently renumbered.  A discovery motion cannot even be properly filed in this district unless moving counsel has *attested by affidavit* that the conference has occurred.[2]

Importantly, it is not the function of the court to "preside over" these discovery conferences.  The aim of the conference is to keep the court *out of* discovery disputes until counsel have attempted to resolve their own dispute[3].  That is why Local Rule 37(a)2 makes clear that this "pre-motion conference" is to be conducted "without the intervention of the Court."  Id.  Therefore, the court declines the invitation to conduct a "pre-filing conference."

With respect to defendant's request to postpone the December

---

[2] That affidavit must be more than a half-hearted, pro forma assertion that counsel have met, but cannot work out their problem. That affidavit must be made in objective good faith. And it must specify the issues that were discussed and those which counsel were unable to resolve.  Local Rule 37(a)2.

[3] This is just common sense. Courts have their hands full ruling on motions that are properly pending before them.  Courts do not have the luxury of being able to decide discovery disputes that have not even matured into motions.  Indeed, not only do courts not have the resources to do this, why should a litigant which has ignored the Federal Rules and Local Rules of Civil Procedure be allowed "to go to the head of the line," edging out competitors for the court's time and enjoying a preference over those who have followed the rules?

4

11, 2003 settlement conference, a few comments are in order.    In the court's experience few things are more likely to frustrate meaningful settlement negotiations than a party's unjustifiable noncompliance with reasonable discovery.  Lawyers need evidence and information to counsel their clients with regard to settlement.  If the plaintiff has indeed stonewalled defendant's requests for information, then the plaintiff has by its recalcitrance doomed the upcoming settlement conference.  This is not what competent counsel normally do.  Typically, plaintiffs' counsel are eager for an opportunity to demonstrate to defendants that their claims merit prompt and fair treatment.  Usually, plaintiffs' counsel demonstrate great alacrity at the prospect of settlement.  Thus, if defendant's representations about plaintiff's behavior are true-- and the court has no reason to believe otherwise-- plaintiff's counsel has sabotaged what could have been a golden opportunity.

The settlement conference will go forward as scheduled on December 11, 2003.  However, counsel for the plaintiff should carefully consider the assertions made by the defendant and, if they are substantially correct, plaintiff's counsel should immediately notify counsel for the defendant that it concurs in the latter's request for an adjournment of the December 11, 2003 settlement conference.  An attorney who feels his or her discovery requests have been ignored or unfairly responded to is

understandably unlikely to counsel his or her client to settle. Recalcitrance in discovery does little to put adversary counsel in a settling frame of mind.  In the event counsel concur that the settlement conference should be postponed, they will immediately inform the undersigned's chambers.

Dated at Hartford, Connecticut, this _5__ day of December 2003.

Thomas   P.  Smith
United States Magistrate Judge

6

# EXHIBIT  C

RECEIVED JUL 2 9 2003

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN CESLIK                                    :
        Plaintiff

        v.                                        :

                                                  : CIVIL NO.: 3:03cv450(DJS)

BARBERINO BROTHERS, INC.                          :
        Defendant

## O R D E R

The proposed case management plan dated <u>June 19, 2003</u> is hereby approved and will control the pretrial proceedings in this case until further order of the Court **with the following exceptions:** Discovery, including all discovery relating to expert witnesses will be completed by <u>December 15, 2003.</u> Reports from plaintiff's experts will be due by <u>September 15, 2003.</u> Depositions of the plaintiff's experts shall be completed by <u>October 14, 2003.</u> Reports from defendant's experts shall be completed by <u>November 14, 2003.</u> Depositions of defendant's experts shall be completed by <u>December 15, 2003.</u> Dispositive motions, if any, will be filed by <u>January 14, 2004.</u>

**Motions to Compel <u>must</u> be filed within twenty (20) days of either: (1) the failure of an opposing party to provide information on a timely basis pursuant to the time provided for in the rules or by order of this Court; or (2) the movant's receipt of an opposing party's unsatisfactory response to requests for discovery, e.g., responses indicating objections that the movant contends are unjustified. Motions to Compel filed after such deadlines shall be denied for failure to comply with the case management plan.**

A joint trial memorandum, per the attached order, shall be filed by <u>February 16, 2004</u>. This case shall be trial ready <u>March, 2004</u>. If the parties cannot agree to the filing of the joint trial memorandum, each party shall file their trial memorandum separately. If a dispositive motion is filed, the memorandum shall be filed within 30 days of any decision of the court on such dispositive motion. The filing of dispositive motions shall not stay discovery.

The parties shall contact chambers the week beginning <u>September 15, 2003</u> to schedule a status conference. All discovery shall proceed notwithstanding the conference. If the parties feel a settlement conference would be realistic instead of a status conference, please indicate this.

The parties are hereby notified that failure to comply with this Order shall be grounds for either an immediate dismissal with prejudice or an entry of a default and/or sanctions.

**IT IS SO ORDERED** this _24th_ day of _July_ , 2003.

_____
Dominic J. Squatrito, United States District Judge

n:hischel/26order.-04:18.00