FILED

2004 JAN 2  A 11: 2

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN CESLIK, | : | Civil Action No. |
| | : | 3:03 CV 0450 (DJS) |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| BARBERINO BROTHERS, INCORPORATED | : | |
| | : | |
| Defendant | : | January 9, 2004 |

**REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO COMPEL**

The defendant, Barberino Brothers, Inc. by its attorneys, Corleto & Associates, P.C., hereby replies to plaintiff's December 27, 2003 objection to defendant's motion to compel.

Plaintiff argues that defendant failed to comply with Rule 37 by not making a good faith effort before filing this motion. Nothing could be further from the truth. The issues presented in the motion were first raised by our December 3, 2003 letter to Judge Smith. Counsel admits that defendant contacted him on December 12, 2003 at approximately 3:00 p.m. to discuss discovery issues, yet argues that this event did not constitute a good faith attempt. Further, counsel wholly fails to disclose that he was contacted by phone on December 11, 2003 to discuss this matter, and at that time was advised a motion to compel would be filed by December 15, 2003 if the issues were not resolved. (See,

Affirmation of Good Faith, ¶¶ 13-14 (Dec. 15, 2003)). Plaintiff's counsel then asked for time to review his file, and it was agreed that a discussion would take place on the afternoon of December 12, 2003. For counsel to complain that he was not contacted until the afternoon of December 12, 2003, is disingenuous.

Given the foregoing history, it was certainly reasonably expected that plaintiff's counsel would be prepared to discuss discovery nine days later, on December 12, 2003. Despite ample notice, counsel was not prepared to address issues. Counsel's inattention to this matter became apparent when he refused to provide any assurance that the interrogatories or production requests would be answered. One could clearly surmise that he made no effort to contact his client, and had no intent to do so.

Judge Squatrito's July 24, 2003 Order states in bold print:

> "Motions to Compel **must** be filed within twenty (20) days of either: (1) the failure of an opposing party to provide information on a timely basis pursuant to the time provided for in the rules or by order of this Court; or (2) the movant's receipt of an opposing party's unsatisfactory response to requests for discovery, e.g., responses indicating objections that the movant contends are unjustified. Motions to Compel filed after such deadlines shall be denied for failure to comply with the case management plan."

2

This case is scheduled to be ready for trial by March, 2004, thus compliance at this time, or a penalty for failure to comply, would seem a foregone conclusion. That plaintiff failed to timely move for an extension of time to reply is, unfortunately, his own problem, and moreover, justifies the instant motion. "A party's discovery conduct is 'substantially justified' if it constitutes a response to a 'general dispute', or if reasonable people could differ as to the appropriateness of the contested action." Pierce v. Underwood, 487 U.S. 552, 565 (1988).

Counsel's assertion that the within motion did not include an affidavit of good faith is perplexing. The record will clearly show that an "Affirmation of Good Faith" was submitted to this Court along with the motion to compel.

Lastly, to the extent that counsel's "objection" seeks affirmative relief in the form of sanctions, the court should disregard same in its entirety. As amply demonstrated, the within motion is well founded. To say the least, counsel does not come to

the court with "clean hands", and in fact as is plainly evident, counsel's own conduct prompted the within motion.

                Respectfully submitted,
                THE DEFENDANT
                BARBERINO BROTHERS, INCORPORATED

By: _____
    Anthony B. Corleto, Esq.   (CT 13520)
    CORLETO & ASSOCIATES, P.C.
    107 Mill Plain Road, Suite 200
    Danbury, CT 06811
    (203) 790-7540
    Juris No. 412229

CERTIFICATION

It is hereby certified that a copy of the foregoing **REPLY TO PLAINTIFF'S OBJECTIONS TO MOTION TO COMPEL** was mailed postage pre-paid, to all counsel of record, pro se parties of record and non appearing parties on January 9, 2004 as follows:

Leonard A. McDermott, Esq.
Employee Advocates, LLC
35 Porter Avenue, 2B
PO Box 205
Naugatuck, CT 06770

_____
Anthony B. Corleto

T:\Lex0114CT\Suit\pld.17.wpd