FILED

2004 JAN 23 P 2 51

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN CESLIK, | : | Civil Action No. |
| | : | 3:03 CV 0450(DJS) |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| BARBERINO BROTHERS, INCORPORATED | : | |
| | : | |
| Defendant | : | January 22, 2004 |

**OBJECTION TO MOTION TO FURNISH EXPERT'S REPORT**

The defendant, BARBERINO BROTHERS ("Barberino") by its attorneys, Corleto & Associates, P.C. hereby objects to plaintiff's January 14, 2004 Motion to Furnish Plaintiff's Expert Report. As outlined herein, plaintiff's motion should fail because plaintiff provided no justification for the delay, the defendant will be prejudiced by the delay and plaintiff has had ample time to comply.

PROCEDURAL HISTORY

Stephen M. Ceslik commenced this action by filing a complaint to the United States District Court, District of Connecticut on March 11, 2003. A scheduling order was entered in this case on July 24, 2003. Pursuant to the scheduling order, plaintiff was required to submit a expert's report by September 15, 2003. On September 13, 2003, plaintiff moved for and was granted a 45 day extension, through November 1, 2003 to produce his expert report.

Defendant moved to Preclude plaintiff from introducing any expert testimony and report on November 13, 2003. On November 25, 2003 plaintiff filed an objection to defendant's Motion to Preclude. Defendant filed a reply on December 15, 2003. To date, plaintiff has failed to submit the report.

The Scheduling Order further mandated that all discovery, including discovery relating to expert witnesses be completed by December 15, 2003. Pursuant to the scheduling order, this case is to be ready for trial by March, 2004.

LEGAL ARGUMENT

Plaintiff argues, without basis, that this court should consider his expert's lack of experience testifying in <u>Federal</u> Courts as justification for failing to comply with the discovery schedule and the rigors of Rule 26 expert disclosure. How an expert's lack of experience in <u>Federal</u> Court justifies a delay in excess of 75 days and an unabated failure to provide the information required by Rule 26 is unclear. Clearly, it is counsel's job to properly prepare and advise his expert. That the expert lacks experience is of no consequence.

Further, the delay has prejudiced the defendant and frustrated our ability to prepare for trial. This case is scheduled to be