UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN CESLIK

    Plaintiff

v.

BARBERINO BROTHERS, INC.

    Defendant

CIVIL ACTION NO.

3:03 CV 0450 (MRK)

JUNE 24, 2004

## MOTION TO DISQUALIFY CORLETO & ASSOCIATES

I move that Corleto & Associates be disqualified from representing the defendant in the above case.

This is an action for age discrimination brought against Barberino Brothers, Inc. based on their not hiring me because of my age. During the course of the proceedings to date, first in the CHRO proceedings and more recently in this court, the defendant and their attorneys have engaged in numerous instances of unethical and often illegal conduct as outlined below.

The factual basis of my request is contained in the attached list of 18 lies told so far in these proceedings, which include numerous instances of perjury, suborning perjury, obstruction of justice and fabricating evidence. This attachment consists of 124 pages,

1

mostly exhibits. Also included are 8 tape recordings as exhibits. SC 6/24/04

Much of said conduct involved making false statements, some under oath. Many of these statements were made in the presence of Barberino's counsel. The falsity of the statements is established not simply by other evidence, but by Barberino's own evidence and Barberino's own witnesses' sworn testimony in the same case, which contradicts Basta's and Barberino's sworn statements. Barberino, through Corleto, filed an Answer in federal court that contained information they knew to be lies. All the false statements are <u>material to the case</u>. I have suffered serious harm, financial, emotional and medical, while trying to defend myself against the sworn false statements.

Corleto & Associates should be disqualified as defendant's counsel under the following provisions of the Rules of Professional Conduct:

**Rule 1.2(d)**   "A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent . . . ."

**Rule 1.16(a)**   "[A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) The representation will result in violation of the Rules of Professional Conduct or other law."

**Rule 3.3(a)**   "A lawyer shall not knowingly: (1) Make a false statement of material fact or law to a tribunal; (2) Fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a . . . . . fraudulent act by the client; . . . [or]   (4) Offer evidence that the lawyer knows to be false. . . . ."

**Rule 3.7(a)**   "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except . . . . " (none of exceptions applicable here.)

All 18 of the lies constitute violations of Rules 1.2 and 1.16(a).  Lies 4, 5, 11, 12, 14, 15, 16, 17 & 18 pertain to Rule 3.7(a) in that they are matters that Corleto will be called upon to testify at trial.  Many of the lies also constitute a violation of Rule 3.3(a), including lies 11, 12, 14, 15, 16, 17 and 18.

In addition, Corleto's conduct violated Rule 3.4 (Fairness to Opposing Party and Counsel); Rule 4.1 (1) & (2) (Truthfulness in Statements to Others); Rule 5.1 (a), (b), (c)(1) & (2) (Responsibility of a Partner as Supervisor); and Rule 8.4 (1) - (5) (Misconduct).

As one example, in violation of Rule 1.2(d), Anthony Corleto wrote a letter to Susan Hom

of CHRO dated June 14, 2002 in which he stated that Basta gave me an interview and that Basta had knowledge of me from within the business community. See Exh. T. This is the reason given CHRO for not hiring me. They further stated that only Basta was the decision-maker in hiring or not hiring me.

In stark contradiction, only a month before, on 5/7/02, Basta flatly testified under oath that he did not give me an interview, that he had no knowledge of me at that time, that he never checked any references, and just threw my application away. See Basta's sworn testimony quoted in Lies 1 & 2. Further, Tom Barberino stated in his CHRO Answer stated that I was not given an interview. It is inescapable that Corleto blatantly lied even though he knew the truth.

Such conduct is prohibited under Rule 1.2(d) and mandates disqualification under Rule 1.16(a).

**Attorneys Corleto and Eaton will be material witnesses in this case.**

Rule 3.7 of the Rules of Professional Conduct prohibit a lawyer from acting as an advocate when he may be called as a witness. At the trial of this case, key issues of fact for the jury will involve the same matters that Attorney Corleto conspired with Barberino

4

to present knowingly false information in pleadings and otherwise to cover up age discrimination. The law provides that, if the employers stated reason for not hiring is false, the jury can presume that the real reason was illegal. Attorneys Corleto and Eaton will be key witnesses in describing the purported reason for not hiring me.

Dated at Milford, CT this June 24, 2004.

THE PLAINTIFF

*/signature/*
Stephen Ceslik
478 Milford Point Road
Milford, CT 06460
(203) 874-2523

## CERTIFICATION

This will certify that I mailed a copy of the foregoing motion and the attachments to the following on June 24, 2004:

Leonard A. McDermott, Esq.
Employee Advocates, LLC
35 Porter Avenue, Suite 2B
P.O. Box 205
Naugatuck, CT 06770

Corleto & Associates, P.C.
107 Mill Plain Road, Suite 200
Danbury, CT 06811-6100

*/signature/*
Stephen Ceslik, Pro Se

5