Certified Mail 7003 1010 0005 3257 9272   FILED

Jul 27   3:20 PM '04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN CESLIK | CIVIL ACTION NO. |
| Plaintiff | 3:03 CV 0450 (MRK) |
| v. | |
| BARBERINO BROTHERS, INC. | JULY 23, 2004 |
| Defendant | |

**PLAINTIFF'S RESPONSE TO ATTORNEY MCDERMOTT'S
REPLY TO MOTION FOR SANCTIONS**

Attorney McDermott's Reply dated July 17, 2004, which I received on July 22, 2004, did not address most of the allegations in my motion. I stand by that motion and ask the court not to allow Attorney McDermott to side step the documented statements in that motion.

His reply is a diatribe filled with new misrepresentations to the court. He is trying to take the focus off the misrepresentations described in my original motion.

-1-

New Lies to the Court:

Lie # 1 - "Plaintiff has not made a motion to disqualify opposing counsel and the alleged 18 lies are not before this Court." As the court file will show, such a motion was filed and sent to Attorney McDermott before he filed his Reply, and therefore it is before the Court.

Lie # 2 - "This attorney did not represent to his Court that Plaintiff did not make any telephone calls." His Motion to Withdraw dated June 5, 2004 stated, " 3. Plaintiff refuses to return phone calls <u>to discuss this case</u> or this attorney's continued representation."

Lie # 3 - "Plaintiff also asked that we not discuss settlement until sometime in June due to his health problems." The truth was that, as stated in the motion for sanctions dated July 12, 2004, Steger Affidavit (Exh. 4, #10) that Attorney McDermott was going to set up a settlement conference with the judge. See also Exh. 3 (my May 27, 2004 letter asking McDermott when he would be available to discuss settlement.

Lie # 4 - This attorney assessed opposing counsel's conduct as within the range of

-2-

normal, adversarial representation." The 18 lies speak for themselves. Significantly, Attorney McDermott never even discussed with me any reason why any word in the 18 lies was inaccurate or defensible. The rules say he is obligated to report unethical conduct, not to act as judge and jury as final arbiter of the matter.

Lie # 5 - "It is important to note, the Plaintiff has not filed such a motion (Motion to disqualify Corleto)." As stated earlier, such a motion was filed. Attorney McDermott is trying to tell the court that it cannot rule on certain parts of my motion for sanctions because the issue is not before the court. This is patently false.

Lie # 6 - Attorney McDermott states that I gratuitously sent my Motion for Sanctions to opposing counsel. It was the court that told me to refile my motion certifying that I sent a copy to defendant's counsel. See attached Order Returning Submission dated 6/16/04.

Lie # 7 - "The file was sent by UPS . . . ." Attorney McDermott neglects to say that he only sent part of the file, not all of it. I attach a 3-page list of documents I know were missing, from September 2002 to June 2004. There are numerous other documents missing that I haven't to had time to list. He omitted most of the documents between him and me. There is also a void as to documents between him and Attorney Corleto. He has cherry picked the file to insulate himself from his wrongdoing. It was a lie to say

-3-

the "file" was sent when only part of it was.

Further, I received the partial file late on July 12, 2004 laying in my yard. This was after I filed my Motion for Sanctions that stated, accurately, that I had not yet received any of the file.

Lie # 8 - "This attorney never sabotaged Plaintiff's case." As an example, he refused after numerous requests beginning in December 2002 to research the employer retention law for employment applications, and in fact asked a witness, Ronald Steger, on May 11, 2004, to see if he could find the law because he (McDermott) didn't know it. See Steger Affidavit (Exh. 4, #18, to Motion for Sanctions.) Another example is his telling me on May 11, 2004, that the defendant had sworn to the answers to interrogatories and production, when they had not. I repeatedly asked for a copy of the sworn to portion and he never supplied it. See Steger Affidavit (Exh. 4, #7, to Motion for Sanctions.) Nor was it in the partial file he delivered to me.

Attorney McDermott failed to deny that he drank alcoholic beverages during all our meetings (approx. 6 meetings), except our first one.

I move that Attorney McDermott be sanctioned for the above conduct in violation

of Rules of Professional Conduct 3.3 and 8.3, for a conflict of interest in rendering a professional and expert opinion against a client, and such further grounds as the court deems appropriate.

Dated at Milford, CT this July 23, 2004.

