UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN CESLIK | CIVIL ACTION NO. |
| Plaintiff | CV 0450 (MRK) |
| v. | |
| BARBERINO BROTHERS, INC. | August 24, 2004 |
| Defendant | |

### OBJECTION AND RESPONSE TO DEFENDANT'S AUGUST 10, 2004 MEMORANDUM IN OPPOSITION TO MOTION TO DISQUALIFY

*Based on the defendant and their counsel giving this court a knowingly falsified and fabricated transcript, and also giving this Court a false affidavit swearing that the fabricated transcript is accurate, I request that this Court default the defendant, sanction their counsel, award expenses to the plaintiff and disqualify Corleto & Associates from this case, all based on the documentation described below.*

Significantly, Attorney Corleto has withheld from the Court the tape recording on which his transcript (his Exh. B) is based.

1

At the outset, without knowing the rules, I object to the defendant's 8/10/04 Memorandum because it was filed late; namely 47 days after I filed my motion. I have only been given 14 days to respond to an incredible web of lies contained in that Memorandum focused on falsified transcripts. I have documented many of the falsifications below, but it is a difficult and time-consuming job, which has been extremely expensive and detrimental to my health.

The defendant's Memorandum in Opposition to Disqualification dated August 10, 2004 is premised on an intentionally falsified transcript of the 5/7/02 CHRO hearing which is Exhibit B of the defendant's 8/10/04 Memorandum in Opposition.

<u>I ask that Attorney Corleto be ordered to supply the court and me with a copy of the tape he gave the Brandon Smith Reporting, the transcription service. Either that tape was tampered with, or the transcription service and Corleto have committed a crime in providing a fraudulent transcript to the court.</u>

The tape of the 5/7/02 CHRO hearing is audible and easy to understand. Attorney Corleto's Memorandum is largely based on a transcript of that hearing in which audible words are identified as "inaudible" and other audible words are misstated or attributed to

2

the wrong speaker. The errors are so strategic, as described below, that they reflect an intentionally falsified transcript.

Attorney Corleto personally swears that the fraudulent transcript (Defendant's Exh. B) "is a true and accurate transcript of the May 7, 2002 CHRO fact finding conference." 8/10/04 Affidavit filed with Memorandum, Para. 3. This affidavit is a calculated lie to this court.

There are 49 pages with 90 intentional and important transcription changes that favor the defendant and none in favor of the plaintiff. The pages with falsifications are: 1-4, 7, 11, 13, 15-18, 22-26, 28, 29, 32-35, 38-41, 43, 44, 47, 51-53, 60, 62, 64, 66, 71, 73-76, 78-84, 88. The 90 falsifications are highlighted in yellow on the attached copies of transcript pages, and the correct words are inserted in red. Plaintiff's Exh. P-1.

I would also observe that the errors at the beginning of the transcript make it impossible to identify which case it is or some of the people who were present at the hearing, as follows:

Page 1 - The date is erroneously listed as 5/7/00 instead of 2002.

Page 2 - No attorney is identified as appearing for the defendant, and Basta's first name is changed to "Thomas."

Page 3 - The CHRO case number is wrong.

Page 4 - Attorney Eaton's name is omitted as the defendants's counsel to whom a coy of the plaintiff's tape exhibits were given (5 tapes).

**I made my own tape recording of the 5/7/02 CHRO hearing with my own tape recorder while I was at the hearing. Further, I made a second tape recording when I went to CHRO's offices on 5/17/02 and CHRO Attorney Susan Hom played the original CHRO tape for me.** The only difference between my tapes and the original CHRO tapes is that my tapes picked up some off-the-record conversations.

**On this basis, I have clear evidence regarding the quality of the original CHRO 5/7/02 tape and also its contents. I therefore have clear evidence that the transcript supplied to this court by Attorney Corleto, and personally sworn by him to be accurate, is false in many material ways. See Exh. P-2 (*Copy of the original tape recording Ceslik made at the 5/7/02 CHRO hearing, consisting of 2 tapes.*)**

A key factor in most of the arguments I have made to this Court is that there was a CHRO hearing in which Barberino's own witnesses testified one way, and then later Attorney Corleto and Barberino manufactured new defenses that contradicted this original testimony. Much of the misconduct I have described relates to these contradictions and to the mysterious disappearance of the original CHRO hearing tape. Without this tape, I would not have "official" evidence to prove these contradictions. Now, for the defendant and Corleto, the hearing tape has presumably materialized after two years. However, the transcript supplied and certified to be accurate by Attorney Corleto is strategically altered and fabricated in order to neutralize the proof of the 18 Lies and to enable the defendant and Corleto to further lie to the court.

