

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| STEPHEN CESLIK | : | CIVIL ACTION NO. |
| | | 3:03 CV 0450 (MRK) |
| Plaintiff, | : | |
| v. | : | |
| BARBERINO BROTHERS, INC. | : | August 3, 2004 |
| Defendant. | : | |

---

### REPLY TO PLAINTIFF'S RESPONSE TO ATTORNEY MCDERMOTT'S REPLY TO MOTION FOR SANCTIONS

This attorney is the former counsel to Plaintiff in the above-captioned matter. This attorney represented Plaintiff on a claim of age discrimination in the application process. When Plaintiff insisted on bringing a Motion to Disqualify opposing counsel, this attorney filed a Motion to Withdraw, dated June 5, 2004. This Court granted the Motion to Withdraw on June 15, 2004, effective July 6, 2004.

Plaintiff filed, interalia, a Motion for Sanctions dated July 12, 2004. This attorney filed a Reply on July 17, 2004.

Plaintiff filed a Response on July 23, 2004. This attorney once again is placed in a position where a Reply is warranted. However, as this attorney defends his professional reputation from Plaintiff's attacks, Plaintiff finds new allegations to support his Motion

for Sanctions. Therefore, this attorney denies any and all allegations of violations of the Rules of Professional Conduct, specifically and generally, any and all violations of Rules 3.3 and 8.3.

Plaintiff raises some points in his Response dated July 23, 2004, that this attorney must address:

1. Page 2, entitled "Lie #1":

Plaintiff alleges that he has filed a Motion to Disqualify opposing counsel. If this is correct, this is the first notice this attorney has received of such Motion. Plaintiff did not send a copy to this attorney or a certification stating that a copy of such Motion was filed. If Plaintiff is correct, and a Motion to Disqualify has been filed, this attorney stands corrected and withdraws all comments about the Motion not being filed.

2. Page 2, entitled "Lie #4":

This attorney broke off the attorney-client relationship over the issue of filing a Motion to Disqualify opposing counsel. Had Plaintiff not made accusations regarding this attorney's professional duty and conduct, this attorney would not have commented on this issue. This attorney has an obligation under the Rules of Professional Conduct, Rule 3.3 (a)(1), to not knowingly make a false statement of material fact or law to this Court. Rule 3.3(d) states that a lawyer shall inform the Court of all material facts known to the lawyer in an ex-parte proceeding, whether or not the facts are adverse. Plaintiff made a charge that this attorney had a duty to report what he considered unethical and criminal

conduct by opposing counsel. This attorney responded to that charge in an ex-parte statement to this Court. Accordingly, there is no violation of Rule 3.3.

Additionally, Plaintiff hired this attorney to bring an action based on age discrimination. This attorney was granted the right to withdraw from representing Plaintiff based in part on Plaintiff's insistence that this attorney file a Motion to Disqualify. This attorney never represented Plaintiff on a Motion to Disqualify. Therefore, this attorney did not comment on any matter in which he represented Plaintiff. Accordingly, there is no violation of the Rules of Professional Conduct.

3. Page 3, "Lie #7":

This attorney sent Plaintiff all of the pleadings, discovery, depositions, CHRO transcripts and tapes that constitute the relevant, material documentation and evidence in Plaintiff's claim for age discrimination, at no charge to the Plaintiff. Plaintiff mainly seeks copies of correspondence that he already has in his possession. Plaintiff has aptly documented every piece of correspondence that he sent to my office and every piece of correspondence that my office sent to him. There is no duty on this attorney's part to furnish non-material correspondence when returning Plaintiff's file.

Finally, Plaintiff states that "Attorney McDermott failed to deny that he drank alcoholic beverages during all our meetings (approximately 6 meetings) except our first one". This attorney had not previously denied this defamatory allegation before because Plaintiff had not alleged this before. This attorney denies this allegation and offers this as

proof that Plaintiff's intentions are to defame and harass this attorney because this attorney withdrew representation. Mr. Ceslik is a sophisticated Plaintiff. It is hard to imagine that he would not have complained, or more likely, filed a motion against this attorney, had this attorney been drinking alcoholic beverages at every meeting except one. This is another example where this Plaintiff makes defamatory, unsubstantiated, allegations regarding this attorney's professional reputation.

In conclusion, this attorney represented Plaintiff in a reasonable manner, according to this attorney's assessment of Plaintiff's case based on age discrimination. Plaintiff and this attorney did not agree on numerous issues regarding how to proceed with this case. The final disagreement led to this attorney withdrawing from representing Plaintiff further. This attorney did not violate the Rules of Professional Conduct. Furthermore, Plaintiff has not provided substantive, material evidence of a violation of Rule 3.3 or 8.3.

This attorney respectfully asks this Court to deny Plaintiff's Motion For Sanctions.

BY *Leonard A. McDermott*
Leonard A. McDermott (ct 21996)
Employee Advocates, LLC
35 Porter Ave., 2B
P.O. Box 205
Naugatuck, CT  06770
(203) 723-9610

## CERTIFICATION OF SERVICE

This is to certify that the foregoing Reply to Plaintiff's Motion for Sanctions sent this 3rd of August, 2004, via first class mail, postage prepaid, to:

Stephen Ceslik
478 Milford Point Rd.
Milford, CT 06460


Honorable Judge Mark R. Kravitz
United States District Court
Hartford Office of the Clerk
450 Main Street
Hartford, CT 06103

*Leonard A. McDermott*
Leonard A. McDermott