UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN CESLIK | CIVIL ACTION NO. |
| Plaintiff | 3:03 CV 0450 (MRK) |
| v. | |
| BARBERINO BROTHERS, INC. | SEPTEMBER 1, 2004 |
| Defendant | |

## MOTION FOR CONTEMPT FOR
## FAILURE TO DELIVER FILE

*I move that Attorney Leonard McDermott be held in contempt of court for failure to comply with this court's order dated July 29, 2004 (Ruling and Order #48).*

Attorney McDermott abandoned me on or near the eve of the trial and withdrew from the case. On June 24, 2004, I filed a motion seeking delivery of his file of my case so that I could effectively pursue my case. This court ordered on July 29, 2004 that, "The Court grants Plaintiff's Motion to Deliver File [doc. # 41] to the extent that Mr. McDermott has not already delivered the file, and its contents, to Plaintiff."

1

Attorney McDermott has refused to deliver the whole file as ordered by the court. Instead he only delivered what he deemed "relevant" to my case and what he felt was necessary for me to proceed with the case. He is not entitled to apply his own judgment as to relevancy in giving me <u>only</u> the parts of the file he wants to.

As a few examples, I need to know what has been done to determine what rules have been complied with, which ones have not, and what I need to do next. I need to know what counsel said to each other to know what procedures have been addressed and what facts may have been admitted and what documents may have been given to opposing counsel. <u>Despite all this, the order stands and has been disregarded</u>.

I attached to my 6/24/04 Motion a partial list of the items omitted by Attorney McDermott..

I have now further reviewed the partial file that Attorney McDermott gave me on July 13, 2004, which included:

    1. The CHRO file, Ceslik vs. Barberino, delivered by CHRO to McDermott in April 2004:

        A. 433 pages. Exh. PX-1;

2

B. 7 copies of cassette tapes, 6 of which were audible (2 copies of C-1, single copies of D-1, E-1, F-1 & J-1) and 1 of which was an inaudible, tampered-with 5/7/02 hearing tape. See Exh. PX-2.   Further, both the 433 pages and the 7 tapes were in the original envelopes from CHRO and had been opened by McDermott;

2. Transcripts of depositions of Ceslik and Klugman (2 copies of each). Exh. PX-3;

3. Pleadings for the case. Exh. PX-4;

4. Ceslik's audible taped copy of the 5/7/02 CHRO fact finding hearing, taped at CHRO on 5/17/02 while original played by Hom, consisting of 2 cassettes which Ceslik had given McDermott in 2002. Exh. PX-5;

5. Discovery requests of plaintiff and responses. Exh. PX-6;

6. Discovery requests of defendant and responses. Exh. PX-7;

I attach an 8/31/04 affidavit from Ronald Steger who was present and prepared an inventory listing all the material suppled by Attorney McDermott. Exh. PX-8. See also PX-9 (photos of Ronald Steger holding box received from Attorney McDermott and copy of CHRO letter explaining delivery from CHRO to McDermott.)

**Here is what I know Attorney McDermott did not give me:**

1. Copy of patient's file referenced as Defendant's Exh. 1 in 2/23/04 deposition of Dr. Klugman, consisting of:

A. Copy of patient file;

  B. 2/23/04 and 3/29/04 office notes;
  C. Paper file of Dr. Klugman.

2. Plaintiff's medical list of medications given to Attorney Corleto and made an exhibit at Ceslik's 4/9/04 deposition.

3. There is no copy of the expert report from Dr. Klugman to the defendant.

4. List of defendant's employees with hire dates in 2000 & 2001 and related correspondence.

5. Attorney McDermott had a list in his office of certain Barberino sales people, but the list did not contain hire dates. Attorney McDermott wrote a letter to Corleto's firm requesting that the list be supplemented with hire dates, which letter was dated 2005 in error. I saw this letter in his office, but that letter was not included.

6. Much correspondence between McDermott and Barberino's counsel regarding agreements, procedural matters, possible admissions, etc.

7. Medical reports or information that he received from physicians other than Dr. Klugman that have treated me were not included.

8. Most of the correspondence between Attorney McDermott and me was not included.

9. Voluminous documentary evidence that I delivered to Attorney McDermott from the CHRO case was not returned to me.

There may be other missing documents that I don't know about and can't discover until further review of the full file.

Attorney McDermott has held himself above the law and I move that he be held in contempt of court for his refusal to comply with this court's order to deliver the complete

4

file.

I request a hearing on this matter, that Attorney McDermott be required to attend, that he be placed under oath and explain why he has not delivered the complete file..

Dated at Milford, CT this September 1, 2004.

THE PLAINTIFF

*Stephen Ceslik*

Stephen Ceslik, Pro Se
478 Milford Point Road
Milford, CT 06460
(203) 874-2523

## CERTIFICATION

This will certify that I mailed a copy of the foregoing motion and the attachments to the following on September 1, 2004:

Leonard A. McDermott, Esq.
Employee Advocates, LLC
35 Porter Avenue, Suite 2B
P.O. Box 205
Naugatuck, CT 06770

Corleto & Associates, P.C.
107 Mill Plain Road, Suite 200
Danbury, CT 06811-6100

*Stephen Ceslik*

Stephen Ceslik, Pro Se

5