FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

12 29 PM '04

STEPHEN CESLIK                                   CIVIL ACTION NO.

    Plaintiff                                      3:03 CV 0450 (MRK)

v.

BARBERINO BROTHERS, INC.                         SEPTEMBER 14, 2004

    Defendant

## MOTION FOR SANCTIONS REGARDING DISCOVERY

The defendant filed a Defendant's Response to Plaintiff's First Set of Interrogatories dated December 29, 2003. This Response was not filed under oath. See attached Exhibit A.

FRCP 33(b) provides that "each interrogatory shall be answered separately and fully *under oath* . . . ."

I had numerous discussions with Attorney McDermott who assured me that Attorney Corleto told him he would be re-filing these answers under oath. Upon receiving the part of the file that Attorney McDermott gave me in July 2004, I discovered that the interrogatories had still not been sworn to.

This will certify that significant efforts have been made to have the defendant submit its answers under oath, which should be a relatively simple matter. More than eight months have elapsed since the improper answers were filed, with no corrective action by the defendant despite numerous requests.

The plaintiff moves that the court order sanctions as follows:

1) An order that the matters regarding the subject of the interrogatories shall be taken to be established for the purposes of the action in accordance with the claim of the plaintiff.

2) An order refusing to allow the defendant to support or oppose the matters designated in the interrogatories and prohibiting the defendant from introducing evidence on the designated matters.

Dated at Milford, CT this September 14, 2004.

THE PLAINTIFF

*[signature]*

Stephen Ceslik, PRO SE
478 Milford Point Road
Milford, CT 06460
(203) 874-2523

## CERTIFICATION

This will certify that I mailed a copy of the foregoing motion and the attachments to the following on September 14, 2004:

Corleto & Associates, P.C.
107 Mill Plain Road, Suite 200
Danbury, CT 06811-6100

*[signature]*
Stephen Ceslik, Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN CESLIK, | : | Civil Action No. |
| | : | 3:03 CV 0450(DJS) |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| BARBERINO BROTHERS, INCORPORATED | : | |
| | : | |
| Defendant | : | December 29, 2003 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES**

A. **INSTRUCTIONS AND DEFINITIONS**

   A.   "You", "your" and "yourself" refer to the party or parties to whom the following interrogatories and requests for production are addressed, and their agents, representatives, officers, directors and employees.

   B.   "Person" means a natural person or persons, groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity, (e.g., as a committee, board of directors, etc.), firm, proprietorship, corporation, association, partnership, government, government agency, or any other type of organization or entity.

   C.   "Document" or "documents" means any written, typed, printed, recorded or graphic matter, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all correspondence, records, tables, charts, plans, specifications, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), electronic mail, telegrams, telexes, messages (including, but not limited to reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including, but not limited to, inter and

EXH. A

intra office communications), questionnaires, contracts, memoranda or agreements, assignments, licenses, ledgers, books of account, receipts, acknowledgments, data processing cards, computer negatives, phonograph records, tape recordings, wire recordings, other mechanical recordings, transcripts or logs of any such recordings, all other data compilations from which information can be obtained, or translated if necessary, and any other tangible thing of a similar nature.

D. "Identify" means when used in reference to:

1. a <u>document</u>, to state separately (i) its description (e.g. letter, reports, memorandum, etc.), (ii) its date, (iii) its subject matter, (iv) the identity of each author or signer, (v) its present location and the identity of its custodian;

2. an <u>oral or written communication</u>, to state separately (i) its date and place where it occurred, (ii) its subject matter, (iv) the identity of each author or signer, (v) its present location and the identity of its custodian;

3. a <u>natural person or persons</u>, to state separately (i) the full name of each such person, (ii) his or her present, or last known, business address and his or her present or last known, residential address, and (iii) the employer of the person at the time to which the interrogatory answer is directed and the person's title or position at that time;

4. an <u>organization or entity</u> other than a natural person (<u>e.g.</u>, a company, a corporation, firm, association, or partnership), to state separately (i) the full name and type of organization or entity, (ii) the date and state of organization or incorporation, (iii) the address of each of its principal places of business, and (iv) the nature of the business conducted.

2

E. Each request to identify or produce a document or documents shall be deemed to call for the identification or production of the original document or documents to the extent that they are in or subject to, directly or indirectly, the control of the party to whom these interrogatories and requests for production are addressed. In addition, each request shall be considered as including a request for separate identification or production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof). The production of any document for inspection and copying shall be deemed to satisfy any interrogatory requesting the identification of such document.

F. Whenever appropriate, the singular form of a word shall be interpreted as plural, and vice versa; the masculine form shall be interpreted to include the feminine form, and vice versa; the word "and" shall be deemed to include the disjunctive "or", and vice versa.

G. These interrogatories and requests for production shall be deemed continuing so as to require supplemental responses if the party to whom these interrogatories and requests are addressed obtains further responsive information and/or documents between the time the answers are served and the time of any trial in this case.

H. With respect to any information or document which is withheld in whole or in part on the ground of privilege, state with regard thereto:

  1. The general subject matter of the information or the document;

  2. The type of document for which the privilege is claimed, (e.g., letter, memorandum, etc.);

3

3. The date of the document or information;

4. The author of the document or the communicator of the information, including the specific capacity in which such person acted in doing same;

5. Identify each person who received the original or a copy thereof of the document or to whom the information or the contents of the documents was communicated, including, the specific capacity in which such person received the document or information;

6. The nature and specific basis for the claim of privilege, including why such basis applied to the document or information in question.

