UNITED STATES DISTRICT COURT    FILED
DISTRICT OF CONNECTICUT

STEPHEN CESLIK                                CIVIL ACTION NO.

        Plaintiff                             3:03 CV 0450 (MRK)

v.

BARBERINO BROTHERS, INC.                      SEPTEMBER 28, 2004

        Defendant

## SECOND SUPPLEMENT TO MOTION FOR CONTEMPT FOR FAILURE TO DELIVER FILE

On June 24, 2004, I filed a motion seeking delivery of my file so that I could effectively

pursue my case. This court ordered on July 29, 2004 that, "The Court grants Plaintiff's

Motion to Deliver File [doc. # 41] to the extent that Mr. McDermott has not already

delivered the file, and its contents, to Plaintiff." On September 1, 2004, I filed a Motion

for Contempt for Failure to Deliver the File.


Attorney McDermott refused to deliver the whole file as ordered by the court. I filed a

Supplemental Motion dated September 9, 2004 because he was only supplying what he

deemed "relevant" to my case and what he felt was necessary for me to proceed with the

case.

1

He has now supplied additional documents, with a cover letter dated September 18, 2004. Attorney McDermott again defies the direct order of the court. Although he supplied some additional documents from his file, but I have still not received the following documents that I know about:

1) Dr. Klugman's office notes of 2/23/04 and 3/29/04 (Defendant's Exh. B at Dr. Klugman's 4/9/04 deposition), as referenced on page 3 of said deposition transcript.

2) Defendant's Exh. C to same deposition (Dr. Klugman's paper file), also referenced on page 3 of said deposition transcript.

3) Attorney McDermott stated in his letter that much of his "correspondence with defendant's attorney occurred by telephone," and that he "will" send me what he has. Nothing was supplied.

4) As referenced in my deposition transcript dated 4/9/04, defendant's Exhibits A and B were not supplied. Exhibit A was Ceslik's List of Medications. Exhibit B was "Plaintiff's Complaint."

I attach an affidavit dated September 28, 2004 of Ronald Steger who was present when I

2

received that latest batch of materials from Attorney McDermott (received approximately September 23, 2004, and he and I prepared the 11-page inventory attached to that affidavit.

Attorney McDermott continues to send me what he considers appropriate, not the entire file as ordered by the court.   I don't know what is so difficult about sending me his file. After all this time, Attorney McDermott is still cherry picking as to what he wants to send me in defiance of the court's order.

I request that Attorney McDermott be punished to discourage him from violating court orders.   I further request costs, as authorized in the case described in the attached article.

Dated at Milford, CT this September 28, 2004.

                                    THE PLAINTIFF

                                    Stephen Ceslik, Pro Se
                                    478 Milford Point Road
                                    Milford, CT 06460
                                    (203) 874-2523

CERTIFICATION

This will certify that I mailed a copy of the foregoing motion and the attachments to the following on September 28, 2004:

Leonard A. McDermott, Esq. (Cert mail # 7002 0860 0003 9776 2797)
Employee Advocates, LLC
35 Porter Avenue, Suite 2B
P.O. Box 205
Naugatuck, CT 06770

Corleto & Associates, P.C.
107 Mill Plain Road, Suite 200
Danbury, CT 06811-6100

_____
Stephen Ceslik, Pro Se

4

# **AFFIDAVIT**

The undersigned, Ronald Steger, of 78 Old Tavern Road, Orange, CT 06477, being first duly sworn, deposes and states as follows:

1) I am above the age of 18 years and I believe in the obligation of an oath.

2) I was present on 9/23/04 when Stephen Ceslik opened and reviewed certain materials suppled to him by Attorney McDermott and I prepared an inventory, with Mr. Ceslik's assistance, of the documents supplied.

3) I attach hereto the inventory I prepared on 9/23/04 of the materials supplied to Mr. Ceslik by Attorney McDermott.

Signed at Milford, Connecticut on ___Sept 28___, 2004.

STATE OF CONNECTICUT
                                 ss:   Milford
COUNTY OF NEW HAVEN

Subscribed and sworn to before me this ___Sept 28___, 2004.

