UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN CESLIK                              CIVIL ACTION NO.

    Plaintiff                              3:03 CV 0450 (MRK)

v.

BARBERINO BROTHERS, INC.                    OCTOBER 14, 2004

    Defendant

## THIRD SUPPLEMENT TO MOTION FOR CONTEMPT FOR FAILURE TO DELIVER FILE

On June 24, 2004, I filed a motion seeking delivery of my file so that I could effectively pursue my case. This court ordered on July 29, 2004 that, "The Court grants Plaintiff's Motion to Deliver File [doc. # 41] to the extent that Mr. McDermott has not already delivered the file, and its contents, to Plaintiff." On September 1, 2004, I filed a Motion for Contempt for Failure to Deliver the File.

Attorney McDermott, in flagrant violation of Magistrate Thomas Smith's Memorandum and Order dated December 5, 2003 regarding "letter briefs", sent a letter to Hon. Mark R. Kravitz dated October 9, 2004 (copy attached) proclaiming his compliance with the court's order requiring delivery of my file to me. I ask the court to review the

1

Magistrate's Memorandum regarding the attorneys' disregard of court procedures that ensure the smooth flow of matters through the courts.

Attorney McDermott's letter to the court, together with his letter to me attached to it, contain several internal contradictions. Attorney McDermott states that he has delivered to me all the documents he has, but twice he qualifies this broad statement. First, in his 10/9/04 letter, he states that, "You have everything you need to proceed with your case." This suggests that he is delivering what he thinks I need, instead of everything. Second, he admits that he has not delivered attorney work product. While I understand that attorney work product may not be discoverable by the other side, an attorney is not entitled to conceal his work product from his own client who is paying for that work and who has been abandoned prior to trial to proceed on his own.

I beg the Court to find Attorney McDermott in contempt and punish him for not obeying the Court's July 29, 2004 order. Prior to that, Attorney McDermott said he gave me what he feels I needed and through this date he still states he has given me what he feels I "need to proceed with my case." I cannot improve my medical conditions by responding to his deceptiveness. He writes the court stating one thing and then writes me a letter contradicting himself on the same subject. He tells the court he gave me everything.

2

Then he writes that he is not giving me his work product, and that I have everything I need.

Further, in his letter to me dated September 18, 2004 (copy attached), Attorney McDermott stated that much of his correspondence with Attorney Corleto was by phone, "but I will send you what I have." He has sent no notes regarding these phone conversations, as he promised in his letter of September 18, 2004.

Also, Attorney McDermott stated in his letter to me dated October 9, 2004, in the middle of page 2, that Def. Exh. C at Dr. Klugman's deposition was provided to me, and he additionally was attached to the copy of the deposition transcript sent to me. Neither is true. I went to considerable trouble to inventory everything that was delivered to me. See Steger affidavit attached to previous motion, which confirms what was sent to me. The above Exhibit C was not delivered to me in any manner.

Both the first and last sentences of Attorney McDermott's letter dated October 9, 2004 suggest that he has more documents. In the last paragraph he even offers to copy more documents if I feel I need them. How do I know what documents he means? This is a clear admission that he retains documents not sent to me, as I have stated all along.

3

As recited in my previous motions, there are numerous documents that Attorney McDermott should have delivered, but has not. I stand by the arguments in those motions, and ask the court to impose sanctions on Attorney McDermott for his continued defiance of the court's orders.

Dated at Milford, CT this October 14, 2004.

THE PLAINTIFF

_____
Stephen Ceslik, Pro Se
478 Milford Point Road
Milford, CT 06460
(203) 874-2523

## CERTIFICATION

This will certify that I mailed a copy of the foregoing motion and the attachments to the following on October 14, 2004:

Leonard A. McDermott, Esq.
Employee Advocates, LLC
35 Porter Avenue, Suite 2B
P.O. Box 205
Naugatuck, CT 06770

Corleto & Associates, P.C.
107 Mill Plain Road, Suite 200
Danbury, CT 06811-6100

_____
Stephen Ceslik, Pro Se



# Employee Advocates, LLC

35 Porter Avenue, 2B • P.O. Box 205
Naugatuck • Connecticut 06770

Law Firm       Attorney Leonard A. McDermott

Telephone:
(203) 723-9610
Facsimile
(203) 723-1032

October 9, 2004

Honorable Judge Mark R. Kravitz
United States District Court
Hartford Office of the Clerk
450 Main Street
Hartford, CT 06103

    Re: Ceslik v. Barberino Brothers, Inc.

Dear Honorable Mark R. Kravitz:

I am enclosing a copy of a letter to Plaintiff in the above-reference matter. I have not responded to Plaintiff's Motion For Contempt, or the two Supplements. My understanding of your Order of July 29, 2004, is that Plaintiff should direct his complaints concerning me to other forums.

