FILED
Oct 19 2 06 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN CESLIK, | : | Civil Action No. 3:03 CV 0450(DJS) MRK |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| BARBERINO BROTHERS, INCORPORATED | : | |
| | : | |
| Defendant | : | October 18, 2004 |

**OPPOSITION TO MOTION FOR EXTENSION OF TIME**

The defendant hereby opposes and objects to plaintiff's October 8, 2004 "motion for extension of time".

Plaintiff's motion is based in part on his request for a settlement conference. The defendants have objected to the request for a settlement conference.

Plaintiff's other reasons for requesting an extension of time are wholly without merit. This is not the first time Mr. Ceslik has sued pro-se, nor the first time he has sought to delay proceedings based on his "medical condition". Annexed hereto as Exhibit "A" is Mr. Ceslik's testimony describing how he dismissed his attorney several years into another lawsuit. Annexed hereto as Exhibit "B" is the docket from Mr. Ceslik's bankruptcy, again reflecting his pro-se status.

As with his "pro-se status", Mr. Ceslik's "medical condition" has been previously invoked to delay and/or manipulate litigation that he regularly pursues. Annexed hereto as Exhibit "C" is another letter from Dr. Klugman supporting Ceslik's request to adjourn a CHRO proceeding against a prior employer, Napoli Motors, for essentially the same reasons set forth in the instant request. More recently, in the instant action, Ceslik delayed a deposition noticed for March 5, 2004 (which was court ordered to be conducted by March 15, 2004) based on another note from Dr. Klugman (See, annexed Exhibit "D").

It is patently evident that, as with Ceslik's ill conceived motion to disqualify defense counsel, the current request for extension of time is yet another attempt to manipulate the system. The court should not countenance this conduct.

Respectfully submitted,

THE DEFENDANT
BARBERINO BROTHERS, INCORPORATED

By: ______________________

Anthony B. Corleto, Esq. (CT 13520)
CORLETO & ASSOCIATES, P.C.
107 Mill Plain Road, Suite 200
Danbury, CT 06811
(203)790-7540
Juris No. 412229

CERTIFICATION

It is hereby certified that a copy of the foregoing **OPPOSITION TO MOTION FOR EXTENSION OF TIME** was mailed postage pre-paid, to all counsel of record, pro se parties of record and non appearing parties on October 18, 2004 as follows:

Stephen Ceslik
478 Milford Point Road
Milford CT 06460

Anthony B. Corleto

T:\Lex0114CT\Suit\pld.31.wpd

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COPY

\- - - - - - - - - - - - - - - - - - X
:
STEPHEN CESLIK:
:
Plaintiff, : CASE NO.
3:03CV0450(DJS)
VS. :

BARBERINO BROTHERS, INCORPORATED, :
:
Defendant.
:
\- - - - - - - - - - - - - - - - - - X

DEPOSITION OF: STEPHEN CESLIK
DATE: APRIL 9, 2004
HELD AT: CORLETO & ASSOCIATES, P.C.
107 Mill Plain Road
Suite 200
Danbury, CT

Reporter: JANET A. GOLLNICK, LSR #00008
BRANDON SMITH REPORTING SERVICE
44 Capitol Avenue
Hartford, Connecticut 06106
(860) 549-1850

Q Okay. Aside from the matters you've already told us about involving former employers, have you been a party to any other lawsuits?
A Over the years, yeah, several.
Q Okay. Name them, please.
A Some were so long ago, I don't remember them.
Q Tell me the ones you do remember.
A Many years ago when I was in real estate, I had to sue an attorney who tried to cheat me out of a real estate commission.
Q Which attorney was that?
A I can't think of his name.
Q Okay.
A It will come to me.
Q What other lawsuits do you recall?
A Oh, in the early '90s, I had -- with my partner, there were lawsuits. They were settled up, I think in '02. Twelve years ago it was in the courts. Twelve years, yeah. That was twelve -- well, it's fourteen years ago now.
Q Okay. What business or what -- excuse me. You mentioned a partner. What was the partnership?
A Real estate.
Q What was the name of the business?
A There was no name. It was real estate -- it

was real estate, American Realty.

Q Okay. I thought you told me before you were the only owner of American Realty.

A She wasn't an owner, but there were dealings with commissions, moneys I had loaned, she owed me, et cetera.

Q You sued this person?

A I sued her, she sued me.

Q What's her name?

A I'd explained to my attorney this is a confidentiality. I cannot give you any information on this. Nothing.

Q Excuse me, the lawsuit itself is a public record --

A Get it.

Q The settlement, if any, may be confidential, but the lawsuit's a public record.

A Get it. I signed an agreement. I can't say anything. I already told you this. The court is -- it's per the court, and I already explained this to you. You're the attorney. You put the objection on.

MR. MCDERMOTT: Well, all I would say is certainly you can't give any -- you can't give any information about the terms, but I think that's -- counsel's right. He

certainly -- the name of the lawsuit is
public record.

THE WITNESS: Then get it from the
public record. I told you what I signed and
what the threats were. I'm not saying
anything about those people.

