UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN CESLIK | : | |
| | : | |
| Plaintiff, | : | NO.   3:03cv450 (MRK) |
| | : | |
| v. | : | |
| | : | |
| BARBERINO BROTHERS, INC. | : | |
| | : | |
| Defendant. | : | |

**RULING AND ORDER**

Presently pending before the Court are pro se Plaintiff's (1) Motion for Contempt for Failure to Deliver File [doc. #54]; (2) Motion for Sanctions Regarding Discovery [doc. #57]; (3) Motion to Compel Production of Documents [doc. #58]; and (4) Motion to Require Court Reporter to Provide Information about Transcript [doc. #63]. For the reasons stated below, the pending motions are all DENIED.

1.  **Motion for Contempt [doc. #54]**

Plaintiff's motion for contempt arises from Plaintiff's belief that his former attorney, Leonard A. McDermott of Employee Advocates, LLC, has failed to fully comply with this Court's Order dated July 29, 2004 [doc. #48]. This Order stated, in relevant part: "The Court GRANTS Plaintiff's Motion to Deliver File [doc. # 41] to the extent that Mr. McDermott has not already delivered the file, and its contents, to Plaintiff." At current count, Plaintiff has submitted four supplements to his original motion for contempt [docs. #55, 61, 65, 66]. Mr. McDermott has informed this Court that he has delivered the entire file and its contents to Plaintiff and has

fulfilled all of Plaintiff's requests regarding Plaintiff's file to the fullest extent possible. At this point, the Court is unwilling to divert resources from the case before this Court to resolve what the Court believes is a peripheral dispute between Plaintiff and his former counsel. Therefore, Plaintiff's Motion for Contempt for Failure to Deliver File [doc. #54] is DENIED. If Plaintiff feels that Mr. McDermott has not provided Plaintiff with all the materials to which he is entitled, Plaintiff will need to take this issue up with either the Federal or State grievance committees, as this Court has previously informed Plaintiff both in its Order dated July 29, 2004 [doc. #48] and at oral argument on September 13, 2004. So far as this Court is concerned, this matter is closed.

### 2.     Motion for Sanctions [doc. #57]

According to Plaintiff's motion for sanctions, Defendant apparently responded to Plaintiff's first set of interrogatories on December 29, 2003, yet failed to do so under oath. Plaintiff has filed a motion for sanctions against Defendant for this omission. However, before imposing sanctions on Defendant for what may be an innocent omission on its part, the Court hereby orders Defendant to show cause **by November 19, 2004** why it should not resubmit its response to Plaintiff's first set of interrogatories under oath. If Defendant resubmits its responses to Plaintiff's interrogatories under oath, Defendant should notify the Court of this re-submission by a supplemental submission. If Defendant chooses not to file its responses under oath, Plaintiff may renew his motion. Therefore, Plaintiff's Motion for Sanctions Regarding Discovery [doc. #57] is DENIED without prejudice to renewal after Defendant's response to this Court's order to show cause.

### 3.     Motion to Compel [doc. #58]

According to Plaintiff's motion to compel, in Defendant's Responses to Plaintiff's Request

for Production of Documents, Defendant (1) failed to include attachments referenced therein, and (2) failed to produce in a timely fashion certain documents that Defendant promised it would produce upon receipt. Plaintiff has filed a motion to compel production of these documents [doc. #58], and has filed a supplement to his motion to compel [doc. #60] that not only requests additional documents, but also appears to request sanctions against Defendant. However, before imposing sanctions on Defendant for what may be an innocent omission on its part, this Court hereby orders Defendant to show cause **by November 19, 2004** why it has not yet produced the documents to which Plaintiff has referred in his motion to compel [doc. #58] and his supplement to his motion to compel [doc. #60]. Therefore, Plaintiff's Motion to Compel Production of Documents [doc. #58] is DENIED without prejudice to renewal after Defendant's response to this Court's order to show cause.

    4.    **Motion for Information about Transcript [doc. #63]**

Because this Court granted Plaintiff's Motion for Advice Regarding Transcript [doc. #76] in its Order dated November 2, 2004 [doc. #77], Plaintiff's currently pending Motion to Require Court Reporter to Provide Information about Transcript [doc. #63] is DENIED as moot.

    IT IS SO ORDERED.

    /s/    Mark R. Kravitz
    United States District Judge

Dated in New Haven, Connecticut: November 9, 2004