UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN CESLIK, | : Civil Action No. |
| | : 3:03 CV 0450(MRK) |
| Plaintiff, | : |
| vs. | : |
| | : |
| BARBERINO BROTHERS, INCORPORATED | : |
| | : |
| Defendant | : November 17, 2004 |

**BARBERINO BROTHERS MOTION FOR A PROTECTIVE ORDER
AND RESPONSE TO COURT'S ORDER TO SHOW CAUSE [#58]**

Pursuant to Federal Rules of Civil Procedure § 26(c), the Defendant, BARBERINO BROTHERS, through its counsel, Corleto & Associates, P.C., hereby responds to the court's November 9, 2004 Order [#58] and moves for a protective order as to production Requests No. 5 and No. 6 of plaintiff's November 25, 2003 discovery demand and September 14, 2004 Motion to Compel. As will be shown, the undersigned has made a good faith effort to resolve this issue with plaintiff before bringing this motion. (See, annexed Exhibit "A").

1.   Request No. 5

Production Request No. 5 seeks information regarding Mike Bosta's work history from 1997 through 2001. The material requested is: (1) protected by the confidentiality requirements of Connecticut General Statute § 31-128f, and (2) irrelevant.

## LEGAL STANDARD

Federal Rules of Civil Procedure § 26(c) provides that the District Court may make any order required to protect a party or person from annoyance, embarrassment, oppression or burden or expense, including that discovery not be had...or that discovery may be had only on specified terms and conditions. Fed. R. Civ. P. 26(c). The party seeking the protective order must demonstrate to the court that the requested document either does not come within the broad scope of relevance defined in Federal Rules of Civil Procedure 26(d)(1), or have such marginal relevance that the potential harm occasioned by discovery outweighs the ordinary presumption in favor of broad disclosure. <u>Burke v. New York City Police Department</u>, 115 F.R.D. 220, 225(S.D.N.Y. 1987).

## ARGUMENT

The material sought by plaintiff is irrelevant and in contravention of Connecticut General Statute § 31-128f.

Connecticut General Statute § 31-128f provides in pertinent part that:

> "No individually identifiable information contained in the personnel file...of any employee shall be disclosed by an employer to any person or entity not employed by or

>     affiliated with the employer without the
>     written authorization of such employee ...

Plaintiff production request calls for information contained in Mike Bosta's personnel file. Disclosure of this material would be in contravention of Connecticut General Statute Section 31-128f as it would place in Ceslik's hand personal information regarding Bosta that is completely irrelevant to this case. Moreover, disclosure would offend the rights statutorily accorded to Mr. Bosta, a non-party. Connecticut courts have held that:

>     Although C.G.S. § 31-128f does not confer
>     absolute privilege and/or confidentiality
>     status on personnel files...disclosure of such
>     information contained in a personnel file must
>     be carefully tailored to a legitimate and
>     demonstrated need for such information in any
>     given case. Where disclosure of the personnel
>     file would place in the hands of a party
>     irrelevant or personal and sensitive
>     information concerning another, the entire
>     file should not be disclosed. No party has
>     the right to conduct a general fishing
>     expedition into the personal records of
>     another. Zito v. Sports Authority, Inc., 2000
>     Conn. Super. LEXIS 2320 at *4-5 (2000). (See,
>     annexed Exhibit "B").

Information regarding Mike Bosta's work history serves no legitimate purpose as it does not aid in either the prosecution or defense of this case. Moreover, plaintiff has been shown to engage in an unwarranted and vindictive actions such as: (1) filing a

meritless motion to disqualify; (2) filing motions against former CHRO hearing officer; and (3) sending harassing letters to Brandon Smith Reporting and defendant's insurers. Consequently, the defendant has a valid concern as to the manner in which this information would, if disclosed, be utilized.

2.  Request No. 6

Response No. 6 seeks information regarding any age discrimination complaints against Barberino Brothers. As attested in the annexed affidavit of David Barberino (annexed hereto as Exhibit "C"), aside from the within matter, no such complaints have been made.

## CONCLUSION

For the foregoing reasons, the defendant, Barberino Brothers, hereby respectfully requests that this court find that the

defendant has shown good cause, and requests that the court grant its motion for a protective order.

