UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN CESLIK

    Plaintiff

v.

BARBERINO BROTHERS, INC.

    Defendant

CIVIL ACTION NO.

3:03 CV 0450 (MRK)

NOVEMBER 24, 2004



## MOTION FOR SANCTIONS ON DEFENDANT'S SUPPLEMENTAL SUBMISSION DATED NOVEMBER 17, 2004

I hereby renew and re-file my Motion for Sanctions dated September 14, 2004 (#57). The basis for that motion was that the defendant did not file his answers to interrogatories under oath, as required by FRCP 33(b). This Court, in its Ruling and Order dated November 9, 2004 (#78), stated that I could renew my motion, and I do so now.

I have two reasons. First, the answers to interrogatories have been sworn to by David Barberino, without any indication of his relationship to the defendant. I do not know if he is a corporate officer or otherwise legally entitled to sign the answers. I raise this point in part because I believe that having someone swear to the answers who has limited or no knowledge of the facts, or who is not authorized at all, means the defendant is trying to position itself to later dilute any claims of perjury. If it turns out something in the answers is false, David Barberino can say I really didn't know much about it, I just said

what I heard, etc., so the plaintiff will not be able to use the answers as effectively for impeachment or as admissions. That is the defendant's strategy.

Second, this late compliance, some 9 months late, does not erase the extensive efforts I had to go though to obtain this verification, as described in my Motion for Sanctions (#57). All these efforts refute that the defendant's delay was innocent. They flagrantly violated the Rule for 9 months. I refer the Court back to Magistrate Smith's order dated 12/5/03 faulting the defendant for ignoring court rules. By throwing more monkey wrenches in the process, my time and the Court's time is diverted from the important issues in this case.

I submit that the real reason for the delay in swearing to the answers was not innocent, but was the defendant's wish to avoid swearing to answers that contradict other evidence, hoping I would never make an issue of it. Now they have a fresh, unidentified face, who previously was not involved in the case, providing the verification.

By not punishing the defendant and Attorney Corleto, it only encourages other violations of the court's rules against pro se litigants. See Pickholtz vs. Rainbow Technologies, Inc. 284 F.3d 1365 (Fed. Circuit Court of Appeals, 4/3/02), where the court awarded fees to a pro se litigant. See also FRCP 37 which states that, "The court shall. . . require the party . . . whose conduct necessitated the motion . . . .to pay the moving party the

reasonable expenses incurred . . . . "

Even if the court finds that the defendant complied at this late date, sanctions should be imposed for the delay.

The plaintiff moves that the court order sanctions as follows:

1) An order that the matters regarding the subject of the interrogatories shall be taken to be established for the purposes of the action in accordance with the claim of the plaintiff.

2) An order refusing to allow the defendant to support or oppose the matters designated in the interrogatories and prohibiting the defendant from introducing evidence on the designated matters.

3) An award of costs ands expenses to the plaintiff.

THE PLAINTIFF

*Stephen Ceslik* (signature)
Stephen Ceslik, PRO SE
478 Milford Point Road
Milford, CT 06460
(203) 874-2523

## CERTIFICATION

This will certify that I mailed a copy of the foregoing motion and the attachments to the following on November 24, 2004:

Corleto & Associates, P.C.
107 Mill Plain Road, Suite 200
Danbury, CT 06811-6100

_____
Stephen Ceslik, Pro Se