UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN CESLIK | CIVIL ACTION NO. |
| Plaintiff | 3:03 CV 0450 (MRK) |
| v. | |
| BARBERINO BROTHERS, INC. | NOVEMBER 26, 2004 |
| Defendant | |

## OBJECTION TO DEFENDANT'S
## 11/17/04 MOTION FOR PROTECTIVE ORDER

The defendant has filed a Motion for Protective Order dated November 17, 2004 regarding Request No. 5 (Mike Basta's "work history.") (Doc. ID #58.)

First, the defendant's motion is about 12 months too late. In fact, not only did the defendant fail to raise a timely objection to the request, <u>they responded to it</u> in their December 29, 2003 compliance! The response was, "**<u>Will be produced upon receipt</u>**." Although they postponed sending the actual documents, the defendant now seeks a protective order for a discovery request they already answered. Therefore, the defendant is not entitled to any protective order and, as Magistrate Smith eloquently stated in his 12/5/03 Memorandum and Order, the defendant is misusing the system and needlessly taking up the court's valuable and limited time.

-1-

Also, the defendant is trying to fool the court by mischaracterizing the request. I did not ask for a work history or personnel file. <u>I only requested Basta's "resume and/or list of his previous employers . . ."</u> See Exh. A (Defendant's Responses dated 12/29/03).

None of the legal authority cited by the defendant states that the name of a previous employer is somehow confidential, private information. In fact, this information is routinely disclosed on resumes, credit reports and other publications. The defendant initially stated in their 12/29/03 compliance responses that they would supply the resume. Now they have misstated the request, raised completely superfluous issues about confidentiality, and slandered me by stating I would misuse all this alleged confidential information. <u>All I asked for was his resume or list of previous employers</u> !!

The defendant keeps responding to his own mischaracterizations of my requests, and ignoring my original requests.

If the defendant had filed a timely objection, perhaps the legal authority cited by the defendant could have been a plausible basis for such an objection. But here, no objection was filed.

-2-

Further, Mr. Basta's resume is relevant because the defendant has already made it relevant by using it at the CHRO hearing to try to show that Basta did not discriminate on previous jobs so that Barberino, through Basta, must not have done so here. See Exh. B (CHRO Schedule A dated 8/8/01) and Exh. C (CHRO 5/7/02 partial transcript of Basta's testimony.)

The defendant's Motion for Protective Order also addresses Request No. 6. Their comments appear to be a purported compliance, so it is not clear why it is included in their motion. In any event, the purported compliance, again, is different from the request. The request stated, "Please list and produce copies of <u>all complaints</u> against Barberino Brothers, Inc. served and filed, from 1998 through 2003 . . ." The answer by the defendant on December 29, 2003 was that such information would be supplied. The response now, consisting of an affidavit by David Barberino, limits itself to only <u>age discrimination cases</u>. The request, not objected to and in fact responded to, asked for all complaints. The defendant is trying to hide something by morphing the question into only age discrimination cases.

The plaintiff moves that the Motion for Protective Order be denied. I further request that I be awarded costs for having to respond to a frivolous and harassing motion filed by the defendant over a year after their deadline to object, and for the defendant's continued

-3-

disregard of court rules, which has previously been addressed by Magistrate Smith. See Exh. **D** (Magistrate Smith's order dated 12/5/03 faulting the defendant for ignoring court rules. By throwing more monkey wrenches in the process, my time and the Court's time is diverted from the important issues in this case.)

THE PLAINTIFF

*/s/ Stephen Ceslik/*

Stephen Ceslik, PRO SE
478 Milford Point Road
Milford, CT 06460
(203) 874-2523

## CERTIFICATION

This will certify that I mailed a copy of the foregoing motion and the attachments to the following on November 26, 2004:

Corleto & Associates, P.C.
107 Mill Plain Road, Suite 200
Danbury, CT 06811-6100

*/s/ Stephen Ceslik/*

Stephen Ceslik, Pro Se

-4-