```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT


STEPHEN CESLIK,                      :   Civil Action No.
                                     :   3:03 CV 0450(MRK)
            Plaintiff,               :
     vs.                             :
                                     :
BARBERINO BROTHERS, INCORPORATED     :
                                     :
            Defendant                :   December 14, 2004
```

### OBJECTION TO MOTION FOR SANCTIONS ON DEFENDANT'S SUPPLEMENTAL SUBMISSION DATED NOVEMBER 17, 2004 [DOC. #85]

The defendant, BARBERINO BROTHERS, INCORPORATED ("Barberino") through its counsel Corleto & Associates, P.C. hereby objects to plaintiff's "Motion for Sanctions on Defendant's Supplemental Submissions dated November 17, 2004."

Plaintiff contends that the verification sworn to by David Barberino did not comply with Fed.R.Civ.Pro. 33(b) because it does not state Barberino's relationship to the defendant. Plaintiff suggests that this was purposely done so that Barberino could later claim lack of knowledge.

First, Fed.R.Civ.Pro. 33(b) does not specifically require the person who signs for a business entity to state their relationship to the business entity. It does however, mandate that "a representative, including counsel, of a corporate party may verify interrogatory answers without personal knowledge of every response

by furnishing the information to the corporation." <u>Shepherd v. American Broadcasting Companies, Inc.</u>, 62 F.3d 1469, 1482 (D.C. Cir. 1995).

David Barberino's Verification states that it was made "pursuant to the requirements outlined in Fed.R.Civ.Pro. 33(b)(2003). . ." (See, Exhibit "A"). Implicit in David Barberino's Verification is that he is a representative of Barberino Brothers, Inc. with proper authority to swear to the verification. (We would also point out that Mr. Barberino's affidavit, submitted on November 18, 2004 in response to Production Request No. 6, states that he has been counsel at Barberino Brothers for the past fifteen years. Accordingly, it is specious to argue that his relationship has not been disclosed).

Second, plaintiff's assertions that he underwent "extensive efforts" to obtain the verification and that defendant possessed ill-motive in delaying production of said verification is untrue. The undersigned counsel respectfully represents to this court that the omission of the verification was simply an oversight, that had never been raised by plaintiff's former counsel. In fact, I became aware of the oversight while reviewing plaintiff's 9/1/04 "Motion for Contempt" against Attorney McDermott, which, inter alia noted

that defendant's interrogatories were not sworn to. Plaintiff did not request the verification from this office before plaintiff raised the issue as a motion against the defendant. I personally contacted Mr. Barberino to discuss the foregoing and on September 17, 2004, submitted the original notarized verification to Mr. Ceslik. See Exhibit "A". Clearly, plaintiff did not undergo "extensive efforts" to obtain the verification.

For the foregoing reasons, defendant respectfully requests that this court deny plaintiff's motion for sanctions. Defendant also respectfully asks this court to warn plaintiff against submitting such meritless motions and sanction and/or otherwise reprimand plaintiff for any future meritless filings that he shall make.

           Respectfully submitted,

           THE DEFENDANT
           BARBERINO BROTHERS, INCORPORATED

By: _____
    Anthony B. Corleto, Esq. (CT 13520)
    Anupam R. Pertab, Esq.  (CT 26256)
    CORLETO & ASSOCIATES, P.C.
    107 Mill Plain Road, Suite 200
    Danbury, CT 06811
    (203)790-7540
    Juris No. 412229

ORDER

The foregoing Objection to Motion for Sanctions having come before the Court, it is hereby ordered:

SUSTAINED:_____

OVERRULED:_____

BY THE COURT

_____
JUDGE/CLERK OF THE COURT

CERTIFICATION

It is hereby certified that a copy of the foregoing **OBJECTION TO MOTION FOR SANCTIONS ON DEFENDANT'S SUPPLEMENTAL SUBMISSION DATED NOVEMBER 17, 2004 [DOC. #85]** was mailed postage pre-paid, to all counsel of record, pro se parties of record and non appearing parties on December 14, 2004 as follows:

Mr. Stephen Ceslik (Via DHL)
478 Milford Point Rd. Apt. A
Milford, CT 06460

_____
Anupam R. Pertab

T:\Lex0114CT\Suit\pld.36.wpd

Exhibit A

## CORLETO & ASSOCIATES, P.C.
### ATTORNEYS & COUNSELORS

107 MILL PLAIN ROAD
SUITE 200
DANBURY, CONNECTICUT 06811-6100
TELEPHONE (203) 790-7540
FACSIMILE (203) 790-7536

WWW.CORLETOFIRM.COM

50 MAIN STREET
SUITE 1000, PMB 1011
WHITE PLAINS, NEW YORK 10606
TELEPHONE (914) 762-2610
FACSIMILE (914) 762-2651

REPLY TO:

WRITER'S DIRECT:

Danbury

203-790-7540

September 17, 2004

Mr. Stephen Ceslik
478 Milford Point Road
Milford, CT 06460

    Re:  Ceslik v. Barberino Brothers
          Civil Action: 3:03 CV 0450(DJS)
          Our File: LEX.0114CT

Dear Mr. Ceslik:

    Enclosed please find the original notarized verification for defendant's December 29, 2003 discovery responses. I apologize for any delay in forwarding the enclosed verification.

    Thank you for your courtesy and attention.

                    Very truly yours,

                    CORLETO & ASSOCIATES, P.C.

                    Anupam R. Pertab

ARP/gvb
Enclosure: Verification

T:\Lex0114CT\ltr.36.wpd



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN CESLIK, | : | Civil Action No. |
| | : | 3:03 CV 0450(DJS) |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| BARBERINO BROTHERS, INCORPORATED | : | |
| | : | |
| Defendants | : | |

### VERIFICATION

STATE OF CONNECTICUT )
                     : ss  Wallingford, CT   September ____, 2004
COUNTY OF NEW HAVEN  )

I, DAVID BARBERINO, pursuant to the requirements outlined in Fed.R.Civ.Pro. 33(b)(2003), have read the foregoing responses to plaintiff's interrogatories and verify that they are true and accurate to the best of my knowledge.

_____
David Barberino

Subscribed and sworn before me this 9th day of September, 2004.

_____
Notary Public/~~Commissioner of~~
~~The Superior Court~~  my commission
                        expires March 30, 2006

T:\Lex0114CT\Suit\verification.wpd