

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN CESLIK, | : | Civil Action No. |
| | : | 3:03 CV 0450(MRK) |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| BARBERINO BROTHERS, INCORPORATED | : | |
| | : | |
| Defendant | : | December 14, 2004 |

### REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S 11/17/04 MOTION FOR PROTECTIVE ORDER [DOC. #80]

The defendant, BARBERINO BROTHERS, INCORPORATED ("Barberino") through its counsel Corleto & Associates, P.C. hereby responds to plaintiff's "Objection to Defendant's 11/17/04 Motion for a Protective Order". Defendant's Motion addresses Requests Nos. 5 and 6.

### REQUEST No. 5

As outlined in the Motion for a Protective Order, Plaintiff's production Request No. 5 seeks information regarding Mike Bosta's work history. Mr. Bosta was employed as a Manager at Barberino Brothers, Inc. at the time Ceslik applied for employment. Bosta is currently not employed at Barberino Brothers, Inc.

Plaintiff argues that because defendant did not initially object to production Request No. 5, it is now precluded from asserting such objection. Contrary to plaintiff's assertion, Rule 33(b)(4) provides that "[a] party's failure to object is excused by the court for good cause shown." Moreover, the Southern District Court held in Muhammad v. Koch, that where interrogatories are plainly improper, objections thereto need not be deemed waived if not timely served. Muhammad v. Koch, et al., 1989 U.S. Dist. LEXIS 8052 at *12-13 (1989), citing, Williams v. Krieger, 61 F.R.D. 142, 145 (S.D.N.Y. 1973). (See, annexed Exhibit "A"). The court noted that where information sought is not properly discoverable, it is axiomatic that a district court should not impose a Rule 37 sanction for a party's failure to comply with an order to reveal such information. Boselli v. SEPTA, 108 F.R.D. 723, 726 (E.D. Pa. 1985), superseded on other grounds, Caruso v. Coleman, 1994 U.S. Dist. LEXIS 18587 at *6 (1994). (See, annexed Exhibit "B").

The information sought is not properly discoverable as it is privileged and is irrelevant to this case. Connecticut General Statues § 31-128(f) limits dissemination of information contained in an employee's personnel file. (See, annexed Exhibit "C").

2

Further, the information sought is not relevant and is therefore not discoverable under F.R.C.P. 26(b)(1). Information regarding Mike Bosta's work history serves no legitimate purpose as it neither aids in the prosecution or defense of this case. Plaintiff's argument that Bosta's resume is "relevant" because defendant "used it" at a CHRO hearing to show that Bosta did not discriminate on previous jobs is of no moment. Introduction of Bosta's prior work history at a CHRO hearing does not render the information relevant in this federal civil action. No defense has been pled based on Bosta's employment history. More to the point, plaintiff does not claim that Bosta was not qualified for his position, and the defendant has not relied on or cited to Bosta's prior work history in this case.

Plaintiff's contention, that there is no legal authority rendering disclosure of previous employers as confidential is wrong. By letter dated October 13, 2004, defendant informed plaintiff that we were unable to provide the requested information because Connecticut General Statute §31-128(f) limits dissemination of information contained in an employee's personnel file. (See, annexed Exhibit "D"). Defendant directed plaintiff to contact our office by October 21, 2004 if he believed he was still entitled to

3

the requested information. Plaintiff never contacted our office to discuss the foregoing. Instead, plaintiff filed the within motion.

Plaintiff's argument that this kind of information is voluntarily disclosed in resumes and credit reports is of no moment. Voluntary disclosure of personal employment information and history is not proscribed by the statute. An employer's disclosure of a personnel file and data is prohibited under C.G.S. §31-128(f) absent consent of the employee. Ceslik has not produced an authorization from Mike Bosta, and thus is not privileged to see Bosta's employment data.

Plaintiff's contention that defendant mis-characterized his request as asking for "work history or personnel file" when in fact he only requested Bosta's "resume and/or list of his previous employers" is simply splitting hairs. Bosta's resume and/or list of Bosta's previous employers is the equivalent of his work history as reflected in his personnel file. Plaintiff's assertion that they are somehow "different" is baseless.

Lastly, this motion seems to be an attempt to circumvent that branch of the court's December 5, 2003 order which precluded further discovery.

4

**REQUEST NO. 6**

Plaintiff's production Request No. 6 seeks information regarding "all complaints against Barberino Brothers, Inc.".

Plaintiff contends that defendant did not initially object to production of _all_ complaints and subsequently limited their response to only age discrimination cases. Plaintiff asserts that defendant is attempting to "hide something by morphing the question into only age discrimination cases."

In Muhammad v. Koch, the Southern District Court of New York held that where discovery requests are plainly improper, the objections thereto need not be deemed waived if not timely served. The court held that a District Court should not compel a party to produce information which is not properly discoverable or is patently improper. Muhammad v. Koch, et al., 1989 U.S. Dist. LEXIS 8052 at *12-13 (1989). (See, annexed Exhibit "A").

Ceslik's request for "all complaints" against Barberino Brothers, Inc. is plainly over-broad, unduly burdensome and seeks entirely irrelevant material. Plaintiff has not articulated any conceivable relevancy as to "all complaints" against Barberino Brothers. Absent a showing of the relevance of _all_ complaints, Barberino Brothers, Inc., should not have to produce documents

5

related to "all complaints". This is clearly a fishing expedition and should not be condoned by the court.

Lastly, defendant takes issue with plaintiff misconstruing Magistrate Smith's 12/5/03 Memorandum and Order. Plaintiff asserts that Magistrate Smith stated in his order that "Defendant is misusing the system and needlessly taking up the court's valuable and limited time." Magistrate Smith's 12/5/03 Memorandum and Order does not contain any such statement. Magistrate Smith did apparently chide the defendant for raising discovery issues by letter, rather than by Rule 37 motion, because, inter alia, there would be no authority to impose sanctions based on a letter application. (Decision, 12/5/03, No. 23, p.2,3). It is simply incredulous that plaintiff would so blatantly misstate the Magistrate's order. Magistrate Smith admonished defendant not because of the substance of the letter but rather, because of the procedural approach. A conference was subsequently held, at which time Magistrate Smith reprimanded plaintiff for repeated failure to comply with discovery requests.

6

For the foregoing reasons, we respectfully request that this court grant defendant's 11/17/04 motion for a protective order.

                          Respectfully submitted,

                          THE DEFENDANT
                          BARBERINO BROTHERS, INCORPORATED

By: *Anupam Pertab*
      Anthony B. Corleto, Esq. (CT 13520)
      Anupam R. Pertab, Esq.   (CT 26256)
      CORLETO & ASSOCIATES, P.C.
      107 Mill Plain Road, Suite 200
      Danbury, CT 06811
      (203)790-7540
      Juris No. 412229

7

ORDER

The foregoing Reply to Motion having come before the Court, it is hereby ordered:

GRANTED:_____

DENIED:_____


                          BY THE COURT


                          _____
                          JUDGE/CLERK OF THE COURT

8

CERTIFICATION

It is hereby certified that a copy of the foregoing **REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S 11/17/04 MOTION FOR A PROTECTIVE ORDER [DOC. #80]** was mailed postage pre-paid, to all counsel of record, pro se parties of record and non appearing parties on December 14, 2004 as follows:

Mr. Stephen Ceslik (Via DHL)
478 Milford Point Rd. Apt. A
Milford, CT 06460

_____
Anupam R. Pertab

T:\Lex0114CT\Suit\pld.37.wpd

9