UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| STEPHEN CESLIK | : | | |
| | : | | |
| Plaintiff, | : | NO. | 3:03cv450 (MRK) |
| | : | | |
| v. | : | | |
| | : | | |
| BARBERINO BROTHERS, INC. | : | | |
| | : | | |
| Defendant. | : | | |

## RULING

On June 14, 2005, the parties in the above-captioned case reported it settled. Judgment entered pursuant to Federal Rule of Civil Procedure 41(b) on August 24, 2005. Although the settlement resulted in the closure of the case, Plaintiff Stephen Ceslik has since sent the Court a letter, construed as a Motion for Sanctions [doc. #102], which asks the Court to "take appropriate disciplinary action against [Defendant's] Attorney Anthony B. Corleto," for "five lies told right in your Honor's face."

As a preliminary matter, the Court notes that its authority to take disciplinary action is not altered by the closure of the underlying case "because the imposition of sanctions is an issue collateral to and independent from the underlying case." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990) (a district court retains jurisdiction to impose sanctions after plaintiff voluntarily dismisses action).

However, in the Court's view, allegations of ethical misconduct such as those at issue here are better addressed by the disciplinary machinery of the courts rather than an individual presiding judge in a pending (or even resolved) case, except where the movant

advances evidence that the alleged misconduct has tainted the judicial process in some material manner. *See, e.g*, *Bottaro v. Hatton Associates*, 680 F.2d 895, 896-97 (2d Cir. 1982) (explaining that the goal of "correct[ing] all possible ethical conflicts," "cannot be attained through rulings in the course of litigation without inviting the wholesale filing of motions for tactical reasons," and concluding that "[w]here a threat of tainting the trial does not exist, therefore, the litigation should proceed, the remedy for unethical conduct lying in the disciplinary machinery of the state and federal bar" (internal quotation marks and citation omitted)); *W.T. Grant Co. v. Haines*, 531 F.2d 671, 677 (2d Cir. 1972) ("The business of the court is to dispose of litigation and not to act as a general overseer of the ethics of those who practice here unless the questioned behavior taints the trial of the cause before it.. . . If [opposing counsel] is guilty of professional misconduct . . . the appropriate forum is the Grievance Committee of the bar association." (internal citation omitted)). In this case, Mr. Ceslik voluntarily agreed to a settlement that led to dismissal of his action, and he has neither suggested that the settlement was in any way tainted by the incidents fuelling his current complaint, nor requested that his case be reopened on the basis of the alleged deceptions.

Normally, therefore, given the nature of his complaints regarding Mr. Corleto, the Court would refer Mr. Ceslik to the Grievance Committee. In this instance, however, Mr. Ceslik's complaint has already been considered *and dismissed* by the Grievance Committee. Nonetheless, Mr. Ceslik asks the Court to revisit his allegations of attorney misconduct on the ground that the Committee did not reach the merits of his claims but rather "threw the matter back to this court." Motion for Sanctions [doc. #102].

The Court disagrees. Although the Committee (somewhat puzzlingly in view of the above cited precedents) opined that "the claims [Mr. Ceslik] has made . . . are more properly addressed in the underlying lawsuit," it nonetheless clearly reached the merits of Mr. Ceslik's claims. The Committee's Recommendation makes it clear that it held a hearing at which Mr. Ceslik and defense counsel Attorneys Corleto and Eaton all testified. Corrected Recommendation of Grievance Committee (Oct. 12, 2005), unlabeled exhibit attached to Plaintiff's Motion for Sanctions [doc. #102]. The Committee "reviewed Mr. Ceslik's complaint and supplemental submissions as well as submissions by Attorneys Corleto and Eaton." *Id.* Having considered all the evidence, however, the Committee concluded that "[t]he complaint and supplemental submissions by Mr. Ceslik do not set forth any claim of ethical misconduct which can be sustained by clear and convincing evidence." *Id.* Hence, "[b]ased upon its review of all of the submissions, it is the recommendation of the Grievance Committee that this matter be dismissed." *Id.* Thus, it is clear that Mr. Ceslik's claims of misconduct were analyzed and rejected by the proper body – the Grievance Committee, and further review by this Court at this time is unwarranted.

Accordingly, because Mr. Ceslik's complaint of ethical misconduct has been considered and found lacking by the Grievance Committee, and because he has not alleged any taint of the settlement leading to this Court's entry of judgment in his action, the Court DENIES Mr. Ceslik's Motion for Sanctions [doc. #102].

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated in New Haven, Connecticut: March 13, 2006**.