THE PLAINTIFF

*[signature]*

Stephen Ceslik
478 Milford Point Road
Milford, CT 06460
(203) 874-2523

## CERTIFICATION

This will certify that I mailed a copy of the foregoing motion and the attachments to the following on July 23, 2004:

Leonard A. McDermott, Esq.
Employee Advocates, LLC
35 Porter Avenue, Suite 2B
P.O. Box 205
Naugatuck, CT 06770

Corleto & Associates, P.C.
107 Mill Plain Road, Suite 200
Danbury, CT 06811-6100

*[signature]*

Stephen Ceslik, Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
CESLIK                                                   :
:
vs.                                                      :Civil No. 3:04-cv-450 (MRK)
:            3
BARBERINO BROS INC                                       :
:
---------------------------------------------------------x

## ORDER RETURNING SUBMISSION

The Clerk has received your <u>Response to Motion to Withdraw Appearance</u> however, it is deficient in the area(s) checked below:

        (NOTE: L.R. refers to the Local Rules, District of Connecticut)

1. _ L.R.5(b)         _ No certificate of service attached to pleading
                      _ Certificate of service fails to list names and addresses of all parties served
                      _ Certificate of service is not signed

2. _ L.R.5(d)         Failure to submit document under seal

3. _ L.R.10           _ Failure to sign pleading (original signature)
                      _ Failure to double space
                      _ Margin is not free of printed matter
                      _ Left hand margin is not one inch
                      _ Judge's initials do not appear after the case number
                      _ Docket number is missing
                      _ Failure to supply federal bar number
                      _ Holes not punched in document

4. _ L.R.68           Failure to file offer of judgment in a sealed envelope

5. _ L.R.83.1(d)      Motion to admit pro hac vice must be made by local counsel or member of the bar of this Court

6. ✓ Other            <u>Please send a copy to your attorney and the defendant's attorney</u> and refile

The Clerk is hereby Ordered to return the above pleading and to notify counsel of such action.

Date: 6/16/04

_____
United States District Judge

(JXP)

rev. 1/1/03

9/25/02 Cos + McD, letter seeking attorney.
         Did not give copies of.
11/25/02 Retainer agreement
11/26/02 ltr. 11/21/02 Klug report
         File with all evidence etc
11/26    Sent copy of 6/8/00 & 10/20/00 Camp Napoli
12/4  McD. to Cos, scope legal rep.
12/9  Cos + McD, Nap case
12/11 Cos to McD,
12/20 McD. to Cos Nap
1/14/03 Exp. in cases
1/28  Cos to McD,
3/14  McD. to Cos
5/10  Cos to McD, seal by Barb. Answ.
5/28  McD. to Cos, Wants money
6/13  McD. to Cos, Answ. Barb
7/11  "        "      Sched.
7/15  Cos to McD.    want jury
9/2   Cos McD.       want jury  Preserve file
10/21 Cos to McD.    Release / her Klug
10/24 Cos to McD.    Re. switched deck Klug
10/28 Cos to McD.    Deps & Interr.
11/25 Cos to McD.    Dentist's costs
12/31 Cos to McD.    Bill for damages
1/3/04 Cos to McD    Miller earrings
1/14/04 McD. + Cos,  Doesn't reply to our resp. to McD, counsel + rec. my notes.
12/16/03 "           Want copies of Barb responses
2/1/04 Cos to McD.   witnesses
2/2   "   "          Deposes Manley + Busta
2/3   "   "          copies of wife's Comp
2/7/04 McD + Cos,

2/9/04 Ces to McD.    Suppose get CHRO file
2/13/04  "    "    Bob, Disc. not sworn to,
2/24    "    "    Ces Depo
2/25    "    "    Klug Depo
2/25 McD. to Ces,    Knew I was sick
2/27 McD. to Ces.    Sick confirmed
3/10/04 McD to Ces    Letter stating he feels strong
                time to set ~~up~~ a settlement conf.
                Said I had pay for Klug map
3/18/04 Ces to McD,    Conf. his mess. sent him 3/12 w/
                CHRO Files
3/29/04 Ces to McD.    Saw Curruculo
4/3/04 McD. to Ces    ~~Sunday~~ Tu Klug say to I bring
                ~~Sun~~ Tu McD. I didn't get to
                afternoon of 4/8/04
4/3/04 McD. to Ces,    Ces Depo Recd 4/8/04 I
                called 3 times on 4/8 he would
                not ansr. nor return my calls. Sandbag
                me.
4/12/04 Ces. to Klug;    Wanted copies plus bill of sales list
4/26 Ces to McDnd    Another request for Klug report
5/6 Ces to McDermott    Discovery not sworn to.
5/8/04 McD to Ces:    Pay $10,000 ~~but~~
5/13 Ces to McD.    Confirmed entry + gave ans.
                sworn too by Bob

Ces to McD,    Motion to disqualify

Many others to be listed

6/3/04  Ces to McD. File return diag, Corl, +18 hrs.