Please consider this falsification in Attorney Corleto's Exh. B transcript of the 5/7/02 tape, page 82, lines 9-12:

> Hom:   Okay. You did not, according to your testimony, give an interview to Steve Ceslik. You didn't <u>call back</u>.
>
> Basta: I didn't, no.

These words make the testimony equivocal, as the answer could relate only to the last sentence about not calling back, and is not a clear, unqualified statement by the witness

that no interview was given. Further, at this point in the hearing there was no prior testimony by Basta that he had not given an interview.

In fact, however, the audible testimony on the hearing tape is as follows:

> Hom:    Okay. You did not, according to your testimony, give an interview to Steve Ceslik? You didn't <u>talk to him</u>?
>
> Basta:  I didn't. No. I didn't.

See Exh. P-1, page 82, lines 9-12. <u>This accurate transcription contains an unequivocal statement by Basta that he did not interview Ceslik.</u> This issue is discussed further in Lies 5, 6 and 7.

Please keep this accurate transcription in mind and review Attorney Corleto's letter written about 5 weeks later (dated June 14, 2002) to Susan Hom in which he states that, "the decision not to hire Mr. Ceslik was based purely on Mr. Basta's own perception of Mr. Ceslik as an interviewee and on his knowledge of Ceslik from within the business community."

*This blatant lie, flatly contradicted by previous sworn testimony from Mr. Basta, and also Mr. Mealey,* is the kind of criminal and fraudulent conduct that Attorney Corleto

6

does not address in his Memorandum. Please read this very important letter, which I attach as Exh. P-3.

Attorney Corleto's falsified transcript also purports to support the second "reason" in the above letter for not hiring Ceslik; namely, that Basta obtained information about Ceslik from the business community. Specifically, in Corleto Exh. B, page 84, lines 10-13:

    Hom:    Did you seek any other references about Mr. Ceslik?

    Basta:    (No audible response.)

<u>In fact, the audible response was "No."</u>

See Exh. P-1, page 84, lines 10-13.

By pretending that this response was not made, Attorney Corleto is able to later fabricate evidence about purported references without being hampered by Basta's sworn testimony that he sought no references before making the hiring decision.

More directly, this fabrication in Corleto's Exhibit B transcript conveniently erases the

evidence to contradict Barberino's 8/8/01 Answer to CHRO's Schedule A (Corleto's Exh. C, page 7, #15, para. 1 of response, lines 5-7) in which they state that receipt of a "negative recommendation from a previous employer" influenced Basta in not hiring Ceslik. This is discussed in Lie # 1.

A further example:

> Hom: If you don't keep all employment applications for a period of time, how does Barberino know if they are or are not discriminating against people applying for sales jobs?
>
> Basta: (Inaudible.)

See Exh. B. Page 81, lines 8-12.

<u>In fact, Basta's audible answer was, "I don't know (Basta laughing while speaking)."</u> This was one of several times that Basta was mocking while answering. Plaintiff was present. See Exh. P-1, page 81, lines 8-12.

*This is <u>important</u> because throwing away applications <u>violated 29 CFR 1627.3(b) governing retention periods for employment applications</u>* submitted in response to advertised positions or postings. This answer is useful in establishing a premeditated pattern of Barberino's illegally trying to insulate themselves from discrimination cases,

yet the transcript conveniently identifies Basta's audible answer as "inaudible."

Another example is shown at Corleto's Exh. B, page 79, lines 19-21:

>   Hom:    Isn't it true that the people you interviewed and hired are younger than Steve Ceslik?
>   Basta:  I guess (inaudible.)

The audible answer was, "I guess so. Yeah. (Basta laughs,)" followed by Hom saying "Okay." See Exh. P-1, page 79, lines 19-21.