I. A request for information or documents "relating to" any given subject shall be deemed to include all information or documents that constitute, contain, evidence, embody, reflect, identify, state, refer to, deal with or in any way pertain to the subject.

B. **INTERROGATORIES**

1. Please state the following:

    (a) Name of Defendants
    (b) Address of Defendants
    (c) If the Defendants are incorporated, under what state's law is it incorporated.

ANSWER: **(a) Barberino Brothers, Inc.**
**(b) 505 North Colony Road**
    **Wallingford, Connecticut 06492**
**(c) Connecticut**

2. Please state the names and ages of all sales employees hired during the years of 2000 and 2001.

4

ANSWER:   The defendant objects to this interrogatory on the grounds that it seeks information that is irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence, and may breach defendant's obligation of employee confidentiality, C.G.S. §31-128f.

3. Identify each person whom the Defendants contend have knowledge of the facts relating to the claims alleged in the Complaint in this case, and for each person identified, state briefly the substance of the facts believed to be known to such person.

ANSWER:
A. Mike Bosta has knowledge relating to the reasons underlying Mr. Ceslik not being hired by Barberino Brothers. Mr. Bosta will also testify regarding the ad in the New Haven Register. Further, he will testify regarding the selection process for hiring employees. Mr. Bosta's testimony will be based on his experience as sales manager, his conversations in person and via telephone with Mr. Ceslik, and telephone conversation with Mr. Ceslik's previous employer.

B. Leon Gijone has knowledge or information related to Mr. Ceslik's prior employment. Mr. Gijone was Mr. Ceslik's supervisor at Colonial Toyota.

C. Ed Mealey has knowledge related to his conversation with Mr. Ceslik stating in pertinent part, "they don't hire old fucks like us".

D. Thomas Barberino has knowledge regarding Barberino Brothers, Inc.'s hiring practices and policies.

4. Please list all witnesses and what they are expected to testify to.

ANSWER:
- A. Mike Bosta will testify that Barberino Brothers had valid nondiscriminatory reasons for refusing Ceslik employment including, poor employment references and personality conflicts.
- B. Ed Mealey will testify that his statement to Mr. Ceslik stating in pertinent part, "they don't hire old fucks like us" was meant in jest.
- C. Leon Gijone will testify that he informed Mr. Bosta that Ceslik was not eligible for rehire at Colonial Toyota.
- D. Thomas Barberino will testify that Barberino Brothers does not have a policy or practice of age discrimination.

5. Please provide all information in support of Defendants' special defense that the "Plaintiff has failed to mitigate his damages."

ANSWER: Plaintiff's responses to defendant's interrogatories disclose that between April, 2000 and January 2003, he worked only four months. Specifically, plaintiff worked from September through December 2002. Aside from said employment, Mr. Ceslik has not shown that he has in fact applied for any position since April, 2000.

6. Please state all facts and sources(s) of information in support of Defendants' second special defense that "Plaintiff failed to fully and accurately disclose his employment history, and was thus not a qualified candidate."

ANSWER: Mr. Ceslik failed to disclose that he was discharged by two employers referenced in his job application. Defendant will rely on:
(a) Documents from Ceslik's CHRO claim against Barberino that disclose his prior employment and his claims against those employers;

6

  (b) Mr. Ceslik's job application; and
  (c) Statement from Leon Gijone regarding Ceslik not being eligible for re-hire.

7. Please state all facts and source(s) of information in support of Defendants' third special defense that "Plaintiff applied for the position with the Defendants with the intent to bring a discrimination claim."

ANSWER: Upon information and belief, this is plaintiff's fifth CHRO claim against an automobile dealership. Plaintiff's prior claim closely resembles that of this current claim.

8. Identify the insurance carrier and coverage, if any, relative to Plaintiff's complaint based on age discrimination.

ANSWER: Lexington Insurance Company Policy No. 119605-6477679. Coverage:

9. Please state the names and ages of all sales applicants during the year of 2001.

ANSWER: Objection. The defendant objects to this interrogatory on the grounds that it seeks irrelevant immaterial or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleges age discrimination pursuant to the Federal Age Discrimination in Employment Act of 1967, (29 U.S.C. 61 et sec.). Defendant exerts no control and cannot determine the individuals who will apply for its advertised position(s). Furthermore, defendant does not keep records of all applicants but only those that are hired. Moreover, plaintiff sought employment with the defendant in April 2000. Accordingly, the names and ages of applicants for the year 2001 is inapplicable. Lastly,

7

the request seeks information protected by the Employee Confidentiality Provision C.G.S. §31-128f.

Respectfully submitted,
THE DEFENDANT
BARBERINO BROTHERS, INCORPORATED

By: _____
Anthony B. Corleto, Esq.  (CT 13520)
CORLETO & ASSOCIATES, P.C.
107 Mill Plain Road, Suite 200
Danbury, CT 06811
(203) 790-7540
Juris No. 412229

8

## CERTIFICATION

It is hereby certified that a copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** was mailed postage pre-paid, to all counsel of record, pro se parties of record and non appearing parties on December 29, 2003 as follows:

Leonard A. McDermott, Esq.
Employee Advocates, LLC
35 Porter Avenue, 2B
PO Box 205
Naugatuck, CT 06770

_____
Anthony B. Corleto

T:\Lex0114CT\Suit\pld.13.wpd