Notary public
My commission expires /5/3//06

Gave in zul Butch Sept. 04

Page 1

| Date | Type | # pgs | Description |
|------|------|-------|-------------|
| 6/20/01 | Doc. | 48 | Complaint (Barb) with exhibits. A-Q - copy |
| 6/20/01 | Doc. | 7 | Form 103 Complaint (Ces vs Barb.) - copy |
| 6/20/01 | Doc. | 5 | Ltr. Ceslik To Brothers. Corcleto - Copy (Fax by Corleto Prod.From) |
| 6/20/01 | Doc. | 18 | Complaint (Ces. Vs Barb.)      - Copy |
| 8/21/01 | Doc. | 106 | Eaton To Ceslik - Ans. Barb. Sch "A" 8/8/01-Cp. |
| 6/7/02 | Doc. | 11 | Ces. - Hom. F.F./Settlement brg. Copy |
| 6/29/02 | Doc. | 6 | Ces. - Hom. Dentist Bills      Copy |
| 7/23/02 | Doc. | 5 | Suppl. to Complat. Colonial    Copy |
| 8/16/02 | Doc. | 3 | Amended Complaint             Copy |
| 8/16/02 | Doc. | 4 | Suppl. to Complaint           Copy |
| 9/16/02 | Doc. | 2 | Ces.- Hom / Klugman Report     Copy |
| 9/25/02 | Doc. | 2 | Ces.- McDermott/Seeking attny. Orig. |

Page 2

| Date | Type | #Pgs. | Description | Org/Copy |
|------|------|-------|-------------|----------|
| 10/10/02 | Doc. | 1 | Ces. – McDmt. RE: Meeting | Copy |
| 10/24/02 | Doc. | 1 | Ces. – McDermott | Copy |
| 10/24/02 | Doc | 2 | Table of Contents RE: 22 documents | Copy |
| 11/25/02 | Doc. | 3 | Retainer Agreement /3000 | Copy |
| 11/26/02 | Doc. | 1 | Cover letter Ceslik to McDermott – Napoli Complaints | Orig. |
| 12/4/02 | Doc. | 2 | McDermott T. Ceslik – scope of Legal Representation – Did Not Return orig Klugman Report – wrong attachment. | Copy |
| 12/9/02 | Doc | 1 | Ces. to McDmt. RE: Napoli | Orig. |
| 12/11/02 | Doc | 5 | Ces. to McDmt. Dealers blackballing Ceslik | Copy |
| 12/20/02 | Doc. | 1 | McDmt. to Ces. RE: Napoli Mtrs. | Copy |
| 12/20/02 | Doc. | 5 | McDmt. to Ces. Notice of appearance | Copy |

*Page 3*

| Date | Type | pg's | Description | Type |
|------|------|------|-------------|------|
| 1/6/03 | Doc. | 1 | Ceslik To McDermott Reserve 5/7/2 Tape Recording | — Orig. |
| 1/14/03 | Doc | 12 | Ceslik To McDermott Ces. vs. Barb. | — Orig. |
| 1/28/03 | Doc. | 1 | Ceslik To McDermott — Filing Deadline | Orig. |
| 3/14/03 | Doc | 1 | McDermott To Ceslik — Court Costs | — Copy |
| 03 | Doc. | 1 | Ces. to McDmt. Ceslik suggestions RE: discovery | Orig. |
| 5/10/03 | Doc. | 1 | Ces. to McDmt. / Send copy of Barb. answers | Orig. |
| 6/5/03 | Doc. | 10 | McDmt. to Corleto, rule 26F Rpt. | C-py |
| 7/15/03 | Doc | 1 | Ces. to McDmt. Wants jury trial | Orig. |
| 7/22/03 | Doc. | 2 | McDermott To Ceslik — Response To Ceslik 7/15/03 letter. | — Copy |
| 9/2/03 | Doc | 1 | Ceslik To McDermott I STILL WANT A JURY TRIAL AND. Reserve CHRO Files IN Barbarino Case. | — Orig. |
| 9/18/03 | Doc. | 12 | (D) Interrogatories & Production | — Orig |

Page 4

| Date | Type | # pgs | Description | Orig. / Copy |
|------|------|-------|-------------|--------------|
| 10/24/03 | Doc | 1 | Ces. to McDrmt - Ill side effects of meds. | Orig. |

10/28/03 - 1 - Doc . Ceslik T. McDermott - Response - Orig. To his 10/14/03 Letter, Witness.