I have complied with this Court's Order and have returned to Plaintiff all original contents of Plaintiff's file. I have even returned copies that Plaintiff sent to me. However, Plaintiff is not satisfied.

I am also enclosing my last letter to Plaintiff, where I offer to review my copies of his file and offer to send him another copy of anything he needs to pursue his case.

Please advise me if the Court wishes me to respond formally to Plaintiff's Motion.

Sincerely,

Leonard A. McDermott
LAD/smp

Enclosures

employeeadvocatesllc.com



# Employee Advocates, LLC

35 Porter Avenue, 2B • P.O. Box 205
Naugatuck • Connecticut 06770

Law Firm

Attorney Leonard A. McDermott

Telephone:
(203) 723-9610
Facsimile
(203) 723-1032

October 9, 2004

Mr. Stephen Ceslik
478 Milford Point Rd.
Milford, CT  06460

       Re:  Response to Second Supplement to Motion for Contempt for Failure to Deliver File, September 28, 2004.

Dear Mr. Ceslik:

I am in receipt of the above-referenced Motion. I have given you your complete file. You have everything you need to proceed with your case. In fact, I have already provided you with the documents that you are asking for, to the extent that I had them. I have no interest in retaining any material that belongs to you and I am not, as you claim, "cherry picking" what I send to you. I am also in full compliance with the Court order.

I believe that you have a misguided understanding of my duty to provide you with information. I have given you all original pleadings, discovery, depositions, CHRO records, and returned all the material that you gave me. In addition, I provided you with all correspondence from opposing counsel. I also gave you all of the information obtained from your doctors. I have gone beyond what is required by returning copies that you sent to me, not just originals. All that remains of your file are copies of what I provided to you and my attorney work product, which you are not entitled to.

I have offered to review my copy of your file if you think that you need something and don't have it already. However, you continue to make unreasonable demands and libelous statements to the Court.

Page 1 of 3

employeeadvocatesllc.com



# Employee Advocates, LLC

35 Porter Avenue, 2B • P.O. Box 205
Naugatuck • Connecticut 06770

Law Firm

Attorney Leonard A. McDermott

Telephone:
(203) 723-9610
Facsimile
(203) 723-1032

I am answering your Motion in the order that you requested:

1. Dr. Klugman's office notes of 2/23/04 and 3/29/04 (Defendant's Exh. B at Dr. Klugman's 4/9/04 deposition), as referenced on page 3 of said deposition transcript.

**Answer:** This has already been provided to you to the extent that I had it. I do not have Dr. Klugman's office not of 3/29/04. However, you sent me a copy, not the original. You can get this from your doctor if you believe that it is important.

2. Defendant's Exh. C to same deposition (Dr. Klugman's paper file), also referenced on page 3 of said deposition transcript.

**Answer:** I have already provided this to you in full. Also, because it is an exhibit, you have a copy with the deposition, which I returned to you. You can also get your medical records/notes from Dr. Klugman if necessary.

3. Attorney McDermott stated in his letter that much of his "correspondence with defendant's attorney occurred by telephone, " and that he "will" send me what he has.

**Answer:** I have returned all correspondence from opposing counsel.

4. As referenced in my deposition transcript dated 4/9/04, defendant's Exhibits A and B were not supplied. Exhibit A was Ceslik's List of Medications. Exhibit B was "Plaintiff's Complaint."

**Answer:** At the deposition, you hand wrote a list of medications that you were taking. This is an exhibit to Dr. Klugman's deposition, which you have. I did not have a copy of this list. However, certainly you know what medications you take and you already have a copy with the deposition. Additionally, I have already furnished the original Complaint.

I do not understand why you keep asking me for documents that I have already provided to you or copies that you already possess.

Page 2 of 3

employeeadvocatesllc.com



# EMPLOYEE ADVOCATES, LLC

35 PORTER AVENUE, 2B • P.O. BOX 205
NAUGATUCK • CONNECTICUT 06770

LAW FIRM

ATTORNEY LEONARD A. MCDERMOTT

Telephone:
(203) 723-9610
Facsimile
(203) 723-1032

I look forward to accounting for my legal representation in this matter in any forum that you choose. I am also confident that an objective body will find that I have been more than reasonable in accommodating your requests to furnish your file.

If you need a copy of anything that you believe will help you to proceed with your case, let me know and I will copy my copy and send it to you. Otherwise, I have given you your complete file and there is nothing left to furnish that I haven't already provided to you.

Sincerely,

Leonard A. McDermott
LAM/smp

# Employee Advocates, LLC

35 Porter Avenue, 2B • P.O. Box 205
Naugatuck • Connecticut 06770

Law Firm

Attorney Leonard A. McDermott

Telephone:
(203) 723-9610
Facsimile
(203) 723-1032

September 18, 2004

Stephen Ceslik
478 Milford Point Rd.
Milford, CT 06460

Re: Response to your Motion for Contempt

Dear Mr. Ceslik:

Now that I received Court Order #48, I have copied the remaining contents of your file and I am sending you the originals.