BY MR. CORLETO:

Q Who threatened you?

A Who?

Q Yes.

A What I signed. Anything said about anything. They can't say anything about me, even mention my -- I can't do the same thing. But if you want it, go to the public record. That way nobody can come back to me.

Q Well, I don't know what public record to go to unless you give me the name of the case.

A I can't do it. I signed I can't say anything, even mention her name.

MR. MCDERMOTT: Well, maybe we can --
do you have a copy of that?

THE WITNESS: I can get it and he can
look at it and you can talk to him about it.

BY MR. CORLETO:

Q What court was this case pending at?

Page 66

A Milford.

Q Connecticut State Court in Milford?

A Superior Court.

Q And were you represented by counsel?

A In the beginning, yes.

Q Okay. Who was your attorney at the beginning?

A I believe his name was Chuck Eger.

Q At some point did you dismiss Mr. Eger?

A Probably four or five years after it started. Maybe '94, '95.

Q And did you represent yourself from that point forward?

A I believe so, yeah.

Q Did the case go to trial?

A No.

Q What other lawsuits do you recall?

A When I hurt my back in '98.

Q Okay. How did you hurt your back in 1998?

A Some steps gave way. They were defective. I can't think of the attorney for the other side.

Q Where did this happen?

A Stratford, Connecticut.

Q Would did you sue?

A The owner of the building.

B

U.S. Bankruptcy Court
District of Connecticut (New Haven)
Bankruptcy Petition #: 96-30144

Assigned to: Chief Albert S. Dabrowski
Chapter 7
Voluntary
Asset

Date Filed: 01/18/1996
Date Terminated: 05/15/2001
Date Discharged: 05/08/2001

Stephen M. Ceslik
478 Milford Point Road
Milford, CT 06460
SSN: xxx-xx-0631
Debtor
aka
Stephen M. Ceslik, Jr.

represented by Stephen M. Ceslik
PRO SE

Richard Belford
Nine Trumbull Street
New Haven, CT 06511
(203)865-0867
Trustee

represented by Richard M. Coan
Coan Lewendon Gulliver &
495 Orange Street
New Haven, CT 06511
(203) 624-4756

| Filing Date | # | Docket Text |
|---|---|---|
| 01/18/1996 | 1 | 1 Voluntary Petition missing documents: Schedules A - J Statement of Financial Affairs Debtors Statement Of Intent Stmt of Income & Expenditures ( Filing Fee $ 145.00 Receipt # 520022) (Former Employee) (Entered: 01/19/1996) |
| 01/18/1996 | | Miscellaneous Administrative Fee Paid ( Fee $ 30.00 Receipt # 520022) (Former Employee) (Entered: 01/19/1996) |
| 01/19/1996 | 2 | 2 First Meeting of Creditors Scheduled For 10:00 2/22/96 At Office of the U.S. Trustee Last Day To Oppose Discharge: 4/22/96 (Former Employee) (Entered: 01/19/1996) |
| 01/24/1996 | 4 | 4 Appointment of Interim Trustee and Trustee and Designation of Required Bond. (Former Employee) (Entered: 01/25/1996) |
| 01/25/1996 | 3 | 3 Courts Certificate of Mailing By BNC Re: First Meeting. (Former Employee) (Entered: 01/25/1996) |
| 01/25/1996 | 5 | 5 Schedules A through J, Stmt of Financial Affairs filed by Debotr (cc: Trustee Belford & UST) (Former Employee) (Entered: 01/26/1996) |
| 02/22/1996 | | First Meeting Continued to 12:30 3/7/96 at Office of the U.S. Trustee (S. Comstock) (Entered: 02/27/1996) |

**JEFFRY KLUGMAN, M.D.**
400 PROSPECT STREET
NEW HAVEN, CONNECTICUT 06511

TELEPHONE (203) 776-6100

10/15/02

Stephen Ceslik has been under my care for two years for the treatment of depression. His course has been long and varied because of various side effect issues with medications and because of varying degrees of situational stress.

As of Sept 2002 he appeared to be improving, but it will take some time to allow this process to unfold and be certain we have indeed discovered the correct treatment for him. Furthermore, the stress of anticipating a long trial about acts 12 years ago has been detrimental to his further progress. His illness, with the attendant cognitive difficulties has also precluded his preparing for this trial.

I would guess that a further four to six months of treatment would allow him to participate in this process more fully.

J Klugman MD



CONNECTICUT COMMISSION on HUMAN RIGHTS & OPPORTUNITIES

**OFFICE OF PUBLIC HEARINGS**

2002 NOV 15 AM 9:25
FILED/RECEIVED
CHRO - OPH

| | | |
|---|---|---|
| Commission on Human Rights and Opportunities, *ex rel.* Stephen Ceslik, Complainant | : | CHRO Nos. 0030569<br>0030586<br>0030587 |
| v. | | |
| Napoli Motors, Inc., et al., Respondents | : | November 15, 2002 |

KBM

**RULING ON MOTION FOR CONTINUANCE**

On November 12, 2002, the complainant filed a motion to continue the public hearing "because he is unable to proceed at this time due to medical conditions that have worsened and impair his abilities." Specifically, the complainant notes that he is under a doctor's care for "clinical depression, high blood pressure, erosive esophagitis and the side effects of various prescribed medications." The complainant requests a continuance of four months, for his "medical condition to improve to allow him to meaningfully take part in the hearing." In support of his motion, the complainant produced a one-page medical evaluation prepared by Jeffry Klugman, M.D., on September 10, 2002.