        Respectfully submitted,

        THE RESPONDENT
        BARBERINO BROTHERS, INCORPORATED

By: _____
        Anthony B. Corleto, Esq.  (CT 13520)
        Anupam R. Pertab, Esq.   (CT 26526)
        CORLETO & ASSOCIATES, P.C.
        107 Mill Plain Road, Suite 200
        Danbury, CT 06811
        (203)790-7540
        Juris No. 412229

ORDER

The foregoing Motion for a Protective Order having come before the Court, it is

hereby ordered:

GRANTED:_____

DENIED:_____


BY THE COURT


_____

JUDGE/CLERK OF THE COURT

CERTIFICATION

It is hereby certified that a copy of the foregoing **BARBERINO BROTHERS MOTION FOR A PROTECTIVE ORDER** was sent via overnight mail DHL, to all counsel of record, pro se parties of record and non appearing parties on November 17, 2004 as follows:

   Mr. Stephen Ceslik (Via DHL)
   478 Milford Point Rd. Apt. A
   Milford, CT 06460

                                              _____
                                                    Anupam R. Pertab

T:\Lex0114CT\Suit\pld.28.wpd

**EXHIBIT "A"**

**CORLETO & ASSOCIATES, P.C.**
ATTORNEYS & COUNSELORS

107 MILL PLAIN ROAD
SUITE 200
DANBURY, CONNECTICUT 06811-6100
TELEPHONE (203) 790-7540
FACSIMILE (203) 790-7536

WWW.CORLETOFIRM.COM

50 MAIN STREET
SUITE 1000, PMB 1011
WHITE PLAINS, NEW YORK 10606
TELEPHONE (914) 762-2610
FACSIMILE (914) 762-2651

WRITER'S DIRECT:

203-790-7540

REPLY TO:

Danbury

October 13, 2004

Mr. Stephen Ceslik
478 Milford Point Road
Milford, CT 06460

      Re: Ceslik v. Barberino Brothers
      Our File: LEX.0114CT

Dear Mr. Ceslik:

    This letter is in response to your September 14, 2004 Motion to Compel regarding production request No. 5. Specifically, production request No. 5 seeks information about Mike Bosta's work history from 1997 through 2001.

    Please be advised that the information you seek is protected by Connecticut General Statute § 31-128f which limits dissemination of information contained in an employee's personnel file. Moreover, the information you seek is completely irrelevant to the current case.

    For the reasons stated above, we are unable to provide you the requested information. If you believe you are still entitled to the requested information, please contact me by October 21, 2004 so that we may resolve any disagreements related thereto. Should we not hear from you by October 13, 2004, we will have no alternative but to move for a protective order barring discovery of Mike Bosta's work history.

                                 Very truly yours,

                                   CORLETO & ASSOCIATES, P.C.

                                   Anupam R. Pertab

ARP/gvb
T:\Lex0114CT\ltr.40.wpd

**EXHIBIT "B"**

1 of 1 DOCUMENT

Patricia Zito v. Sports Authority, Inc.

CV 990495291S

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF HARTFORD - NEW BRITAIN, AT NEW BRITAIN

*2000 Conn. Super. LEXIS 2320*

August 28, 2000, Decided
August 28, 2000, Filed

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:** Defendant's motion for a protective order and/or to quash is granted.

**LexisNexis(R) Headnotes**

**JUDGES:** Hon. Andre M. Kocay, J.

**OPINIONBY:** Andre M. Kocay

**OPINION:** MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO QUASH

Currently before the court is the defendant's motion, filed on March 13, 2000, for a protective order and/or to quash n1 the plaintiff's subpoena duces tecum served on Jim Sklenka. n2

> n1 Practice Book 13-5, regarding protective orders, states in pertinent part:
>
> Upon motion by a party from whom discovery is sought, and for good cause shown, the judicial authority may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of time or place; . . . (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the judicial authority . . .
>
> Practice Book 13-28 states in pertinent part:
>
> (d) The person to whom a subpoena is directed may . . . serve upon the issuing authority designated in the subpoena written objection to the inspection or copying of any or all of the designated materials . . . (e) The court in which the cause is pending . . . may, upon motion . . . (1) quash or modify the subpoena if it is unreasonable and oppressive or if it seeks the production of materials not subject to production under the provisions of subsection (c) of this section . . . [*2]

> n2 Jim Sklenka was the Operations Manager for Sports Authority, Inc. on the date of the incident.