In the falsified transcript, it is not clear what "I guess" might refer to. The true answer is an audible affirmative response to the question about interviewing and hiring younger people. This alteration of the transcript seeks to deprive the plaintiff of proof of Lies # 15 & 16 contained in Motion to Disqualify.

For example, the transcript of the April 13, 2001 telephone conversation (Corleto Exh. E), even though certified to be accurate, contains a material error in that Basta on the tape stated that he was looking for people with "preferably no experience." The certified transcript, however, attributes that statement to Ceslik. Corleto's Exh. F, the defendant's Answers to CHRO complaint, at page 4, #19, related to Lie # 17, denied that Basta ever

9

made such a statement, consistent with the inaccurate transcript.

Also Note C-1 (really plaintiff's F-1 at the CHRO proceedings, which is also Exh. P-8 to this Objection, pertains to Lie # 17. Both the tape and Basta's testimony prove they lied to the federal court. In Corleto's Exh. B, page 79, lines 15-18, Basta testified that people in sales for any length of time had bad habits. Certainly this proves that Corleto and Barberino lied in filing their Answer in federal court in direct contradiction to their own witnesses' testimony.

Further on the issue of disqualification, Attorney Corleto has made himself a witness on these important contested issues because in his Affidavit dated August 10, 2004, he personally swears that the transcripts filed with his Memorandum are true and accurate. See Exh. P-4, para. 3 & 6.

*It is an important area of inquiry regarding how fabricated transcripts were supplied to this Court, which transcripts he has personally sworn to be accurate.*

The jury has the right to hear at what great lengths the defendant and their counsel have gone to cover up age discrimination and violate the plaintiff's civil rights.

10

Before addressing Corleto's arguments and lies, I ask the court to keep in mind the Motion to Disqualify presents cause to disqualify the defendant's attorneys and for calling Corleto and Eaton as witnesses. The issue is not Ceslik. Attorney Corleto's arguments about Ceslik are designed to divert the court from the real issues raised in the Motion to Disqualify.

The legal authorities cited by Attorney Corleto in his Memorandum do not apply here. My claims do not raise garden variety disqualification issues, like balancing the right to pick your own counsel and not using disqualification as a litigation strategy. By way of contrast, I am raising issues of criminal conduct and fraud on the court in suborning perjury, fabricating transcripts and raising wholly fabricated defenses. The rules call for Corleto's disqualification.

Attorney Corleto lies further in his Memorandum as follows:

1) On page 5, he tells the court that Ceslik is attempting to control the proceedings "by dismissing his own counsel." This is a <u>blatant lie</u> to his Court. Attorney McDermott, in fact, withdrew. Attorney Corleto's own Exhibit A, disputes that he lied to the court to slander Ceslik.

11

2) On page 6, he tells the court that Ceslik, in prior litigation, dismissed his attorney 4 years into the litigation. This happened some 10 years ago, and the attorney was "dismissed" because Ceslik ran out of money to pay him. How does this matter? How is this relevant to the merits of the Motion to Disqualify? Further, it is misleading to use this as an example of Ceslik being some kind of troublemaker. Corleto's strategy here is, having no facts, he instead attacks Ceslik's character by making irrelevant charges out of context. The issue is the illegal misconduct of Corleto and his client, not Ceslik.

3) Another lie to the court was that CHRO Attorney Sinclair was the fact-finder in a case involving the Used Car Warehouse case. This is simply untrue.

4) Another example of reverting to character assassination is the reference to Roxanne Sinclair, while providing no information about the legitimacy of Ceslik's actions. Roxanne Sinclair conducted an illegal telephone interview with a witness in the Napoli case in violation of the telephonic eavesdropping laws, as explained in Attorney Corleto's own Exhibit D, pages 58-61. I filed a criminal complaint regarding this illegal conduct. How does that make me a crusader against the legal system? Further, in the Napoli Motors matter, CHRO issued a Finding of Reasonable Cause in my favor. See Exh. P-5.

12

This is not relevant, but see Exh. P-6 (Criminal complaint to Chief States' Attorney and Affidavit of Margaret Murray, who was also a victim.

Altering the transcript enables Corleto to argue that the transcript was not important and did not contradict later positions, resulting in less serious criminal or ethical violations. Also, without falsifying the transcript, Corleto could not even attempt to respond to the Motion to Disqualify.