11/6/03 - 7 - Doc (P) Ans. To Interrogatories - Copy

11/6/03 - 1 - Doc - Ceslik To McDermott - Send - Orig. Copies To (P). Send Interrogatories.

11/6/03 - 1 - Doc. Kravitz Order - Doc. 18 - Copy.

11/8/03, - 31 - Doc. Ceslik To McDermott - Production - Orig. Re Dr. Klugman.

11/8/03, - 1 - Doc. Ceslik To McDermott - Production - Copy.

11/10/03 - 1 - Doc Ceslik To McDermott - Medical Records - Orig.

11/25/03, - 1 - Doc. Ceslik To McDermott - 6/27/02 - Orig. Letter To Hom.

12/5/03 - 6 - Doc. Memo & Order . - Copy

Page 5

| Date | Type | # pgs | Description | Orig./Copy |
|---|---|---|---|---|
| 12/9/03 -1- | Doc. | | Corele To: Judge Smith Postphone Settlement Conf. | Copy |
| 12/9/03 -2- | Doc. | | Corele To Smith, Same as above | Copy |
| 12/16/03 | Doc. | 1 | Ces. to McDrmt. get copies of Barb. answers to discovery | Copy |
| 12/31/03 | Doc | 1 | Ces. to McDrmt. Ⓓ Answers to discovery | Orig. |
| 12/31/03 | Doc | 1 | Ces. to McDermt. 12/15/03 Motion to Compell by Ⓓ | Orig. |
| 12/31/03 | Doc | 1 | Ces. to McDrmt. Med. bills | Copy |
| 12/31/03 | Doc | 1 | Ces. to McDrmt. Flu ansrs. to Ⓓ Discovery | Copy |
| 1/3/04 | Doc | 2 | Ces. to McDrmt. / earnings Paul Miller statement | Orig. |
| 1/9/04 | Doc | 5 | Ces. to McDrmt. Dr. Kim, ulcer colik | Orig. |

Page 6

| Date | # pgs | Type | Description | Orig. Copy |
|------|-------|------|-------------|------------|
| 1/8/04 | 5 | Doc | Dr. Klugman Report | 2 copies |

1/9/4 - 1 - Doc. Loretto To Court - Reply To — Copy
⓪ Obj. To Motion To Compel.

1/10/4 - 6 - Doc. Dr. Kim / Medical. — orig.

1/14/4 - 1 - Doc. McDermott To Leslik - Discovery — Copy
and depositions.

1/15/4 - 1 - Doc. PerTos To McDermott - Aff — Orig-
of Good Faith. No Exclosure.

1/22/4 - 1 - Doc. Leslik To McDermott - Ⓓ — orig.
responses To Discovery, Leslik's Comments
not Sworn To.

1/22/4 - 1 - Doc. Loretto To Court - Sur-Reply/ Copy
Objection. No Enclosure.

1/24/4 - 2 - Doc - Leslik To McDermott - Damages - Orig.
No Attachments included.

1/24/4 - 1 - Doc. Leslik To McDermott - Damages Text - Orig

1/27/4 - 1 - Doc. Leslik To McDermott - Damages — orig.
Discovery. No Attachments.

Page 7

| Date | # Pgs | Type | Description | Orig/Copy |
|------|-------|------|-------------|-----------|
| 2/1/4 | 1 | Doc. | Ceslik To McDermott - Bates/ Witness | Orig |
| 2/2/4 | 3 | Doc. | Coreleto To McDermott - Draft Letter, ~~Disclosures~~ | Orig. |
| 2/2/4 | 2 | Doc. | Coreleto To McDermott - Discovery | Copy |
| 2/2/4 | 1 | Doc. | Ceslik To McDermott - Deposition | Orig. |
| 2/3/4 | 5 | Doc. | Ceslik To McDermott - Mitigation with Attachments | Orig. |
| 2/7/4 | 1 | Doc. | McDermott To Ceslik - Deposition - No Enclosures. | Copy |
| 2/9/4 | 2 | Doc. | Ceslik To McDermott 5/7/02 Tape get Cert Copy From C.H.R.O. | Orig. |
| 2/10/4 | 3 | Doc. | Ceslik To McDermott - Discovery | Orig. |
| 2/10/4 | 5 | Doc. | Ceslik To McDermott - Perf. Reports | Orig. |
| 2/11/4 | 1 | Doc. | Ceslik To McDermott Sales Awards | Orig. |
| 2/11/04 | 5 | Doc | Ces. to McDermott / ~~Bonuses~~ | Orig. |