Much of my correspondence with Defendant's attorney occurred by telephone, but I will send you what I have. You already have copies of all of the correspondence that was sent to you from this office. Even though you already have copies of all correspondence that you sent to this office, I am sending what I have.

I am answering the points raised in your Motion for Contempt as follows:

    1. Copy of patient's file referenced as Defendant's Exh. 1 in 2/23/04 deposition of Dr. Klugman, consisting of:

        A. Copy of patient file:

**Answer:** A. You were given a copy of your medical records file on July 8, 2004.

        B. 2/23/04 and 3/29/04 office notes;

**Answer:** B. The 2/23/04 was sent on July 8, 2004. I cannot find a copy of a 3/29/04 note. You can obtain a copy from Dr. Klugman if you do not have one.

Page 1 of 3

employeeadvocatesllc.com

**EMPLOYEE ADVOCATES, LLC**

35 PORTER AVENUE, 2B • P.O. BOX 205
NAUGATUCK • CONNECTICUT 06770

LAW FIRM

ATTORNEY LEONARD A. MCDERMOTT

Telephone:
(203) 723-9610
Facsimile
(203) 723-1032

    C. Paper file of Dr. Klugman.

    **Answer:** C. This was sent on July 8, 2004. You have all of the records that I had, most of which are copies.

    2. Plaintiff's medical list of medications given to Attorney Corleto and made on exhibit at Ceslik's 4/9/04 deposition.

    **Answer:** You are the one who made out a list of medications that you take while at your deposition. This should also be marked as an Exhibit and should be contained in the official copy of your deposition.

    3. There is no copy of the expert report from Dr. Klugman to the defendant.

    **Answer:** I have already furnished you with a copy of your expert, Dr. Klugman's, report. You can also obtain a copy from your expert, Dr. Klugman. I am enclosing an additional copy.

    4. List of defendant's employees with hire dates in 2000 and 2001 and related correspondence.

    **Answer:** This is included with this correspondence. It is stated, as sales persons hired, not employees.

    5. Attorney McDermott had a list in his office of certain Barberino sales people, but the list did not contain hire dates. Attorney McDermott wrote a letter to Corleto's firm requesting that the list be supplemented with hire dates, which letter was dated 2005 in error. I saw this letter in his office, but that letter was not included.

    **Answer:** This is included with this correspondence. You can request this information and a signature page for the Defendant's Interrogatories from the Defendant's attorney, as this information was not produced.

# Employee Advocates, LLC

35 Porter Avenue, 2B • P.O. Box 205
Naugatuck • Connecticut 06770

Law Firm

Attorney Leonard A. McDermott

Telephone:
(203) 723-9610
Facsimile
(203) 723-1032

      6. Much correspondence between McDermott and Barberino's counsel regarding agreements, procedural matter, possible admissions, etc.

      **Answer:** Any agreements concerning discovery or procedural matters have already been complied with. Any admissions would be found in Defendant's Interrogatory Responses. I am enclosing additional correspondence to supplement what was sent on July 8, 2004. You now have all of the correspondence that I have.

      7. Medical reports or information that he received from physicians other than Dr. Klugman that have treated me were not included.

      **Answer:** There are no other medical reports besides Dr. Klugman's. You have copies of all dental bills. Enclosed you will find what you sent to me, which are copies. I do not have any original reports from any other doctor's besides Klugman.

      8. Most of the correspondence between Attorney McDermott and me was not included.

      **Answer:** You already have the originals of all correspondence that was sent from my office. I am enclosing the originals, of your correspondence that remain, even though you already have copies.

      9. Voluminous documentary evidence that I delivered to Attorney McDermott from the CHRO case was not returned to me.

      **Answer:** You have a copy of the full CHRO record in your possession. What you sent to this office was a copy. Enclosed is everything in my possession that you delivered or sent to me.

      I believe that the enclosed material is a complete record of your file. I do not have any originals remaining.



# Employee Advocates, LLC

35 Porter Avenue, 2B • P.O. Box 205
Naugatuck • Connecticut 06770

Law Firm    Attorney Leonard A. McDermott

Telephone:
(203) 723-9610
Facsimile
(203) 723-1032

    I am enclosing two opinions that discuss what constitutes a client's file. I have gone beyond what a client should expect to have returned. I am returning copies that you delivered or sent to me in an effort to comply with the Court order.

    I have no interest in retaining any of your materials. However, I have created a copy of your file, which I am required to keep. I have done so at a great cost of time and money.

    If you believe that there is something that you need to pursue your case, please let me know and I will go through my copies again. You should have everything that you need to bring this matter to a conclusion. For what it's worth, good luck in resolving your case.

Sincerely,

*Leonard A. McDermott*

Leonard A. McDermott

LAM/sp
Enclosures