This is the complainant's second request for a continuance. The first was filed on August 30, 2002; I granted that motion and postponed the hearing from September/October until December. The complainant's health was among the reasons, although not the main reason, for justifying that continuance.

Dr. Klugman's report, prepared two months before this motion, does not appear to have been written for the purpose of supporting the motion. His report does not address the complainant's current medical situation and makes no mention of the complainant's inability to participate meaningfully in this hearing. Nor does it predict when the complainant might be able to do so. Furthermore, it addresses only the complainant's depression; it makes no mention of other impairments or their effect on the complainant's ability to participate in the hearing.

For me to consider this motion in a fair and thorough manner, I would need to know the doctor's opinion of the complainant's present condition as it affects the complainant's ability to participate in the upcoming hearing. I would also need to see his prognosis for the near future—i.e., at what point in time would the complainant be healthy enough to participate? Even more troublesome is the complainant's ability to control his own recovery; Klugman notes that the complainant abandoned his treatment during the winter of 2000-2001. It is not out of the realm of possibility that the complainant may once again neglect his own health needs, necessitating further treatment and forming the basis for yet another request for continuance. This, of course, would be unacceptable.



Accordingly, I will refrain from ruling on this motion at present. Instead, I hereby direct the complainant to obtain more recent and pertinent medical support for his motion for continuance. I will need, at minimum, a current doctor's report addressing the matters raised in the prior paragraph. The doctor shall also explain what the complainant can do to facilitate his own recovery, and what the complainant should not do to thwart his recovery.

**Because the hearing is less than three weeks away, the complainant shall file this information and serve same upon all other parties on or before November 25, 2002. This shall be done via facsimile mail or hand-delivery. (The fax for this office is 860-246-5301; Attorney Sharp's fax is 860-246-5265; Attorney Fournier's fax is 203-878-9800.) Responses to this information are optional, but they may be filed no later than November 29, 2003.**

Should the motion for continuance ultimately be granted, I would be rescheduling this matter for the first half of March 2003.

David S. Knishkowy
Human Rights Referee

c: S. Ceslik
B. Fournier
C. Sharp
R. Pech



State of Connectic
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITI
21 Grand Street, Hartford, CT 06106 (860) 541-3400 FAX (860) 246-5
Toll Free in Connecticut 1-800-477-5737 www.state.ct.us/c
TDD (860)541-3

January 6, 2003

Dr. Jeffry Klugman
Atlantic Health Services
400 Prospect St.
New Haven, CT 06511

RE: **Stephen Ceslik**

Dear Dr. Klugman:

I am writing with respect to your attached letter, dated November 21, 2002, related to Stephen Ceslik. In your letter, you indicate that Mr. Ceslik's current condition will "...diminish his ability to properly participate in the Connecticut Commission on Human Rights and Opportunities hearings that are scheduled for him."

I have two questions related to your letter. First, you indicate that Mr. Ceslik should be able to fully participate in these hearings in early March. Is that still your opinion? Second, the Respondent in these hearings, Napoli Motors, has made what appears to be a serious settlement offer, and the Respondent has indicated that it would seriously consider a reasonable counter-offer. Although we have written to Mr. Ceslik to advise him of this, he has not responded. Does his current medical condition limit his ability to consider this settlement offer? Obviously, should this matter be resolved through a settlement, there would be no need to endure whatever stresses a hearing might entail. On the other hand, if even consideration of settlement of these matters is not advisable at this time, this agency does not want to cause undue stress to Mr. Ceslik.

I would appreciate whatever clarification you can provide as soon as possible. Thank you for your attention.

Sincerely,

Raymond P. Pech
Managing Director & Commission Attorney

c: Mr. Stephen Ceslik
Cheryl A. Sharp, Assistant Commission Counsel II



**JEFFRY KLUGMAN, M.D.**
400 PROSPECT STREET
NEW HAVEN, CONNECTICUT 06511

TELEPHONE (203) 776-6100

CHRO # 0030569
0030586
0030587

2/20/03

re: S Ceslik

It is my opinion that Mr Ceslik is as ready to deal with his complaint before the commission as he is going to be. I do not feel there is anything to be gained by further delay.

[signature]

**JEFFRY KLUGMAN, M.D.**
400 PROSPECT STREET
NEW HAVEN, CONNECTICUT 06511

TELEPHONE (203) 776-6100

2/23/04

S Castillo is somewhat more depressed at this time because of a medication change we made a month ago. We are now reversing that change and I would expect him to be somewhat better in another month. I suggest postponing any depositions for him until that time.

J Klugman MD