This action arises out of an alleged injury incurred by the plaintiff, Patricia Zito, while taking part in a treadmill demonstration on the premises of the defendant, The Sports Authority, Inc. (Sports Authority). William Warner was the Sports Authority employee who conducted the demonstration. The plaintiff alleges that during the demonstration Warner increased the speed of the treadmill causing her to fall and sustain injuries.

Pursuant to Practice Book 13-27, the plaintiff included in her notice of deposition a request that Sklenka produce certain documents including the "entire employment file

of William Warner, and any and all documents concerning Patricia Zito and incidents involving Patricia Zito." n3 The defendant seeks to prohibit the production of documents requested in the subpoena duces tecum served on Sklenka on the grounds that disclosure of Warner's employment file is confidential and outside the scope of discovery. Specifically, the defendant argues that the request for Warner's [*3] employment file is in contravention of *General Statutes 31-128f*. In addition, the defendant argues that the request for "any and all documents concerning Patricia Zito and incidents involving Patricia Zito" is overly broad and outside the scope of standard discovery pursuant to Practice Book 13-9.

> n3 The defendant also objects to and seeks to limit the scope of the plaintiff's deposition of Sklenka. This objection and request to limit the scope is not the subject of the immediate matter before the court.

First, with regard to the plaintiff's request for Warner's employment file, the defendant argues that this disclosure implicates Warner's right to privacy as protected by 31-128f. The defendant also argues that the plaintiff failed to obtain either Warner's permission or a judicial order as required by 31-128f. Finally, the defendant maintains that "the trial court should make available to the [party] only information that it concludes is clearly material and relevant to the issue involved." *Rosado v.* [*4] *Bridgeport Roman Catholic Diocesan Corp., 1994 Conn. Super. LEXIS 3144*, Superior Court, judicial district of Fairfield, Docket No. 300272 (December 8, 1994) (Levin, J.).

Section 31-128f states in pertinent part: "No individually identifiable information contained in the personnel file or medical records of any employee shall be disclosed by an employer to any person or entity not employed by or affiliated with the employer without the written authorization of such employee except where the information is limited to the verification of dates of employment and the employee's title or position and wage or salary or where the disclosure is made . . . pursuant to a lawfully issued . . . judicial order, including a . . . subpoena, or in response to the . . . defense of personnel-related complaints against the employer . . ." This section does not confer "a general privilege or confidential status on the personnel files of private institutions." *Rosado v. Bridgeport Roman Catholic Diocesan Corp., supra, 1994 Conn. Super. LEXIS 3144*, Superior Court, Docket No. 300272. As a result, personnel files are subject to disclosure pursuant to certain conditions. See *id.*

Nevertheless, the ultimate "granting or denial of a discovery request [*5] rests in the sound discretion of the court." *Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 57, 459 A.2d 503 (1983)*. "That discretion applies to 'decisions concerning whether the information is material, privileged, substantially more available to the disclosing party, or within the disclosing party's knowledge, possession or power.'" *Brown v. Housing Authority, 23 Conn. App. 624, 626-27, 583 A.2d 643 (1990)*, quoting *Standard Tallow Corp. v. Jowdy, 190 Conn. at 59-60*.

"The disclosure of such information [contained in a personnel file] must be carefully tailored to a legitimate and demonstrated need for such information in any given case. Where disclosure of the personnel file would place in the hands of a [party] irrelevant or personal and sensitive information concerning . . . [another], the entire file should not be disclosed. No . . . [party] has the right to conduct a general 'fishing expedition' into the personnel records of [another] . . . Because discovery of matters contained in a . . . personnel file involves careful discrimination between material that relates to the issues involved and that which is irrelevant to [*6] those issues, the judicial authority should exercise its discretion in determining what matters should be disclosed . . . Because the law furnishes no precise or universal test of relevancy, the question must be determined on a case by case basis according to the teachings of reason and judicial experience . . ." (Citations omitted; internal quotation marks omitted.) *Rosado v. Bridgeport Roman Catholic Diocesan Corp., supra, 1994 Conn. Super. LEXIS 3144*, Superior Court, Docket No. 300272, quoting *State v. Januszewski, 182 Conn. 142, 172-73, 438 A.2d 679 (1980)*, cert. denied, *453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981)*. In a civil case, an "in camera review by the court reasonably satisfies the plaintiff's need for information necessary to establish his case while respecting [the] defendant's limited expectation of privacy in his personnel file as reflected in the implicit policy of *General Statutes 31-128f* that the documents in such files not be cavalierly divulged by an employer." *Id.* (civil case adopted criminal standard for personnel file disclosure).