There is no point restating and rearguing the 18 Lies, as they speak for themselves. What is new is that Attorney Corleto has attempted to dilute these lies with a falsified transcript.

It is worth drawing focus, however, to Lie # 8. Throwing away employment applications, as admitted in the defendant's Answer to CHRO Schedule A, in violation of federal law is not a trivial matter and is not a disputed matter to be determined at trial. The defendant admitted it, and Basta lied when he testified there was no set policy. As someone in charge of hiring, he knew about the polices as admitted in the defendant's Answer. Corleto's own Exhibit C, page 4, #12a; page 5, # 12c admits this. Also, in Exh. B, page 80, lines 15-22, Corleto made wholesale changes. See Exh. P-1, page 80, lines 15-22. If the defendant is telling th truth, why did they alter page 80 of Corleto's Exh. B?

13

Also, matters admitted in CHRO pleadings are, without explanation, changed to denials in this Court. This is true for matters identified in Lies 13, 15, and 16. How can this be ethical? How can they intend to controvert these matters in good faith when they previously admitted them? By way of CHRO Answer, testimony and documents, these matters have already been admitted.

Attorney Corleto refutes Lies 3, 4 and 5 by stating that Leon Gjione would testify. There is no such testimony, so how can it be considered? Are we to assume that somehow Gjione, if he ever testifies, would contradict the defendant's other witnesses, like Basta? See Exh. P-10 (4/16/01 transcript of Ceslik's phone conversation with Basta trying to get interview.)

Lies 14, 17, and 18 are contradicted by the defendant's own testimony and documents.

Further on Lie 17, on 8/10/04 defendant submitted Exhibit B confirming, at page 79, lines 3 - 10 and 15 - 18, that Corleto lied in his Response with this Court. Also, Corleto's 8/10/04 Exhibit E has been altered, attributing to Ceslik a statement made by Basta, and identifying Ceslik's F-1 as C-1, to dilute this lie. See Corleto Exh. E, page 2, lines 7-9 to be matched against Plaintiffs' Exh. P-8, the accurate transcript, which the

14

defendant and Corleto have had in their possession since 2001. See Exh. P-9 (tape recording) and P-8 (transcript of that recording). This is the same tape recording that Corleto identifies as C-1. See Corleto's Exh. E (transcript falsely identifying F-1 as C-1 to confuse everyone.)

Regarding Lie 18, Corleto's Exhibit B, page 34, lines 18-25, containing testimony by Ed Mealey, Corleto's own witness, contradicts Corleto's claims.

Regarding Corleto's response to Lie 11, it is gibberish. I stand by my proof. If it is not the truth, why did Corleto falsify Exhibit B, page 15, line 12, changing "top" sales person to "tough" sales person? Because Barberino's ad sought *6 top performers* in sales. See Exh. P-7 (copy of 4/10/01 Barberino ad.)

Corleto and Barberino would not be lying all over the place unless they were guilty of age discrimination.

I request that a hearing be scheduled to present oral argument on these issues. I also request that the court order Attorney Corleto, Constance Sakyi, and Brandon Smith Reporting to attend the hearing. I request that Attorney Corleto and Brandon Smith Reporting bring with them the tape recordings on which their transcripts were based, and

any correction sheet pertaining the those transcripts.  I request that Constance Sakyi bring with her the original CHRO tape of the 5/7/02 hearing.

Dated at Milford, CT this August 24, 2004.

THE PLAINTIFF, PRO SE

*Stephen Ceslik*

Stephen Ceslik, PRO SE
478 Milford Point Road
Milford, CT 06460
(203) 874-2523

### ORDER

Upon hearing the above matter, it is hereby ordered that:

1) Corleto and Associates is disqualified from representing the defendant in this case.

2) Corleto and Associates and the defendant shall pay a civil penalty to the court and the defendant shall pay Ceslik's expenses in pursuing his Motion to Disqualify.

3) The defendant is hereby defaulted as to liability in this case.

BY THE COURT

_____

16

## CERTIFICATION

This will certify that I mailed a copy of the foregoing motion and the attachments to the following on August 24, 2004:

Corleto & Associates, P.C.
107 Mill Plain Road, Suite 200
Danbury, CT 06811-6100

Stephen Ceslik, Pro Se