Page 8

| Date | # Pgs | Type | Description | Orig/Copy |
|------|-------|------|-------------|-----------|
| 2/2/4 | 1 | Doc. | Ceslik to McDermott - Resume | Orig. |
| 2/13/4 | 1 | Doc. | Ceslik to McDermott - Bank. And to Discovery not sworn to. File appropriate Motions. | Orig. |
| 2/19/4 | 3 | Doc. | Ceslik to McDermott Damage/ Dentist Bill. | Orig |
| 2/24/4 | 2 | Doc. | Ceslik to McDermott Plaintiffs - Sick, Postphone Depo. Dr's note of 2/23/4 attached. | Orig. |
| 2/23/4 | 1 | Doc. | Ceslik to McDermott - Klugman Depo. Expense. | Orig |
| 2/25/04 | 1 | Doc. | Pectab - McDrmt., Depositions | Orig. |
| 2/25/04 | 1 | Doc. | Ces. to McDrmt., Cost of Klugman's deposition | Copy |
| 2/26/4 | 1 | Doc. | Ceslik to McDermott - Klugman report. | Orig |
| 2/29/4 | 1 | Doc. | Ceslik to McDermott - Dr. | Orig. |

Page 9

| Date | # pgs. | Type | Description | Orig/Copy |
|------|--------|------|-------------|-----------|
| 3/11/04 | 3 | Doc. | Per tab to McDermott- list of Barb. sales persons | Copy |

3/12/4 - 2 - Doc. Ceslik To McDermott - Klymon - Orig Depo. Expense. Attached 9/19/02 Klugman report.

3/18/4 - 1 - Doc. Ceslik To McDermott - 120th Ck - Orig. For C.H.R.O. File documents And 6 Tapes.

3/31/4 - 5 - Doc. Re notice of Depo of Dr. - Copy Klugman.

4/10/4 - 1 - Doc. Ceslik To McDermott - Ceslik Med. Rec - Orig.

4/12/04   1   Doc.   Ces. to McDrmt, RE: list of    Copy
Barberino Sales people

4/26/04   1   Doc,   Ces, to McDrmt, and request    Orig.
for Dr. Klugman's 1/8/04 Medi
report and Barberinos list
of salespeople

5/6/04   5   Doc,   Ces. to McDrmtt. - Barb. Bros -   Orig.
5/7/02 tape testimony - $10,000 bet

Page 10

| Date | # Pgs | Type | Description | Orig/Copy |
|------|-------|------|-------------|-----------|

5/6/4 - 2 - Doc. Ceslik To Mcdermott, (D) — Orig
(D) unsworn answers to
Discovery.

5/13/4 - 1 - Doc. Ceslik To Mcdermott Mail — orig
copies of (D) sworn sheet
to answer interrogatories

5/24/4 - 1 - Doc. Ceslik To Mcdermott, Settlement — Ori-
Proposal.

5/24/04 - 1 - Doc. Ceslik To Mcdermott — Copy
Settlement Proposal / Ceslik Sick.

5/27/04 - 1 - Doc. Ceslik To Mcdermott — Copy
Settlement Figure / Blood Pressure.

5/27/4 - 1 - Doc. Ceslik To Mcdermott - Settlement — Orig
Conf. / Borbasin Swearing
to there answer re
Interrogatories, High B.P.

Page 11

| Date | # pgs. | Type | Description | Orig/Copy |
|------|--------|------|-------------|-----------|

6/3/4 - Num er ous - Doc. Ceslik To McDermott - Motion - Orig
To disqualify Conrad To/
18 Life, Exhibits A -
P.