Pursuant to the foregoing, the defendant's motion for a protective order and/or to quash the plaintiff's [*7] request for Warner's employment file is denied. The court hereby orders an in camera review of Warner's employment file in its entirety to determine what, if anything, therein is clearly material and relevant to the issue involved. The court will ultimately determine what matters within the file will be disclosed.

Finally, with regard to the plaintiff's request for "any and all documents concerning Patricia Zito and incidents involving Patricia Zito," the defendant argues that this

2000 Conn. Super. LEXIS 2320, *

information: (1) is not within Sklenka's possession because he no longer works for the defendant; (2) was already provided pursuant to requests for production dated June 28, 1999; and (3) the request is overly broad and not limited to the incident involved in the case.

The plaintiff's request for production dated June 28, 1999, which the defendant objected to and produced, included the following: (1) a copy of the non-privileged statement of any party in this lawsuit concerning this action or its subject matter; (2) accident report files concerning the incidents set forth in the complaint; (3) all non-privileged documents on file or retained by the defendant concerning the incidents set forth in [*8] the complaint prepared prior to the commencement of this lawsuit; and (4) a log of all documents claimed to be privileged that were prepared prior to the commencement of this lawsuit.

It seems that the documents produced pursuant to this request would likely include the information requested in the present subpoena regarding Patricia Zito. Additionally, the information currently requested would seem to have remained in the possession of the defendant and not with the deponent, Sklenka, who is no longer employed by the defendant. Without a more specific statement as to what information is sought with reference to the relevant issues in the case, the court has no basis upon which to determine whether the information would be reasonably calculated to lead to the discovery of admissible evidence. See Practice Book 13-2; see also *Rosado v. Bridgeport Roman Catholic Diocesan Corp., supra, 1994 Conn. Super. LEXIS 3144*, Superior Court, Docket No. 300272. Accordingly, as to this aspect of the subpoena, the defendant's motion for a protective order and/or to quash is granted.

BY THE COURT

Hon. Andre M. Kocay, J.

**EXHIBIT "C"**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN CESLIK, | : Civil Action No. |
| | : 3:03 CV 0450(MRK) |
| Plaintiff, | : |
| vs. | : |
| | : |
| BARBERINO BROTHERS, INCORPORATED | : |
| | : |
| Defendant | : |

### AFFIDAVIT OF DAVID BARBERINO

| | |
|---|---|
| State of Connecticut | ) |
| | )ss. Wallingford |
| County of New Haven | ) |

DAVID BARBERINO, being duly sworn, deposes and says as follows:

1. I am over the age of eighteen (18) years and understand the meaning of an oath.

2. I have been in-house counsel for Barberino Brothers, Incorporated (hereinafter "Barberino"), defendant in this case, for the past fifteen years, and submit this affidavit in response to Plaintiff's 11/25/03 Request for Production, No. 6 and plaintiff's September 14, 2004 motion to compel.

3. I make this affidavit based on my own personal knowledge of the facts attending this case and upon an inspection of Barberino's files pertaining to this matter.

4.   I made a diligent search of Barberino's records for any age discrimination complaints against Barberino Brothers, Inc. served and filed, from 1998 through 2003.

5.   My search has disclosed no complaints regarding age discrimination filed or served against Barberino Brothers, Inc. from 1998 through 2003, except for the current action.  Further, I have no personal knowledge of any age discrimination cases being filed against Barberino Brothers from 1998 through 2003, except for the current action .

_____
David Barberino, Esq.
In-house Counsel for
Barberino Brothers, Inc.

Subscribed and sworn in my presence on this, the 17th day of November in the year 2004.

_____
Notary Public/
Commissioner of the Court

My Commission Expires:

Michele McManus
Notary Public
My commission expires
31 July 2006

T:\Lex0114CT\Suit\pld.29.wpd

2