6/14/4 - 1 - Doc. Ceslik Appearance - U.S. Court - Copy

6/14/04 - 1 - Doc. Conrad To McDermott - Joint - Copy
Pre Trial order - no
Enclosures

6/22/4 - 2 - Docs Conrad To Krawitz - Motion - Copy
To withdraw Appearance

3/5/5(04) - 1 - Doc. McDermott To PerTab. Hire - Copy
Dates Barborin - Sales
People.

(Exhibit D) for I.D. 4/9/04 klugman deposition. 1/8/04
(A) klugman report + resume 5 pgs., klugman report 10 pgs.,
9/10/02 klugman report w/ 2/23/04 note Ceslik's
medicine change, All copies.

# the LegalReformer

*Special Double Issue*

HALT'S MEMBERSHIP NEWSLETTER • Spring & Summer 2002

# Maryland Governor Kills Small Claims Reform – Again!

In a repeat of events from last year, lame duck Maryland Governor Parris Glendening has vetoed legislation which would have raised the state's small claims dollar limit from $2,500 to $5,000. Despite a concerted effort by HALT and its supporters, the governor took the same position as he did last year when he vetoed identical legislation at the urging of the Maryland Trial Lawyers Association.

As a result of the veto, Maryland's small claims limit remains the eighth-lowest in the country. Had the legislation passed, the state would have moved above the $4,000 national median for small claims dollar limits.

"We're very disappointed that Governor Glendening has once again denied the people of Maryland access to the legal system in favor of helping the

trial lawyers maintain their monopoly over that system," said HALT Executive Director Jim Turner. "It's an example of special interest politics at its worst. The trial lawyers' financial support for Glendening apparently allowed them to torpedo this much needed reform. It's truly a sad day for Maryland."

The legislation passed unanimously in both houses of the Maryland General Assembly, as was the case in 2001. Also, as in 2001, the only group to voice opposition to the bill was the trial bar, which claims that increasing the dollar limit will hurt plaintiffs by tak-
*Continued on page 2*

## Inside This Issue

HALT Welcomes New Staff ...... 2
Legal Reform News .................. 3
Evelyn West Civil Justice Fund .. 4
New HALT Brochure Helps
   Airline Crash Victims .............. 4
Lawyer Discipline
   by the Numbers ..................... 6
A Short History of
   Lawyer Discipline ................. 7
HALT Interviews Leslie Murphy  8
Mandatory Malpractice
   Insurance ............................. 9
Please Don't Call Me .............. 10
HALT's Self-Help Books ......... 11

## Victory for *Pro Se* Litigants

HALT won an important victory for *pro se* litigants in a recent decision by the U.S. Court of Appeals for the Federal Circuit. On April 3, in *Pickholtz v. Rainbow Technologies*, the appellate court ruled that a trial court must consider using its inherent powers to award attorney fees to a *pro se* litigant who has been subject to abuse of the discovery process by the opposing party.

The case is an appeal of a decision of the U.S. District Court for the Northern District of California to deny an award of attorney fees to Andrew Pickholtz, a *pro se* litigant, despite attempts by his opponent to stonewall his discovery requests. An order to pay the other side's attorney fees is a common sanction in instances of misconduct, but has usually only been applied to parties represented by counsel. On appeal, HALT filed an *amicus curiae* or "friend of the court" brief arguing that "failing to apply full sanctions against parties who have committed discovery abuses, simply

because the opposing party is not represented by counsel, perversely undermines the entire system of sanctions. If a party knows that it can commit discovery abuses against a *pro se* litigant with a large degree of impunity, the courts are actually fostering the kind of dilatory misconduct that occurred in this case."

The court's decision acknowledges HALT's argument, stating that the unavailability of sanctions "would place a *pro se* litigant at the mercy of an opponent who might engage in otherwise sanctionable conduct, but not be liable for attorney fees to a *pro se* party."

Commenting on HALT's work, plaintiff-appellant Andrew Pickholtz said, "I would like to thank HALT for its *amicus* brief. I have long considered the right to represent oneself a prerequisite for any judicial system that claims equal access. HALT is providing an important service to individuals and the American judicial process as a whole." ∎